# EXHIBIT C



## COMMONWEALTH OF MASSACHUSETTS
## APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT
## SOUTHERN DISTRICT

NORFOLK, SS.                                                          APPELLATE DIVISION

GREYSTAR MANAGEMENT SERVICES, L.P.,
AS OFFICER OF OR AGENT FOR OWNER RAR2 JEFFERSON
AT DEDHAM STATION MA, INC.
V. NATALIE ANDERSON AND ANDRE BISASOR
Appellate Division No. 15-ADMS-60010
Dedham Division No. 1554SU0026

GREYSTAR MANAGEMENT SERVICES, L.P.,
AS OFFICER OF OR AGENT FOR OWNER RAR2 JEFFERSON
AT DEDHAM STATION MA, INC.
V. NATALIE ANDERSON AND ANDRE BISASOR
Appellate Division No. 15-ADMS-60011
Dedham Division No. 1554SU0028

### DECISION AND ORDER

This summary process action came on to Appellate Division, Southern District, sitting in Fall River, on the defendants' G.L. c. 239, § 5 appeal of the trial court's June 8, 2015 order denying the defendants' motion for waiver of the appeal bond in each case and setting such bond in the amount of $32,000.00 for both cases.

Written and telephone notice was provided to the parties on July 1, 2015 of a hearing before this Division on July 8, 2015. On July 6, 2015, the defendants moved to continue the hearing, which the plaintiff opposed on July 7, 2015. The hearing went forward on July 8, 2015, and only the plaintiff's counsel appeared. Following the hearing, the defendants filed a motion for rehearing on July 9, 2015, and an affidavit in support of the motion on July 10, 2015.

The statutory requirements for waiver of a G.L. c. 239, § 5 bond are indigency of the appellant and a nonfrivolous defense to be presented on appeal. After hearing and upon review of the defendants' written submissions, we are persuaded that while the defendants are indigent, they have failed to raise a defense that is not frivolous. Accordingly,

> It is hereby ORDERED that the Clerk of the Trial Court shall make the following entry on the dockets of the above captioned cases:
>
> (1) The defendants' motion to continue hearing is denied. (2) The defendants' motion for rehearing is denied. (3) The trial court's order of June 8, 2015, setting an appeal bond for both cases in the amount of $32,000.00, is affirmed. (4) The defendants shall also post a bond in the trial court in the amount of $4,780.00, representing two months' rent. (5) The defendants are further ordered to make monthly use and occupancy payments to the plaintiff in the amount of $2,390.00, commencing August 1, 2015, and during the pendency of the appeal.

*Greystar Mgt. Servs., LLP et al. v. Anderson & Bisasor*
Nos. 15-ADMS-60010; 15-ADMS-60011
July 27, 2015
Page 2 of 2

HON. CHRISTOPHER D. WELCH, Justice
HON. KEVIN J. FINNERTY, Justice

DATE: JULY 27, 2015

This certifies that this is the Decision
& Order of the Appellate Division in
this matter. A True Copy, Attest:

*Brien M. Cooper*
Brien M. Cooper, Clerk

# EXHIBIT D

| EXECUTION ON MONEY JUDGMENT | DOCKET NUMBER 1554SU000026 | Trial Court of Massachusetts District Court Department  |
|---|---|---|

| CASE NAME | Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. v. Andre Bisasor |
|---|---|

| JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| Natalie Anderson<br>3000 President's Way<br>#3413<br>Dedham, MA 02026 | Dedham District Court<br>631 High Street<br>Dedham, MA 02026 |
|  | JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED |
|  | Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. |

| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION | FURTHER ORDERS OF THE COURT |
|---|---|
| Donna M. Ashton, Esq.<br>Ashton Law PC<br>28 Church Street<br>Suite #10<br>Winchester, MA 01890 |  |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. C. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) has recovered judgment against the judgment debtor named above in the amount shown below:

**WE COMMAND YOU**, therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| 1. Judgment Total | 32,423.31 |
|---|---|
| 2. Date Judgment Entered | 05/27/2015 |
| 3. Date Execution Issued | 08/07/2015 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 72 |
| 5. Annual Postjudgment Interest Rate | 0.12 |
| 6. Postjudgment Interest from Judgment to Execution *(lines 1x4x5)* | $768.04 |
| 7. Postjudgment Costs *(if any)* | $ |
| 8. Credits *(if any)* | $ |
| 9. **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $33,191.35 |
| LEVYING OFFICER: (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE | DATE EXECUTION ISSUED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|---|
| WITNESS: Hon. Michael J Pomarole | 08/07/2015 | X *[signature]* |

| EXECUTION ON MONEY JUDGMENT | DOCKET NUMBER<br>1554SU000026 | Trial Court of Massachusetts<br>District Court Department  |
|---|---|---|

**CASE NAME** Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. v. Andre Bisasor

| JUDGMENT DEBTOR AGAINST WHOM EXECUTION IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| Andre Bisasor<br>3000 President's Way<br>#3413<br>Dedham, MA 02026 | Dedham District Court<br>631 High Street<br>Dedham, MA 02026 |
| | JUDGMENT CREDITOR(S) IN WHOSE FAVOR EXECUTION IS ISSUED |
| | Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. |
| JUDGMENT CREDITOR (OR CREDITOR'S ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>Donna M. Ashton, Esq.<br>Ashton Law PC<br>28 Church Street<br>Suite #10<br>Winchester, MA 01890 | FURTHER ORDERS OF THE COURT |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR (SUBJECT TO THE LIMITATIONS OF G.L. C. 41 § 92) ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The judgment creditor(s) has recovered judgment against the judgment debtor named above in the amount shown below:

**WE COMMAND YOU**, therefore, from out of the value of any real or personal property of such judgment debtor found within your territorial jurisdiction, to cause payment to be made to the judgment creditor(s) in the amount of the "Execution Total" shown below, plus additional postjudgment interest as provided by G.L. c. 235 § 8 on the "Judgment Total" shown below commencing from the "Date Execution Issued" shown below at the "Annual Postjudgment Interest Rate" shown below, and to collect your own fees, as provided by law. This Writ of Execution is valid for twenty years from the "Date Judgment Entered" shown below. It must be returned to the court, along with your return of service, within ten days after this judgment has been satisfied or discharged, or after twenty years if this judgment remains unsatisfied or undischarged.

| | |
|---|---:|
| 1. Judgment Total | 32,423.31 |
| 2. Date Judgment Entered | 05/27/2015 |
| 3. Date Execution Issued | 08/07/2015 |
| 4. Number of Days from Judgment to Execution *(Line 3 - Line 2)* | 72 |
| 5. Annual Postjudgment Interest Rate | 0.12 |
| 6. Postjudgment Interest from Judgment to Execution *(lines 1x4x5)* | $768.04 |
| 7. Postjudgment Costs *(if any)* | $ |
| 8. Credits *(if any)* | $ |
| 9. **EXECUTION TOTAL** *( Lines 1 + 6 + 7, minus Line 8)* | $33,191.35 |
| LEVYING OFFICER: (a) Add daily interest from date execution issued. | |
| (b) Add your fees as provided by law: | |

| TESTE OF FIRST JUSTICE<br>**WITNESS:** Hon. Michael J Pomarole | DATE EXECUTION ISSUED<br>08/07/2015 | CLERK-MAGISTRATE/ASST. CLERK<br>X _[signature]_ |
|---|---|---|

| EXECUTION FOR POSSESSION OF LEASED OR RENTED DWELLING | DOCKET NUMBER 1554SU000026 | Trial Court of Massachusetts District Court Department Summary Process Session |
|---|---|---|

**CASE NAME**
Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. v. Andre Bisasor

| DEFENDANT AGAINST WHOM EXECUTION IS ISSUED | COURT NAME & ADDRESS |
|---|---|
| Andre Bisasor<br>3000 President's Way<br>#3413<br>Dedham, MA 02026 | Dedham District Court<br>631 High Street<br>Dedham, MA 02026 |
| Natalie Anderson<br>3000 President's Way<br>#3413<br>Dedham, MA 02026 | **PLAINTIFF(S) IN WHOSE FAVOR EXECUTION IS ISSUED**<br>Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. |
| **PLAINTIFF (OR PLAINTIFF(S) ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION**<br>Donna M. Ashton, Esq.<br>Ashton Law PC<br>28 Church Street<br>Suite #10<br>Winchester, MA 01890 | **FURTHER ORDERS OF THE COURT** |

**SUBJECT DWELLING PREMISES**
3000 President's Way #3413, Dedham, MA 02026

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The plaintiff(s) named above has recovered judgment against the defendant named above for possession of the subject premises shown above, which were leased or rented for dwelling purposes.

**WE COMMAND YOU**, therefore, subject to the requirements of G.L. c. 235 § 23 and G.L. c. 239, § 3, to cause the plaintiff(s) to have possession of the premises shown above without delay.

This Writ of Execution is **VALID FOR THREE CALENDAR MONTHS ONLY**. It may not be levied upon if any underlying money judgment for non-payment of rent, along with any use and occupancy accruing since the date of judgment, has been fully satisfied. It must be returned to the clerk-magistrate's office of this court, along with your return of service, within ten days after this judgment for possession has been satisfied or discharged, or after three calendar months if this judgment remains unsatisfied or undischarged.

| TESTE OF FIRST JUSTICE<br>WITNESS: Hon. Michael J Pomarole | DATE EXECUTION ISSUED<br>08/07/2015 | CLERK-MAGISTRATE/ASST. CLERK<br>X _[signature]_ |
|---|---|---|

**RETURN OF SERVICE**

☐ Pursuant to this writ, I have caused the plaintiff(s) to have possession of the subject premises.

☐ After notice the defendant(s) vacated the subject premises voluntarily.

☐ I have physically removed the defendant(s) and his/her/their personal possessions from the subject premises.

☐ I have not caused the plaintiff(s) to recover possession of these premises pursuant to this writ because:

| DATE & TIME WRIT SERVED | DATE OF RETURN | CONSTABLE/DEPUTY SHERIFF<br>X |
|---|---|---|