# EXHIBIT E

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                    DISTRICT COURT DEPARTMENT
DEDHAM DISTRICT COURT - DEDHAM DIVISION

2015 AUG -7 PM 4:23

| | |
|---|---|
| GREYSTAR MANAGEMENT SERVICES LP, As agent for owner RAR2 JEFFERSON AT DEDHAM STATON – MA, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> ANDRE BISASOR; NATALIE ANDERSON, <br><br> Defendants. | SUMMARY PROCESS DOCKET NO: 1554SU000026 & 1554SU000028 <br><br> Motion Denied <br><br> MK 8-10-15 |

### EMERGENCY MOTION TO STAY THE LEVY OF THE EXECUTION FOR POSSESSION AND DAMAGES

We, Andre Bisasor and Natalie Anderson, the tenant-defendants in this case, hereby request this Court to stay the levy of the execution for possession and damages under M.G.L. c. 239, applicable rules, and the court's equitable powers for the following reasons:

1. Defendants have initiated an appeal and an appeal is pending in the Appeals Court.

2. Defendants are prosecuting an appeal, in the Appeals Court, of the dismissal of the appeal due to a denial of the waiver of the appeals bond.

3. Defendants are requesting a stay until the appeals court has the opportunity to hear the matter on the appeal bond.

4. If the Appeals Court grants our appeal, then it would make no sense for defendants to have already been evicted.

5. If the Appeals court grants our appeal, then the appeal bond waiver would be in effect and the execution should have been stayed.

# EXHIBIT F

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT CLERK'S OFFICE
John Adams Courthouse
One Pemberton Square, Suite 1200
Boston, Massachusetts 02108-1705
(617) 725-8106

August 17, 2015

Donna M. Ashton, Esquire
28 Church Street
Suite #10
Winchester, MA 01890

RE: No. 2015-J-0306
    Lower Ct. No.: 1554SU000026 & 1554SU000028

GREYSTAR MANAGEMENT SERVICE, LP
    vs.
ANDRE BISASOR & another [1]

NOTICE OF DOCKET ENTRY

Please take note that on August 17, 2015, the following entry was made on the docket of the above-referenced case:

ORDER: The defendants filed a motion seeking to stay levy on the execution on the judgment for possession of two apartments in a building managed by the plaintiff. This Court briefly stayed levy on the execution and scheduled a hearing on the defendants' motion. After review of the parties' submissions and a hearing, the defendants' motion for a stay pending their appeal is DENIED.

To obtain a stay pending resolution of their appeal, the defendants would have to demonstrate, inter alia, a likelihood of success on the merits of their appeal. See Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609 (1980). The defendants have failed to do so here. The defendants pending appeal is from the dismissal of their appeal occasioned by their failure to pay the required appeals bond. While such an appeal is properly brought before a panel of this Court, see Erickson v. Somers, 446 Mass. 1015 (2006), the defendants have not shown that their appeal, though procedurally correct, is likely to be successful. To succeed the defendants would have to demonstrate, at a minimum, that they have a nonfrivolous defense to the default. Following review of the defendants' submission and the District Court docket, the court cannot discern any indication that the District Court judge abused his discretion when he entered the default. Accordingly, the motion is denied. The stay currently in place shall expire at the end of the day on August

27, 2015. The plaintiff may levy on the execution on Friday, August 28, 2015 without the need for any further notice to the defendants. (Katzmann, J.). *Notice/Attest/Ziemian, J.

Footnote

1. Natalie Anderson

>Very truly yours,
>
>The Clerk's Office

Dated: August 17, 2015

To: Donna M. Ashton, Esquire
Andre Bisasor
Natalie Anderson
Dedham District Court