# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In Re: ) | |
| ) | |
| Andre Bisasor, ) | Chapter 13 |
| ) | Case No. 15-13369 |
| Debtor ) | |

Proposed Order
<u>Apartment #3413</u>

This matter came before the Court on the Objection to Debtor's Certification Pursuant to 11 U.S.C. § 362(*l*)(1)(A) or in the alternative Request for Relief (Objection/Request) by Greystar Management Services, L.P. as agent for owner RAR2-Jefferson at Dedham Station MA, Inc. (Greystar), a creditor in the above-captioned proceeding with respect to property located at 3000 Presidents Way, Unit #3413, Dedham, Massachusetts (Leased Premises).

1. In the Objection/Request, Greystar objects to Debtor's 11 U.S.C. §362(*l*)(1)(A) certification.

2. The owner of the Leased Premises is RAR2-Jefferson at Dedham Station MA, Inc., for which Greystar is the managing agent.

3. There is a prepetition Judgment for Possession for the Leased Premises in favor of Greystar, issued by the Dedham District Court on May 27, 2015 (Prepetition Judgment for Possession).

4. Greystar has submitted an Affidavit asserting that it will refuse any payment of full satisfaction of the money judgment underlying the Prepetition Judgment for Possession for the Leased Premises, such refusal being permitted by MGL ch. 239 § 3.

5. As a result, there are no circumstances under which Debtor will be permitted to cure the monetary default that gave rise to the Prepetition Judgment for Possession for the Leased Premises and Debtor's 11 U.S.C. §362(*l*)(1)(A) certification is inaccurate.

6. The Court therefore upholds Greystar's Objection and 11 U.S.C. § 362(b)(22) applies immediately and relief from the automatic stay is not be required to enable Greystar to complete the process to recover full possession of the Leased Premises.

7. In the alternative, good cause exists to grant Greystar relief from the automatic stay pursuant to 11 U.S.C. § 362(d) as against Debtor.

8. Due and adequate notice of the Objection/Request was given to Debtor.

Consequently, it is ORDERED that:

A. Greystar's Objection to Debtor's 11 U.S.C. § 362(*l*)(1)(A) certification is upheld and Greystar is entitled to immediately complete the process to recover full possession of the Leased Premises; and in the alternative

B. Greystar is granted relief pursuant to 11 U.S.C. § 362(d) from the automatic stay so that it may immediately enforce its rights under the Judgment for Possession for the Leased Premises.

Approved and so ordered,

_____

U.S. Bankruptcy Judge