## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| ) | |
| ) | |
| Andre Bisasor, ) | Chapter   13 |
| ) | Case No.  15-13369 |
| Debtor ) | |
| ) | |

OBJECTION TO DEBTOR'S CERIFICATION PURSUANT TO 11 U.S.C. 362(*l*)(l)(A)
*OR IN THE ALTERNATIVE*
GREYSTAR MANAGEMENT SERVICES LP AS AGENT FOR OWNER RAR2 JEFFERSON
AT DEDHAM STATION MA INC. REQUEST FOR RELIEF FROM THE AUTOMATIC
STAY REGARDING APARTMENT #2216

**(EXPEDITED DETERMINATION REQUESTED)**

TO THE HONORABLE JOAN N. FEENEY, BANKRUPTCY JUDGE FOR THE
REFERENCED MATTER:

Now comes Greystar Management Services LP as agent for Owner RAR2 Jefferson at

Dedham Station MA Inc. ("Greystar"), a creditor in the above-captioned proceeding, and hereby

respectfully objects to the Debtor's Certification pursuant to 11 U.S.C. §362(*l*)(1)(A).  The

Debtor's certification fails for numerous reasons including (1) the underlying judgment for

Apartment #2216 did not arise from a monetary default; (2) the Debtor fails to list 2000

Presidents Way Unit #2216, Dedham Massachusetts on the petition or declaration and (3) the

Debtor has failed to include with the petition any rent that would become due during the 30 day

period after the filing of the petition, therefore the Debtor cannot comply with the requirements

of 11 U.S.C. §362(*l*)(1)(A).

Alternatively, in the event that this Court finds that the Defendant is entitled to the

protections of 11 U.S.C. §362(*l*)(1)(A) Greystar respectfully moves this Court for Relief from the

Automatic Stay, so as to permit the movant to exercise and pursue all of the rights and remedies

available to it in accordance with state law, including, but not limited to, recovery of possession

of the temporary apartment located at 2000 Presidents Way, Unit #2216, Dedham, MA

("Temporary Premises") and in a companion filing possession of the Debtor's listed residence

located at 3000 Presidents Way, Unit #3413, Dedham, MA ("Leased Premises").

As reasons therefore, Greystar states:

1. On August 27, 2015 at 4:51 p.m. the Debtor filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code.  As a result, an order of relief was entered and all proceedings against the Debtor and his estate were stayed pursuant to 11 U.S.C. § 362(a).

2. Greystar is the Plaintiff in Greystar Management Services LP as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. v. Andre Bisasor and Natalie Anderson, Dedham District Court, Docket No. 15-SU-0028 for the Temporary Premises which was served upon the Debtor on February 2, 2015 and entered on February 9, 2015 seeking to evict the Debtor from his apartment due to his failure to vacate pursuant to a lawful notice terminating tenancy.

3. Greystar terminated the Lease for the premises by Notice to Quit on December 29, 2014. There is no possibility that movant would re-instate this tenancy with the Debtor.

4. The Debtor failed to appear at a Hearing, the Court defaulted the Debtor and Judgment entered for the Plaintiffs on May 27, 2015.  Attached hereto **Exhibit A** (Judgment) and **Exhibit B** (Memorandum of the Honorable Judge Ziemian for Decision Concerning Entry of Default Judgment).

5. The Judgment for the Temporary Premises did not include any monetary amount, as it was based on the Debtor's failure to vacate and not based on failure to pay use and occupancy/rent.

6. Debtor filed a Notice of Appeal regarding the entry of default and a request for a waiver of the appeal bond on June 8, 2015.  The appeal bond waiver was denied and the bond was set by the court on June 8, 2015 in the amount of the $32,000.00 representing 13 months of rent that were unpaid by the Debtor for the Leased Premises.

7. The Debtor requested a review of the appeal bond pursuant to MGL ch. 239 §5 and that hearing was held on July 8, 2015 at which time the Appellate Division upheld the waiver denial, increased the bond to reflect an additional two months of rent and required payment of use and occupancy during the pending appeal.  Attached hereto **Exhibit C**.

8. The Debtor failed to post the bond and the Execution issued on August 7, 2015.  Attached hereto **Exhibit D**.

2

9. The Debtor was served with more than 48 hours notice that the levy was to take place on Wednesday August 12, 2015. The Debtor sought a stay of Execution in the Dedham District Court and filed a Notice of Appeal on August 7, 2015. The stay request was denied on August 10, 2015. Attached hereto **Exhibit E.**

10. The Debtor sought relief from the Appeals Court on August 11, 2015. A temporary stay was imposed until a full hearing on August 14, 2015, at which time the Honorable Judge Katzman denied the request, but held the temporary stay in place until August 27, 2015, allowing Greystar to levy on Friday August 28, 2015 without further constable notice. Attached hereto **Exhibit F.**

11. The Debtor filed an Emergency Petition in the Supreme Judicial Court on August 27, 2015 seeking relief pursuant MGL ch 211 §3, which was denied by the Honorable Judge Duffly at approximately 4:00 p.m.. Attached hereto **Exhibit G.**

12. According to the United States Bankruptcy Court Docket, the Debtor filed the present Bankruptcy Petition on August 27, 2015 at 4:51 p.m., included with that petition was a Certification of Intent to Cure Monetary Default for Residential Property and Rental Deposit in which the Debtor claims that "under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was enter".

13. Similar to the holdings of In re Soto, 500 B.R. 679 (Bankr. S.D.N.Y. 2013) and In re Griggsby, 404 B.R. 83 (Bankr. S.D.N.Y. 2009) where a Debtor's underlying case for possession is based on a non-monetary basis 11 U.S.C. §362($l$)(1)(A) does not apply.

14. Further, as the Griggsby case held, "where state court litigation is not pending or in the cards, or where the debtor has failed to show any basis for a belief that the state court will grant relief, the prepetition termination of the landlord-tenant relationship will at least normally provide cause for relief from the stay." Id at 93-94.

15. As indicated above and in the attached Exhibits from the District Court, Appellate Division, Appeals Court and Supreme Judicial Court of Massachusetts, the Debtor has failed to demonstrate that he has a non-frivolous defense and all of the above State Courts have declined to grant relief from the pending eviction action.

16. The Debtor should not be allowed to file bankruptcy as a means to postpone eviction, after exhausting all of his State Appellate rights seeking to postpone the levy. Furthermore, the Debtor holds no equity in the property, and the premises are not necessary to an effective reorganization.

WHEREFORE, Greystar respectfully requests that this Court:

A. Sustain Greystar's Objection to the Certification under §362(*l*)(3)(A), and order that Section §362(b)(22) shall apply immediately and relief from the stay of §362(a) shall not be required to enable Greystar to complete the process to recover full possession of the Temporary Premises; and in the alternative,

B. Enter an order affording it relief from the automatic stay in order to allow Movant to exercise any and all of its rights and remedies under state law, including, but not limited to, taking possession of the Temporary Premises forthwith.

Respectfully submitted
Greystar Management Services LP
as agent for owner RAR2-Jefferson at
Dedham Station MA, Inc.
By its attorneys,
ASHTON LAW, P.C

Donna M. Ashton
BBO# 634984
28 Church Street, Suite 10
Winchester, Massachusetts 01890
(781) 756-6600
dma@ashton-law.com

Dated: September 2, 2015

4

## CERTIFICATE OF SERVICE

I, Donna M. Ashton, hereby certify that on this 2nd day of September, 2015, a copy of the foregoing,

OBJECTION TO DEBTOR'S CERIFICATION PURSUANT TO 11 U.S.C. 362(*l*)(l)(A)
*OR IN THE ALTERNATIVE*
GREYSTAR MANAGEMENT SERVICES LP AS AGENT FOR OWNER RAR2 JEFFERSON AT DEDHAM STATION MA INC. REQUEST FOR RELIEF FROM THE AUTOMATIC STAY REGARDING APARTMENT #2216
(EXPEDITED DETERMINATION REQUESTED)

And

PROPOSED ORDER

were served upon the following parties of interest by emailing a copy and mailing a copy, first class, postage prepaid to the following:

Trustee:

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P.O Box 8250
Boston, MA 02114
cbankowski@ch13boston.com

Debtor:

Andre Bisasor
3000 Presidents Way, Apt. #3413
Dedham, Ma Suite 02026
quickquantum@aol.com

Assistant US Trustee:

John P. Fitzgerald
John. W. McCormack Post Office and Court House
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3945

_____
Donna M. Ashton, Esq.