# EXHIBIT A

| JUDGMENT FOR PLAINTIFF(S) FOR POSSESSION AND RENT | DOCKET NUMBER<br>1554SU000028 | Trial Court of Massachusetts<br>District Court Department<br>Summary Process Session  |
|---|---|---|
| Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. v. Andre Bisasor ||| 
| SUBJECT PREMISES<br>2000 President's Way #2216, Dedham, MA 02026 ||| 
| PLAINTIFF(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. || COURT NAME & ADDRESS<br>Dedham District Court<br>631 High Street<br>Dedham, MA 02026 |
| DEFENDANT(S) WHO ARE PARTIES TO THIS JUDGMENT<br>Andre Bisasor<br>Natalie Anderson || NEXT COURT EVENT (IF ANY)<br>Status Review<br><br>06/08/2015 at 09:00 AM<br>Summary Process Session |
| ATTORNEY (OR PRO SE PARTY) TO WHOM THIS COPY OF JUDGMENT IS ISSUED<br>Donna M. Ashton, Esq.<br>Ashton Law PC<br>28 Church Street<br>Suite #10<br>Winchester, MA 01890 || FURTHER ORDERS OF THE COURT |

### JUDGMENT FOR PLAINTIFF(S) FOR POSSESSION AND RENT

On the above action, after default, the issues having been duly tried or heard, and a finding or verdict having been duly rendered, IT IS ORDERED AND ADJUDGED by the Court (Hon. Robert P Ziemian) that the plaintiff(s) named above recover of the Defendant(s) named above possession of the subject premises shown above and, for unpaid rent, use and occupation, the "Judgment Total" shown below plus other costs as may be taxed pursuant to law, with postjudgment interest thereon pursuant to G.L. c. 235, § 8 at the "Annual Interest Rate" shown below from the "Date Judgment Entered" shown below until the date of payment.

### NOTICE OF ENTRY OF JUDGMENT

Pursuant to Mass. R. Civ. P. 54, 58, 77(d) and 79(a) and Uniform Summary Process Rule 10(d), this Judgment has been entered on the docket on the "Date Judgment Entered" shown below, and this notice is being sent to all parties.

| | |
|---|---|
| 1. Date of Breach, Demand or Complaint | 02/11/2015 |
| 2. Date Judgment Entered | 05/27/2015 |
| 3. Number of Days of Prejudgment Interest *(line 2 - Line1)* | 105 |
| 4. Annual Interest Rate of 0.12/365.25 = Daily Interest rate | .000329 |
| 5. Single Damages | $ |
| 6. Prejudgment Interest *(lines 3x4x5)* | $ |
| 7. Double or Treble Damages Awarded by Court *(where authorized by law)* | $ |
| 8. Costs Awarded by Court | $.00 |
| 9. Attorney Fees Awarded by Court *(where authorized by law)* | $ |
| 10. **JUDGMENT TOTAL PAYABLE TO PLAINTIFF(S)**<br>*(Lines 5+6+7+8+9)* | $0.00 |

| DATE JUDGMENT ENTERED | CLERK-MAGISTRATE/ASST. CLERK |
|---|---|
| 05/27/2015 | X *[signature]* |

021    www.mass.gov/courts    Date/Time Printed: 05-27-2015 11:11:59

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURT DEPARTMENT OF THE TRIAL COURT

NORFOLK, ss.                                            DEDHAM DIVISION

GREYSTAR MANAGEMENT
SERVICES LP as agent for
RAR2 JEFFERSON AT DEDHAM
STATION-MA, INC.,
        Plaintiff

                                               DOCKET NO. 1554 SU 0026
                                               DOCKET NO. 1554 SU 0028

v.

ANDRE BISASOR and
NATALIE ANDERSON,
        Defendants

## MEMORANDUM OF DECISION CONCERNING
## ENTRY OF DEFAULT JUDGMENT

From an examination of the court papers and filings, the court makes the following findings:

1. The Entry Date in these cases was 9 February 2015, with an intended trial date of 19 February 2015.

2. The case was not tried on 19 February 2015 and after a series of events, (i.e. motions, agreements to continue the trial and various filings), the case was scheduled for trial on 14 May 2015 and marked to have no further continuances.

3. On Monday, 11 May 2015, the defendant filed discovery that would ordinarily continue the case for two weeks.

4. Numerous motions were then filed by both plaintiff and defendants in both cases.

5. However, despite Judge Pomarole's order that the cases be tried on 14 May with no further continuances, a visiting Judge allowed the cases to be continued again until 28 May 2015 for trial.

6. At this point, the cases were specially assigned to this Court to be tried on 28 May 2015.

7. The parties appeared on 21 May 2015 for the court to consider all pretrial matters prior to the trial date, and the court at that time informed all parties that the case would proceed on 28 May 2015 for jury or non-jury waived trial with again no further continuances.

8. On 21 May 2015, court congestion did not allow all pretrial matters to be completed and the court ordered both parties to appear on 26 May 2015 to dispose of all pretrial matters/motions and that the case would be tried on 28 May 2015 until completed.

9. On 21 May 2015 the defendant Andre Bisasor did complain of illness. The court observed no signs of illness and in fact, the defendant appeared to be in good health and argued especially effectively on that date.

10. On 26 May 2015, neither defendant appeared to complete all pretrial matters. The defendants were defaulted and default judgment entered on 27 May 2015 for possession of the premises in both cases and additionally, for damages in case 1554 SU 0026.

11. At 08:44 am on 26 May 2015, the court received a fax of an Affidavit and Motion with a note on a prescription slip that stated that defendant Bisasor could not appear on 26 May 2015. This note was dated 22 May 2015. The motion requested a minimum of a 10 day continuance of the trial. This motion was denied.

12. On 8 June 2015, the defendants filed numerous motions and a hospital memorandum was provided concerning defendant Andre Bisasor's hospital stay. No objective medical record was provided.

13. The only medical record provided by the defendants was the "discharge and summary", which reflects subjective symptoms.

14. The court finds that the failure of both defendants to appear on 26 May 2015 was a deliberate attempt to further continue the trial of this matter because of the court's earlier order that there be no further continuances of the trial.

Dated: 7/2/15

_____
Hon. Robert Ziemian, Associate Justice