# EXHIBIT C



## COMMONWEALTH OF MASSACHUSETTS
## APPELLATE DIVISION OF THE DISTRICT COURT DEPARTMENT
## SOUTHERN DISTRICT

**NORFOLK, SS.**　　　　　　　　　　　　　　　　　　　　　**APPELLATE DIVISION**

GREYSTAR MANAGEMENT SERVICES, L.P.,
AS OFFICER OF OR AGENT FOR OWNER RAR2 JEFFERSON
AT DEDHAM STATION MA, INC.
V. NATALIE ANDERSON AND ANDRE BISASOR
Appellate Division No. 15-ADMS-60010
Dedham Division No. 1554SU0026

GREYSTAR MANAGEMENT SERVICES, L.P.,
AS OFFICER OF OR AGENT FOR OWNER RAR2 JEFFERSON
AT DEDHAM STATION MA, INC.
V. NATALIE ANDERSON AND ANDRE BISASOR
Appellate Division No. 15-ADMS-60011
Dedham Division No. 1554SU0028

### DECISION AND ORDER

This summary process action came on to Appellate Division, Southern District, sitting in Fall River, on the defendants' G.L. c. 239, § 5 appeal of the trial court's June 8, 2015 order denying the defendants' motion for waiver of the appeal bond in each case and setting such bond in the amount of $32,000.00 for both cases.

Written and telephone notice was provided to the parties on July 1, 2015 of a hearing before this Division on July 8, 2015. On July 6, 2015, the defendants moved to continue the hearing, which the plaintiff opposed on July 7, 2015. The hearing went forward on July 8, 2015, and only the plaintiff's counsel appeared. Following the hearing, the defendants filed a motion for rehearing on July 9, 2015, and an affidavit in support of the motion on July 10, 2015.

The statutory requirements for waiver of a G.L. c. 239, § 5 bond are indigency of the appellant and a nonfrivolous defense to be presented on appeal. After hearing and upon review of the defendants' written submissions, we are persuaded that while the defendants are indigent, they have failed to raise a defense that is not frivolous. Accordingly,

> It is hereby ORDERED that the Clerk of the Trial Court shall make the following entry on the dockets of the above captioned cases:
>
> (1) The defendants' motion to continue hearing is denied. (2) The defendants' motion for rehearing is denied. (3) The trial court's order of June 8, 2015, setting an appeal bond for both cases in the amount of $32,000.00, is affirmed. (4) The defendants shall also post a bond in the trial court in the amount of $4,780.00, representing two months' rent. (5) The defendants are further ordered to make monthly use and occupancy payments to the plaintiff in the amount of $2,390.00, commencing August 1, 2015, and during the pendency of the appeal.

*Greystar Mgt. Servs., LLP et al. v. Anderson & Bisasor*
Nos. 15-ADMS-60010; 15-ADMS-60011
July 27, 2015
Page 2 of 2

HON. CHRISTOPHER D. WELCH, Justice
HON. KEVIN J. FINNERTY, Justice

DATE: JULY 27, 2015

This certifies that this is the Decision
& Order of the Appellate Division in
this matter. A True Copy, Attest:

*[signature]*
Brien M. Cooper, Clerk

# EXHIBIT D

| EXECUTION FOR POSSESSION OF LEASED OR RENTED DWELLING | DOCKET NUMBER 1554SU000028 | Trial Court of Massachusetts District Court Department Summary Process Session |
|---|---|---|
| CASE NAME Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. v. Andre Bisasor | | |
| DEFENDANT AGAINST WHOM EXECUTION IS ISSUED<br><br>Andre Bisasor<br>2000 President's Way<br>#2216<br>Dedham, MA 02026<br><br>Natalie Anderson<br>2000 President's Way<br>#2216<br>Dedham, MA 02026 | COURT NAME & ADDRESS<br>Dedham District Court<br>631 High Street<br>Dedham, MA 02026<br><br>PLAINTIFF(S) IN WHOSE FAVOR EXECUTION IS ISSUED<br>Greystar Management Services, L.P. As officer of or agent for Owner RAR2 Jefferson at Dedham Station MA, Inc. | |
| PLAINTIFF (OR PLAINTIFF(S) ATTORNEY) WHO MUST ARRANGE SERVICE OF EXECUTION<br>Donna M. Ashton, Esq.<br>Ashton Law PC<br>28 Church Street<br>Suite #10<br>Winchester, MA 01890 | FURTHER ORDERS OF THE COURT | |
| SUBJECT DWELLING PREMISES<br>2000 President's Way #2216, Dedham, MA 02026 | | |

**TO THE SHERIFFS OF THE SEVERAL COUNTIES OR THEIR DEPUTIES, OR ANY CONSTABLE OF ANY CITY OR TOWN WITHIN THE COMMONWEALTH:**

The plaintiff(s) named above has recovered judgment against the defendant named above for possession of the subject premises shown above, which were leased or rented for dwelling purposes.

**WE COMMAND YOU**, therefore, subject to the requirements of G.L. c. 235 § 23 and G.L. c. 239, § 3, to cause the plaintiff(s) to have possession of the premises shown above without delay.

This Writ of Execution is **VALID FOR THREE CALENDAR MONTHS ONLY**. It may not be levied upon if any underlying money judgment for non-payment of rent, along with any use and occupancy accruing since the date of judgment, has been fully satisfied. It must be returned to the clerk-magistrate's office of this court, along with your return of service, within ten days after this judgment for possession has been satisfied or discharged, or after three calendar months if this judgment remains unsatisfied or undischarged.

| TESTE OF FIRST JUSTICE<br>WITNESS: Hon. Michael J Pomarole | DATE EXECUTION ISSUED<br>08/07/2015 | CLERK-MAGISTRATE/ASST. CLERK<br>X Abigail Bryan (signature) |
|---|---|---|

**RETURN OF SERVICE**

☐ Pursuant to this writ, I have caused the plaintiff(s) to have possession of the subject premises.

   ☐ After notice the defendant(s) vacated the subject premises voluntarily.

   ☐ I have physically removed the defendant(s) and his/her/their personal possessions from the subject premises.

☐ I have not caused the plaintiff(s) to recover possession of these premises pursuant to this writ because:

| DATE & TIME WRIT SERVED | DATE OF RETURN | CONSTABLE/DEPUTY SHERIFF<br>X |
|---|---|---|