# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) | |
| ) | |
| Andre Bisasor, ) | Chapter 13 |
| ) | Case No. 15-13369 |
| Debtor ) | |

Proposed Order
<u>Apartment #2216</u>

This matter came before the Court on the Objection to Debtor's Certification Pursuant to 11 U.S.C. § 362(*l*)(1)(A) or in the alternative Request for Relief (Objection/Request) by Greystar Management Services, L.P. as agent for owner RAR2-Jefferson at Dedham Station MA, Inc. (Greystar), a creditor in the above-captioned proceeding with respect to property located at 2000 Presidents Way, Unit #2216, Dedham, Massachusetts (Temporary Premises).

1. In the Objection/Request, Greystar objects to Debtor's 11 U.S.C. §362(*l*)(1)(A) certification.

2. The owner of the Temporary Premises is RAR2-Jefferson at Dedham Station MA, Inc., for which Greystar is the managing agent.

3. There is a prepetition Judgment for Possession for the Temporary Premises in favor of Greystar, issued by the Dedham District Court on May 27, 2015 (Prepetition Judgment for Possession).

4. The Prepetition Judgment for Possession for the Temporary Premises has solely a non-monetary basis and is not the result of a monetary default.

5. Therefore, 11 U.S.C. § 362(*l*)(1) does not apply to the Prepetition Judgment for Possession and in any event Debtor's 11 U.S.C. § 362(*l*)(1)(A) certification is incorrect.

1

6. The Court therefore upholds Greystar's Objection and 11 U.S.C. § 362(b)(22) applies immediately and relief from the automatic stay is not be required to enable Greystar to complete the process to recover full possession of the Temporary Premises.

7. In the alternative, good cause exists to grant Greystar relief from the automatic stay pursuant to 11 U.S.C. § 362(d) as against Debtor.

8. Due and adequate notice of the Objection/Request was given to Debtor.

Consequently, it is ORDERED that:

A. Greystar's Objection to Debtor's 11 U.S.C. § 362(*l*)(1)(A) certification is upheld and Greystar is entitled to immediately complete the process to recover full possession of the Temporary Premises; and in the alternative

B. Greystar is granted relief pursuant to 11 U.S.C. § 362(d) from the automatic stay so that it may immediately enforce its rights under the Judgment for Possession for the Temporary Premises.

Approved and so ordered,

_____

U.S. Bankruptcy Judge