UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| IN RE: | ) | |
|     Andre Bisasor | ) | Chapter 13 |
| | ) | Case No.: 15-13369 |
|     Debtor, | ) | |

**EMERGENCY MOTION TO EXTEND THE TIME FOR RESPONDING TO MOTION FOR RELIEF FROM STAY AND TO CONTINUE THE HEARING ON THE MOTION FOR RELIEF FROM STAY**

I, Andre Bisasor, the debtor hereby requests this Honorable Court to extend the deadline for Responding to the Motion for Relief from Stay for 10 days up to and including Friday September 25, 2015 and therefore to also continue the hearing on the Motion for Relief from Stay until the following business day thereafter on Monday September 28, 2015 (or to date/time that works for the court's calendar). Grounds for this request is as follows:

1. On Thursday, August 27, 2015, I filed the chapter 13 case. I did not receive the order to update at that time.

2. On Friday, August 28, 2015, the court placed the order to update in the mail and sent it to my address.

3. On Tuesday, September 1, 2015, I received the order to update that was mailed to me from the court. It stated that the creditor matrix was due on September 2, 2015 and the remaining documents were due on September 11, 2015.

4. On September 1, 2015, I filed a Motion to Extend Time to File Documents asking for 30 days extension (or a date/time the court deemed proper) including an indication that I needed time to secure counsel given the complexity of a chapter 13 case as was advised by a deputy clerk of the bankruptcy court.

5. On Wednesday September 2, 2015, the court allowed the motion in part to file documents until September 23, 2015 (which was about a 12-day extension)

6. On September 2, 2015, Greystar Management Services ("Greystar") filed a Motion for Relief from Stay.

7. On Thursday September 3, 2015, I began reaching out to prospective counsel. However, because of the labor-day holidays were upcoming on September 4 through September 7, 2015, I had trouble contacting prospective lawyers.

8. On Saturday, September 5, 2015 (during the labor-day weekend), I was notified by an email from Greystar's counsel that a hearing was set to take place on September 17, 2015 and that an objection was due on September 16, 2015. This effectively gave me about 1 week to find counsel who could address the motion for relief of stay as well as the others aspects of my chapter 13 case.

9. On Tuesday, September 8, 2015 (right after labor-day), one lawyer that I had contacted (who was willing to represent me) indicated that the date of September 17, 2015 posed a schedule conflict for him and the timeline did not work for him (see attached Exhibit 1). This effectively frustrated an opportunity to secure counsel.

10. Since then I have made numerous calls and have met with at least 10 or more lawyers over the past week but almost all have stated that the date of September 16 and 17, 2015 is too short a time for them to get involved especially because of the involvement of the landlord-tenant issue outlined in the motion for relief from stay. All of the attorneys that I have contacted have indicated that they need time and that I should request time to secure counsel before they could take my case. Some examples of lawyers that I contacted but that could not take my case because of the timeline includes: Nina Parker, Gary

Cruickshank, Paul Laroche, Lynne Riley, Anne White, Mark Miller to name a few. See attached email (Exhibit 1).

11. Most recently, in particular, I have contacted attorney David G. Baker, who also appears willing to assist me, but because of his travel schedule and caseload, I will not be able to secure his representation without a modest extension of time.

12. This obstacle in obtaining counsel is largely due to the short timeline involved and the corresponding issues that need to be addressed within that short timeline. My understanding is that in order for a lawyer to take my case, they have a duty to get caught up with the underlying litigation issues that is the subject of the Motion for Relief from Stay. A lawyer will also need time to review my financial affairs and to properly develop an effective and feasible Chapter 13 plan, which is due Wednesday September 23, 2015. If the only thing pending was the September 23, 2015 deadline for filing documents, then the time obstacle to taking my case would be eliminated.

13. Without counsel, I will be at a disadvantage before the court and will likely fail at the chapter 13 process.

14. I have tried earnestly and diligently to secure counsel during the short time I have had, especially under the circumstances including an intervening holiday period.

15. Since the court has already allowed me until Wednesday September 23, 2015 to file documents, I am simply requesting an additional 2 days extension of time (beyond September 23, 2015) to respond to the Motion for Relief from Stay until Friday September 25, 2015. This is a total of 10 days from the due date of the objection on September 16, 2015. I am also asking for until the next business day (with intervening

weekend) until Monday September 28, 2015 to have a hearing on the Motion for Relief from Stay.

16. The court has discretion to schedule the hearing within 30 days of the filing of the Motion for Relief from Stay. If the court grants the extension, it will still be within the 30 days allowed by the rules. It will also be consistent with this Court's prior ruling on my prior Motion for Extension of Time to File Documents and to secure counsel. The current timeline for hearing and objection on the Motion for Relief from Stay does come into conflict, at least to some extent, with the court's prior ruling.

17. There are significant legal issues and factual issues that I need time to adequately prepare for with counsel and there are material issues of fact that are in dispute regarding this motion. For example, the lease/tenancy has not been terminated and also my appellate rights are not exhausted but there are two actions related to my underlying state court cases that is still pending before the full Appeals court and the full bench of the SJC, contrary to opposing counsel's assertions. There are also several misstatements in the Motion for Relief from Stay made by opposing counsel that is intended to mislead this court and I will need time/opportunity, via counsel, to show how opposing counsel has played fast and loose with the facts/truth in order to mislead and influence decisions by other courts and is now attempting to do the same with this court.

18. A short 10-day extension will not prejudice the creditor because I have already paid the bankruptcy court one month's rent and this court has paid the landlord that rent for this month already (and I am prepared to continue paying rent during the stay and to cure the default if allowed by the court).

4

19. I have significant defenses to the Motion for Relief from Stay and I need the help of an attorney to properly articulate a response before this court.

20. I also need time beyond September 17, 2015 to submit a chapter 13 plan as part of that defense (i.e. the deadline to file the chapter 13 plan is September 23, 2015) with the assistance of counsel and I also need time to, via counsel, present evidence that shows that a stay should continue to be allowed based on equity and justice.

21. After a week or more of diligent efforts on my part to try to secure counsel to no avail, this motion is now being filed on an emergency basis.

22. It is not interposed for delay but to allow an opportunity to secure counsel, which will be beneficial to the orderly and fair administration of justice in this matter.

WHEREFORE, I hereby humbly request this Honorable Court to extend the deadline for Responding to the Motion for Relief from Stay for 10 days (up to and including Friday, September 25, 2015) and to continue the hearing on the Motion for Relief from Stay up to and including Monday, September 28, 2015 (or to date/time that works for the court's calendar); and or other relief that the Court deems just proper.

Respectfully Submitted,
The Debtor,

*Andre Bisasor*
Andre Bisasor
3000 Presidents Way #3413
Dedham, MA 02026
781-492-5675

Dated: September 14, 2015

5

## EXHIBIT 1

-----Original Message-----
From: Mark Miller <mark@markmillerlaw.com>
To: 'Andre Bisasor' <quickquantum@aol.com>
Sent: Tue, Sep 8, 2015 9:03 am
Subject: RE: Meeting

Andre,

Hope you are doing well. Per our prior conversation, I reviewed your Chapter 13 case on-line and note that the hearing on Greystar Management Services expedited motion for relief from stay is scheduled for September 17th at 1:00 pm. Unfortunately, I have to be in the Suffolk Probate Court that day and could not attend this hearing if retained. As a result, I believe you may be better off contacting and retaining another attorney who is available and can better assist you with your case at this time.

Thank you for your attention to this matter. Please feel free to contact me if you have any questions.

Sincerely,
Mark W. Miller, Esq.
The Law Office of Mark W. Miller
376 Centre Street
Boston, MA 02130
617-477-3645    Fax: 617-942-2954

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a duplicate copy of the above to be served upon Greystar's attorney by First Class Mail postage prepaid.

*Andre Brasa*
Debtor

Dated: September 14, 2015

US BANKRUPTCY COURT
2015 SEP 14 PM 2 52