## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br><br>Andre Bisasor,<br><br>_____Debtor_____ | )<br>)<br>)<br>)   Chapter  13<br>)   Case No.  15-13369<br>) |

### OBJECTION TO DEBTOR'S EMERGENCY MOTION TO EXTEND THE TIME FOR RESPONDING TO MOTION FOR RELIEF FROM STAY

TO THE HONORABLE JOAN N. FEENEY, BANKRUPTCY JUDGE FOR THE REFERENCED MATTER:

Now comes Greystar Management Services LP as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar"), a creditor in the above-captioned proceeding, and hereby respectfully objects to the Debtor's Emergency Motion to Extend the Time for Responding to Motion for Relief from Stay. As reasons therefore, Greystar states that pursuant to the code it is entitled to a hearing within 10 days, and contrary to the Debtor's suggestion, there is no discretion to extend the hearing day further than the 10 day period.

Greystar filed its objection pursuant 11 U.S.C. §362(*l*)(1)(A) electronically on September 2, 2015. It served the Debtor, by constable and email, with the electronically filed motions the same evening. (See attached Exhibit A). On September 4, 2015, this Court set a hearing date set for Greystar's objection for September 17, 2015, which is already extended beyond the 10 day period for the hearing pursuant to the Code. 11 U.S.C. §362(*l*)(1)(A) states "the court <u>shall</u> hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true." (emphasis added). Greystar is entitled to be heard on its objection.

1

The Debtor chose to file his bankruptcy petition on the date he filed it without the assistance of counsel.  It is clear from the prior procedural posture of the underlying State case that the Debtor's intention was to delay the Execution of the levy for his two apartments, the issue of Greystar's objections.  The Debtor's made numerous attempts in the State Courts to delay the levy of his Execution, and his final appeal to the Supreme Judicial Court of Massachusetts for request for relief from the Execution was again denied at approximately 4:00 p.m. on August 27, 2015.  This court's docket was stamped 4:51 p.m. on August 27, 2015, when the move out was scheduled for August 28, 2015 at 9:00 a.m..  The August 28, 2015 date was set by the Massachusetts Appeals Court after it denied a similar request for relief from the levy of the Execution, but allowed a short period of delay for the Debtor to move himself..  (See attached Exhibits to Greystar's Motion for Relief from Stay).

Greystar is entitled to be heard on why the Debtor's certification fails to entitle him to a stay on Greystar's Execution within the 10 day time period contemplated by the code.

**WHEREFORE**, Greystar respectfully requests that this Court deny the Debtor's requested continuance of both his response filings and the hearing scheduled for September 17, 2015.

Dated: September 15, 2015

Respectfully submitted
Greystar Management Services LP
as agent for owner RAR2-Jefferson at
Dedham Station MA, Inc.
By its attorneys,
ASHTON LAW, P.C

Donna M. Ashton
BBO# 634984
28 Church Street, Suite 10
Winchester, Massachusetts 01890
(781) 756-6600
dma@ashton-law.com

## CERTIFICATE OF SERVICE

I, Donna M. Ashton, hereby certify that on this 15th day of September, 2015, a copy of the foregoing,

OBJECTION TO DEBTOR'S EMERGENCY MOTION TO EXTEND THE TIME FOR RESPONDING TO MOTION FOR RELIEF FROM STAY

were served upon the following parties of interest by emailing a copy and mailing a copy, first class, postage prepaid to the Debtor:

Andre Bisasor
3000 Presidents Way, Apt. #3413
Dedham, Ma Suite 02026
quickquantum@aol.com

_____
Donna M. Ashton, Esq.