US BANKRUPTCY COURT

2015 SEP 15 PM 12 46

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:  )
    Andre Bisasor )  Chapter 13
     ) Case No.: 15-13369
    Debtor, )
     )

## REBUTTAL TO GREYSTAR'S OBJECTION TO DEBTOR'S EMERGENCY MOTION TO EXTEND THE TIME FOR RESPONDING TO MOTION FOR RELIEF FROM STAY AND TO CONTINUE THE HEARING ON THE MOTION FOR RELIEF FROM STAY

I, Andre Bisasor, the debtor hereby rebuts the objection to my Motion for Enlargement of Time to Respond To Motion for Relief from Stay and to Continue Hearing on the Motion for Relief from Stay as follows:

1. Greystar's Filings Are Not Compliant with the Code:
    a. There is no basis for an expedited determination when the Landlord has received rent for this month. She also failed to follow MLBR9013-1 and did not confer with me in putting forward her motion to find out if I would oppose it and to narrow the issues for the court, and other requirement in the Chapter 13 Appendix of Rules. Her motions are thus non-compliant with the code in the first place and she should be required to resubmit her motions to be compliant.
2. Greystar's counsel is attempting to turn my desire and request to get counsel against me.
    a. Greystar's counsel appears not to appreciate that there are many reasons someone driven into bankruptcy might do an initial filing on their own.
    b. It is important to note that I asked this court for time to get counsel on September 1, 2015 which was before Greystar intervened to file its motions in this court on

September 2, 2015. This shows that I was attempting to obtain counsel to assist with this case before Greystar was involved. I was following the recommendation of the deputy clerk who said that I really should get counsel on a chapter 13 case because it is more complicated than a Chapter 7 and that there are more resources available to a chapter 7 pro se filer such as the pro se clinic, which is not available for a Chapter 13 pro se filer.

3. The Code Allows Discretion For A Hearing Date Under The Circumstances:

   a. The code allows thirty days to hear the motion for relief from stay.

   b. The code also allows 10 days to hear the certification. If Greystar wants to have heard only the limited issue of whether the certification is true, then one solution is to have one hearing on the certification and a later hearing on the motion for relief from stay.

   c. Greystar is not entitled to lump the motion for relief from stay into the ten day period for hearing on a certification. Given that Greystar chose to file both the objection and the motion in the same document.

   d. Discretion is allowed given these circumstances.

4. Greystar's Objection To Certification Is Frivolous.

   a. Greystar's counsel has also admitted in its motion and objection that there are circumstances that would allow for a cure of the entire monetary default under non-bankruptcy law. This means her objection is frivolous because she knows that state law provides circumstances that could cure the default, even though greystar would exercise its right to not cooperate with that provision. This hearing on the

objection to certification is a waste of judicial resources and it is why lawyers get a bad name because she still makes the argument with a straight face.

5. Greystar's counsel has again tried to mislead this court in its latest filing.

   a. She failed to mention that the full bench of the SJC has accepted to hear my appeal on the denial of the stay. See attached. This means that right now as this moment, the full bench of the SJC is reviewing whether or not my stay should have been denied pending my appeal to the full bench of the Appeals court.

   b. Greystar's counsel also has failed to mention again that the full bench of the appeals court has pending before my appeal on the denial of the waiver of the bond. See attached.

   c. Greystar's counsel has blatantly lied to this court as shown by the fact she refuses to inform you about the two pending appeals in order to create the false impression that I have exhausted my appellate rights. This is the kind of conduct that I have had to deal with in the state court forcing me to have to now contemplate filing a bar complaint given the numerous unethical actions by this lawyer, who will stop at nothing. Also, this lawyer is the subject an FDCPA claim and so she has an additional motive and vitriol to do whatever it takes to "win". The rulings of the state court were also colored by misrepresentations by counsel. As an attorney she knows that some judges are likely to give her the benefit of the doubt over a pro se litigant. She has used this fact to make misstatement hoping that the judge will never fact check her misrepresentations and she has gotten away with it.

6. Greystar's Motions Are Not About Non-Payment of Rent But About Retaliation And An Attempt To Deny Me My Rights:

   a. Greystar's counsel wants to act quickly to get a move me out before the full appeals court rules on the denial of the bond, and before the full SJ can rule on the denial of the stay pending appeal on the denial of the bond waiver.

   b. The Landlord has indicated its motions before this court that it refuses to accept payment from me to cure the monetary default, which indicates that this case is not about non-payment of rent. It is about the efforts of the landlord to retaliate against me because I am a tenant organizer helping other tenants at the property and because I contacted local government and state authorities to lodge complaints about the bad conditions in my apartment and in the building, exposing the fact that the building is sinking resulting in the State condemning the elevator for fear of catastrophic failure. To further show that the landlord motivations is and never has been about the non-payment of rent, please note that the landlord offered me $80,000 to move out in one week prior to the summary process action, asking me to drop my claims against them (See attached).

   c. She also failed to mention that in mediation, a well-known retired Judge, told the Landlord that I had a viable breach of warranty of habitability claim that could be turned into a class action and that my claims were worth at least the equivalent of the wiping out of all of the non-payment of rent being claimed by the landlord (or more).

   d. Please note that this matter has never been tried in any state court and all I have been doing is trying to get my case tried so that I can have a chance to present my

defense and counterclaims (note: I suffered a default judgment in summary process action because I was hospitalized for three days and missed a status conference hearing, not even the trial. I have tried to get my motion to remove default heard since June 8, 2015 but it has not been ruled upon to this date, 4 months later and I simply have not gotten a fair chance to have my day in court in the lower Dedham district court). I am not a lawyer and Greystar has been skilled at outmaneuvering me in the state courts. This is why I need to have counsel because I am no match by myself for a multibillion property management firm Greystar who is the agent for the trillion dollar owner of the property (Deutsche Bank).

e. Please note that if I had paid the appeal bond in the lower court, Greystar would not be entitled to possession. The issue of waiver of the bond has not been properly adjudicated. This is what my appeals are about and what is pending before the Appeals Court and the SJC.

f. Greystar's counsel fails to tell you that it was a single justice of the appeals court that ruled on the stay pursuant to the appeal bond and denied a stay, not the full bench of the Appeals court. In his ruling, the single justice of the appeals court made a clear error of law when he stated that the criteria for determining whether I will likely prevail in my appeal was having a non-frivolous defense to the entry of default and not a non-frivolous defense to the eviction action. Judge Katzmann agreed that I had nonfrivolous defenses regarding the serious bad conditions of my apartment, among other things, but still refused to employ the right criteria in ignoring those apartment conditions and this defense including a Dedham Board

of Health citation against the Landlord for violations of the sanitation code. The lower courts have also ignored this point, which is laid out clearly in statute GL 239 s 5, and in the landmark appeals court case Tamber vs Derochers. Therefore, this ruling will be reversed because it is clear error of law and this will result in a waiver of the bond and a reversal of the basis for the judgment in the Dedham district court. I just need the opportunity to have these issues properly heard, which the SJC full bench has agreed to do and is now pending.

    g. It is also important to note that Greystar has agreed that I have a non-frivolous defense and has admitted to this in court. Court transcripts reveal this point.

7. Yet Greystar's counsel references the posture of the underlying state court case without giving adequate information about those cases, leaving out critical information in order to present a skewed picture.

8. My intention is not to delay but to protect my legitimate interest in the property which is governed by a lease and is subject to a pending appeal. I have audio and videotape evidence and written documentation proving that I have a valid defense and I have not yet had a chance present this evidence in any court.

9. Greystar has taken an overly aggressive posture as is evidenced by this objection. It will not hurt them to grant a few more days for me to get counsel on the case, and I have already shown diligent efforts to retain counsel to no counsel.

10. Because I am a tenant organizer, the landlord is trying vociferously to get me out. Greystar's counsel told Judge Katzmann, the single justice of the Appeals Court, that she wants to prevent me from exercising my right to appeal to the SJC.

11. She is doing a race to the courthouse to stop me because she knows that once the matter is properly reviewed it will be shown that I have a non-frivolous defense.

12. Greystar's Counsel would simply prefer that I not have the assistance of counsel, eventhough she knows this is better for the court in terms of the management of this case.

13. A short 9-day extension will not prejudice the creditor because I have already paid the bankruptcy court one month's rent and this court has paid the landlord that rent for this month already (and I am prepared to continue paying rent during the stay and to cure the default if allowed by the court).

14. In the alternative, I would be willing to go with a date of September 23, 2015 as a date of extension, which was the original date that the court allowed me to file documents and to get counsel, prior to the filing of Greystar.

WHEREFORE, I hereby humbly request this Honorable Court to extend the deadline for Responding to the Motion for Relief from Stay and to continue the hearing on the Motion for Relief from Stay; and or other relief that the Court deems just proper.

Respectfully Submitted,
The Debtor,

*Andre Bisasor*
Andre Bisasor
3000 Presidents Way #3413
Dedham, MA 02026
781-492-5675

Dated: September 15, 2015

## CERTIFICATE OF SERVICE

US BANKRUPTCY COURT
2015 SEP 15 PM 12 46

I hereby certify that I have caused a duplicate copy of the above to be served upon Greystar's attorney by First Class Mail postage prepaid.

_Andre Bipper_
Debtor

Dated: September 15, 2015

Exhibit 1

$80,000 offer from Landlord

**From:** Donna M. Ashton, Esq. <dma@ashton-law.com>
**To:** Andre Bisasor <quickquantum@aol.com>; Natalie Anderson <liberty_6@msn.com>
**Cc:** Carolyn Turner <cmt@ashton-law.com>; Kathleen Leito <KLeito@greystar.com>; Laura Donahue <ldonahue@greystar.com>
**Subject:** Greystar v. Bisasor & Anderson
**Date:** Fri, May 8, 2015 6:11 pm

Dear Mr. Bisasor,

We have considered your latest reply. We reject your offer to pay you $100,000 without you moving out. It is clear from the tenor of your messages that you have a complete distrust of the property manager and the parties' relationship is likely beyond repair. We believe it is in everyone's best interest to sever the parties' ties at this juncture.

We appreciate this is not your preferred resolution. To make it more palatable to you, Greystar will increase its move out offer to you from $15,000 to $30,000. Together with waiver of back rent on 3413 and use and occupancy on 2216, that is a value of about $80,000 to you.

To avoid any misunderstanding, this offer does not suspend the eviction action, which will proceed without continuance.

Donna M. Ashton

************************************************************

This message is intended only for the designated recipient(s). It may contain confidential or proprietary information and may be subject to the attorney-client privilege or other confidentiality protections. If you are not a designated recipient, you may not review, copy or distribute this message. If you receive this in error, please notify the sender by reply e-mail and delete this message. Thank you.
************************************************************

IRS CIRCULAR 230 DISCLOSURE:
To ensure compliance with requirements imposed by the IRS, I inform you that any U.S. tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

# Supreme Judicial Court and Appeals Court of Massachusetts
## Public Case Information



- Case Search
  - Involved Party
  - Docket Number
  - Attorney Appearance
  - Lower Court
  - Lower Court Judge
- Court Calendars
  - SJC Full Court
  - SJC Single Justice
  - AC Full Court
  - AC Single Justice
- More Information
  - Contact Us
  - Comments
  - Helpful Links

Bottom >

## SUPREME JUDICIAL COURT
## for the Commonwealth
## Case Docket

**GREYSTAR MANAGEMENT SERVICE, L.P. vs. ANDRE BISASOR & another**
SJC-11942

### CASE HEADER

| | | | |
|---|---|---|---|
| **Case Status** | No briefs yet filed | **Status Date** | 09/04/2015 |
| **Nature** | Superintendence, c211, s3 | **Entry Date** | 09/04/2015 |
| **Appellant** | Defendant | **Case Type** | Civil |
| **Brief Status** | Awaiting blue brief | **Brief Due** | 10/14/2015 |
| **Quorum** | | | |
| **Argued Date** | | **Decision Date** | |
| **AC/SJ Number** | SJ-2015-0347 | **Citation** | |
| **DAR/FAR Number** | | **Lower Ct Number** | SJ-2015-0347 |
| **Lower Court** | SJC for Suffolk County | **Lower Ct Judge** | Robert P. Ziemian, J. |
| **Route to SJC** | Direct Entry: Appeal from Single Justice Order/Judgment | | |

### INVOLVED PARTY

**Greystar Management Service, L.P**
Plaintiff/Appellee
Awaiting red brief

**Andre Bisasor**
Pro Se Defendant/Appellant
Awaiting blue brief

**Natalie Anderson**
Pro Se Defendant/Appellant
Awaiting blue brief

### ATTORNEY APPEARANCE

Donna M. Ashton, Esquire

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 09/04/2015 | #1 | Entered. Notice to counsel. |
| 09/04/2015 | #2 | Affidavit of indigency of Andre Bisasor and Natalie Anderson. |

< Top

As of 09/11/2015 20:01

Exhibit 3 — *Pending Appeals Court Case*

# Supreme Judicial Court and Appeals Court of Massachusetts
## Public Case Information

- Case Search
  - Involved Party
  - Docket Number
  - Attorney Appearance
  - Lower Court
  - Lower Court Judge
- Court Calendars
  - SJC Full Court
  - SJC Single Justice
  - AC Full Court
  - AC Single Justice
- More Information
  - Contact Us
  - Comments
  - Helpful Links

Bottom >

## APPEALS COURT
### Full Court Panel Case
### Case Docket

**GREYSTAR MANAGEMENT SERVICES, LP vs. NATALIE ANDERSON & another**
2015-P-1194



### CASE HEADER

| | | | |
|---|---|---|---|
| Case Status | No briefs yet | Status Date | 08/31/2015 |
| Nature | Landlord/tenant dispute | Entry Date | 08/31/2015 |
| Sub-Nature | | SJ Number | |
| Appellant | Defendant | Case Type | Civil |
| Brief Status | Awaiting blue brief | Brief Due | 10/13/2015 |
| Panel | | Argued/Submitted | |
| Citation | | Decision Date | |
| Lower Court | Dedham District, NO | TC Number | 1554SU000028 |
| Lower Ct Judge | | TC Entry Date | 02/11/2015 |
| FAR Number | | SJC Number | |

### INVOLVED PARTY / ATTORNEY APPEARANCE

**Greystar Management Services, LP**
Plaintiff/Appellee
Awaiting red brief — Donna M. Ashton, Esquire

**Natalie Anderson**
Pro Se Defendant

**Andre Bisasor**
Pro Se Defendant/Appellant
Awaiting blue brief

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 08/31/2015 | #1 | Affidavit of Indigency (IMPOUNDED) and Motion to Waive entry fee, filed by Andre Bisasor. |
| 08/31/2015 | #2 | Entered. |
| 08/31/2015 | | Notice of entry sent. |
| 09/02/2015 | | RE#1 ALLOWED FORTHWITH. The appellant's Affidavit of Indigency appears regular and complete on its face, and indicates that the appellant is indigent. The court hereby allows the Motion to Waive entry fee. Notice sent. |
| 09/02/2015 | #3 | Affidavit of Indigency, filed by Natalie Anderson. |

# Supreme Judicial Court and Appeals Court of Massachusetts
## Public Case Information



- Case Search
  - Involved Party
  - Docket Number
  - Attorney Appearance
  - Lower Court
  - Lower Court Judge
- Court Calendars
  - SJC Full Court
  - SJC Single Justice
  - AC Full Court
  - AC Single Justice
- More Information
  - Contact Us
  - Comments
  - Helpful Links

Bottom >

## APPEALS COURT
## Full Court Panel Case
### Case Docket

**GREYSTAR MANAGEMENT SERVICES, LP vs. NATALIE ANDERSON & another**
**2015-P-1193**

### CASE HEADER

| | | | |
|---|---|---|---|
| Case Status | No briefs yet | Status Date | 08/31/2015 |
| Nature | Landlord/tenant dispute | Entry Date | 08/31/2015 |
| Sub-Nature | | SJ Number | |
| Appellant | Defendant | Case Type | Civil |
| Brief Status | Awaiting blue brief | Brief Due | 10/13/2015 |
| Panel | | Argued/Submitted | |
| Citation | | Decision Date | |
| Lower Court | Dedham District, NO | TC Number | 1554SU000026 |
| Lower Ct Judge | | TC Entry Date | 02/11/2015 |
| FAR Number | | SJC Number | |

### INVOLVED PARTY

**Greystar Management Services, LP**
Plaintiff/Appellee
Awaiting red brief

**Natalie Anderson**
Pro Se Defendant

**Andre Bisasor**
Pro Se Defendant/Appellant
Awaiting blue brief

### ATTORNEY APPEARANCE

Donna M. Ashton, Esquire

### DOCKET ENTRIES

| Entry Date | Paper | Entry Text |
|---|---|---|
| 08/31/2015 | #1 | Affidavit of Indigency (IMPOUNDED) and Motion to Waive entry fee, filed by Andre Bisasor. |
| 08/31/2015 | #2 | Entered. |
| 08/31/2015 | | Notice of entry sent. |
| 09/02/2015 | | RE#1 ALLOWED FORTHWITH. The appellant's Affidavit of Indigency appears regular and complete on its face, and indicates that the appellant is indigent. The court hereby allows the Motion to Waive entry fee. Notice sent. |
| 09/02/2015 | #3 | Affidavit of indigency, filed by Natalie Anderson. |

*Exhibit 6* — *Case Authority for my Appeal*



## JOJHAR TAMBER vs. WILLIAM DESROCHERS & another.
[Note 1]

45 Mass. App. Ct. 234

January 29, 1998 - July 24, 1998

Middlesex County

Present: KASS, SMITH, & FLANNERY, JJ.

The Appeals Court properly had jurisdiction over an appeal from an order of the Superior Court denying a motion to waive an appeal bond in a summary process action originating in the District Court. [236-237]

The record of proceedings on a motion under G. L. c. 239, s. 5, to waive an appeal bond in a summary process action, including the tenants' affidavits and memoranda, did not support the judge's apparent conclusion (i.e., unsupported by written findings and rulings) that the tenants' defenses and counterclaims to their landlord's complaint were frivolous; the motion should have been allowed. [237-239]

SUMMARY PROCESS. Complaint filed in the Somerville Division of the District Court Department on November 6, 1995.

On appeal to the Superior Court Department, a motion to waive an appeal bond was heard by Catherine A. White, J., and entry of a dismissal of the appeal was ordered by Margot Botsford, J.

Andrew O'Toole for the defendants.

David W. Walsh, III, for the plaintiff.

---

**KASS, J.** In the aftermath of Ford v. Braman, 30 Mass. App. Ct. 968, 970 (1991), in which we held that the only avenue of review of a decision setting a summary process appeal bond is to a full appellate panel, we consider the scope of that review and what minimal findings or explanations, if any, must be made in the District Court and the Superior Court in support of a determination that the defenses raised by the appealing party are frivolous. The statute that we examine is G. L. c. 239, s. 5.

Page 235

We decide that the record does not support a conclusion that the tenants' appeal was frivolous and reverse portions of the order below. As the tenants have moved out, we do not disturb the judgment of possession because it is moot.

1. Prior proceedings. The landlord initiated his summary process action under G. L. c. 239 against the tenants, Janice and William Desrochers, on November 6, 1995. By way of defense

and counterclaim, the tenants adduced evidence of multiple violations of the State Sanitary Code (105 Code Mass. Regs. s. 410); harassment of and threats against the tenants; and failure by the landlord to pay for heat without obtaining the requisite agreement of the tenant as required by 105 Code Mass. Regs. s. 410.190 (1994). Judgment in favor of the landlord for possession, $6,000 in damages, and $148.20 in costs was entered on February 16, 1996, and the tenants timely appealed to the Superior Court, conformably with G. L. c. 239, s.s. 3 and 5. They moved that the District Court judge waive the appeal bond provided for in s. 5 because they were indigent and because they had substantial, i.e., not frivolous, defenses to eviction. Section 5, as appearing in St. 1985, c. 754, directs that:

"The court shall waive the requirement of such bond or security if it is satisfied that the person requesting the waiver has any defense which is not frivolous and that he is indigent . . . ."

The District Court judge endorsed the motion "denied" and set the appeal bond at $5,000.

From a denial of a motion to waive an appeal bond, s. 5 affords a right of review to the next higher level, i.e., in the case of action by a District Court judge, to a Superior Court judge. Of that right the tenants availed themselves. As to the task of the reviewing court, the statute provides that the court [Note 2]:

"shall review the findings, the amount of bond or deposit, if any, and the amount of periodic payment required, if any, *as if it were initially deciding the matter*, and said court may withdraw or amend any finding or reduce or

Page 236

rescind any amount of bond, deposit or periodic payment when in its judgment the facts so warrant." (Emphasis supplied.)

G. L. c. 239, s. 5, as appearing in St. 1982, c. 304, s. 3. A judge of the Superior Court, after hearing argument, denied the motion, also without comment or explanation. An order was entered in the Superior Court that the tenants' appeal would be dismissed if they failed to post the requisite $5,000 bond. They failed to do so and, by operation of the eighth paragraph of s. 5, their appeal was dismissed.

2. Jurisdiction to entertain an appeal. The landlord argues that an appeal does not lie from the denial of a motion to waive an appeal bond and that entertaining such an appeal defeats the aim of summary process procedure to secure the "just, speedy, and inexpensive determination" of every summary process action. Hodge v. Klug, 33 Mass. App. Ct. 746, 747 (1992). Ford v. Braman, 30 Mass. App. Ct. at 970, however, holds to the contrary. That decision eliminates the possibility of potentially dilatory interim supplications to a single justice but preserves for civil litigants in the area of landlord and tenant disputes the important right of access to appellate review. See G. L. c. 231, s. 113. See Sommer v. Monga, 35 Mass. App. Ct. 761, 763 (1994). Courts are not intended to be rubber stamps in eviction proceedings. Kargman v. Dustin, 5 Mass.

App. Ct. 101, 106 (1977). If we decide the tenants' claim of error as to the bond adversely to them, their case is at an end; i.e., they cannot then file an appeal bond. Ford v. Braman, 30 Mass. App. Ct. at 970. Perhaps in some cases - this could be one - the provisions of G. L. c. 186 and c. 239 are used opportunistically and are burdensome to small landlords. It is not for courts, however, to nullify acts of the Legislature.

In this case, the order dismissing the appeal was entered in the Superior Court and, from a final order of that court, an appeal lodges properly with us. What will more ordinarily occur, following a refusal by a Superior Court judge to waive an appeal bond, is the entry of a judgment of dismissal in the District Court. Even then, the effective final order will have been that of the Superior Court judge. The entry of judgment of dismissal in District Court is a ministerial consequence of what has occurred in Superior Court. Any suggestion that we lack jurisdiction when judgment enters in the District Court fails to grasp that it

Page 237

is the Superior Court order of refusal to waive the appeal bond that is the dispositive one. See generally Borman v. Borman, 378 Mass. 775, 779-781 (1979), and Breault v. Chairman of the Bd. of Fire Commrs. of Springfield, 401 Mass. 26, 30-31 (1987), as to orders which have the effect of a final judgment for purposes of review. Chapter 239, s. 5, by providing for appeals to the Superior Court, takes summary process cases away from the Appellate Division of the District Court, the usual first destination of appeals from civil judgments in the District Court.

3. The bond determination. General Laws c. 239, s. 5, mandates waiver of an appeal bond unless the judge determines that the appealing party is either not indigent or does not have any defense that is not frivolous. The Superior Court judge accepted the tenants' affidavit of indigence and waived fees normally incident to bringing their appeal. Indigence is, therefore, not in contention, and a conclusion that the tenants' defenses and counterclaims were frivolous must have been the basis for the denial in Superior Court of the bond waiver motion.

Defenses are frivolous if there is no reasonable expectation of proving the defenses alleged. Cf. Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984); Hodge v. Klug, 33 Mass. App. Ct. 746, 758 (1992). The idea of frivolousness is something beyond simply lacking merit; it imports futility, not "a prayer of a chance," Pires v. Commonwealth, 373 Mass. 829, 838 (1977), or - as another formulation of the same idea - an egregious lack of merit. Plymouth & Brockton St. Ry. Co. v. Leyland, 422 Mass. 526, 531-532 (1996). We examine the tenants' defenses and counterclaims on that basis.

Through their own testimony and the report and testimony of a private housing inspector, the tenants presented evidence of violations of the State Sanitary Code that included cockroach infestation; absence of lighting in the back stairwell; nonfunctioning smoke detectors; inadequate locks at the back door; lack of handrail on the back stairs; loose boards on back stairs; no light on basement stair; cracked and peeling ceilings; lack of nonabsorbent and cleanable kitchen floor;

loose faucet on kitchen sink; defective bathroom sink; large holes in interior walls causing structural weakness; missing door handles; and holes in window screens. There was evidence that the landlord had threatened to cut off the tenants' water supply; that he had threatened reprisal for the exercise by the tenants of their legal

Page 238

rights; and that landlord had imposed the burden of paying for heat on the tenants without a written agreement so providing, in violation of 105 Code Mass. Regs. s.s. 410.190 and 410.201 (1994). See Young v. Patukonis, 24 Mass. App. Ct. 907, 908 (1987).

The conclusion that the landlord was entitled to possession and that the tenants owed back rent imported findings of the subsidiary facts which supported that conclusion. Reynolds v. Owen, 328 Mass. 451, 451-452 (1952). DiLuzio v. United Elec., Radio & Mach. Wkrs. of America, Local 274, 391 Mass. 211, 217 (1984). The crux of those findings would be that none of the specified code violations existed - one would be enough under G. L. c. 239, s. 8A, to raise a defense against eviction that there was no reprisal and that there was a written agreement about payment. The District Court judge was not required to make detailed findings of fact as to his decision in the underlying eviction case. Mass.R.Civ.P. 52(c), 423 Mass. 1408 (1996). In connection with the motion for an appeal bond, the standards of explanation or comment that we apply below to similar action of a Superior Court judge would apply as well to a District Court judge.

In connection with the request in the Superior Court for review of the denial of the motion to waive an appeal bond, the tenants submitted affidavits and memoranda that stated in considerable detail what was wrong with the premises and that elaborated on their ancillary complaints. That conformed with the provision in G. L. c. 239, s. 5, that the review proceedings in the Superior Court "shall be heard upon statements of counsel, memoranda and affidavits submitted by the parties." The record before us does not reflect any reciprocal submission by the landlord. One supposes there was a statement of counsel, but that was not brought before us. The evidentiary material that came before the Superior Court judge, who was obliged to consider the frivolousness issue as if initially deciding the matter, was weighted entirely in favor of the tenants. Of course, the Superior Court judge was not obliged to credit any of it. See Hawthorne's, Inc. v. Warrenton Realty, Inc., 414 Mass. 200, 201 (1993). But that not one of the facts put forward with considerable specificity on behalf of the tenants existed, that their evidence was so flawed that they had not a prayer of a chance, is implausible. Cf. Springgate v. School Comm. of Mattapoisett, 11 Mass. App. Ct. 304, 311 (1981). One may speculate

Page 239

that the judge found each of the violations so trivial as not to add up to a violation of the Sanitary Code except in a hypertechnical sense and that the tenants had been the main cause of disrepair in their apartment. Among possible grounds for a conclusion of frivolousness are that the defenses are unsupported by any evidence, Farley v. Sprague, 374 Mass. 419, 425 (1978); that

the defenses are incurably blemished by misrepresentation, distortion, or improper argument, see Avery v. Steele, 414 Mass. 450, 456 (1993); or that the defenses are so lacking in substance as to suggest an intent to harass, see Hahn v. Planning Bd of Stoughton, 403 Mass. 332, 336-337 (1988). There is nothing in the record to support any of these hypotheses. When confronted with a record of the kind we have described in this case, a Superior Court judge who determines that bond waiver should nevertheless be denied must write some words of explanation as to why the seeming substantial defenses are only apparently so and are, in fact, frivolous.

The order of the Superior Court judge dismissing the tenants' appeal is reversed. [Note 3] The order of the Superior Court denying the tenants' motion for waiver of an appeal bond is reversed. A new order shall be entered allowing the motion for waiver of an appeal bond. Thereafter, the claims for damages asserted by the tenants in their answer and counterclaims may be tried as provided in G. L. c. 239, s.s. 3 & 5, and G. L. c. 231, s. 97. As noted earlier in this opinion, the question of the tenants' right to possession is moot.

So ordered.

FOOTNOTES

[Note 1] Janice Desrochers.

[Note 2] Had the motion to waive bond been made in the first instance in the Housing Court or the Superior Court, the path of review would have been to a single justice of the Appeals Court.

[Note 3] A Superior Court judge had entered such an order at the request of the defendants because no order of dismissal had been docketed in the District Court.

Home/Search   Table of Cases by Citation   Table of Cases by Name   Disclaimer

Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.

SEP/15/2015/TUE 11:31 AM   FAX No.   P. 018