UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

Andre Bisasor

Debtor

Chapter 13

Case No. 15-13369

NOTICE OF APPEARANCE

PLEASE TAKE NOTICE HEREBY that the undersigned is appearing in the above captioned case on behalf of the debtor and requests that all papers and pleadings not served by the court's CM/ECF system be served at the address below.

September 16, 2015

Respectfully submitted,

/s/ David G. Baker
David G. Baker, Esq.
236 Huntington Avenue, Ste. 306
Boston, MA  02115
(617) 367-4260
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within Notice will be served on the persons named below by the Court's CM/ECF system on the date set forth above.

/s/ David G. Baker
David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

Andre Bisasor

Debtor

Chapter 13

Case No.   15-13369

MEMORANDUM IN SUPPORT OF
DEBTOR'S RESPONSE TO OBJECTION OF GREYSTAR MANAGEMENT AND
OBJECTION TO MOTION OF GREYSTAR MANAGEMENT FOR RELIEF FROM STAY

In support of his response and objection, debtor Andre Bisasor incorporates herein by reference all of his prior *pro se* statements filed in this case, and further states as follows:

ARGUMENT

At issue is the provision of §362(l)(3)(A), which states;

**(A)** If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

*Relief from stay*

Bisasor is the debtor and has filed the necessary certification and paid to the clerk of the court the rent coming due for the first month post-petition. The lessor has objected to it, however, and further moved (in the same document) for relief from the automatic stay, contending, in conclusory fashion that "the Leased Premises are not necessary to an effective reorganization." Aside from the conclusory nature of the assertion, a number of courts have held that a debtor's home is presumptively and irrebuttably necessary for an effective reorganization, *see, e.g.,* In re Ford, 522 BR 829 (Bankr. D.S.C., 2014), *citing* Grundy Nat'l Bank v. Stiltner, 58 BR 592 (W.D.Va. 1986). The property at issue here is the principal residence for Bisasor and his family. While other courts seem to disagree that it is *irrebutable, see* In re Huggins, 357 BR 180 (Bankr. D.Mas. 2006), nonetheless something more than a conclusory assertion is required in order to demonstrate that the debtor's home is not necessary to an effective reorganization.

The Huggins court required evidence, citing In re Timbers of Inwood Forest Assocs., Ltd., 484 US 365 (1988). Thus if the court reaches the motion for relief from stay (which is unnecessary if the court "upholds" the lessor's objection, §362(l)(3)(B)), it should be denied, or, at a minimum, an evidentiary hearing should be scheduled.

*Greystar's objection to the debtor's Certification*

Greystar quotes from a part of Mass.Gen.Laws Ch. 239 §3 which states, essentially, that notwithstanding the other tenant protections in the statute, a landlord shall not be required to accept full satisfaction of the money judgment and refusal to do so shall not be a bar to enforcement of said judgment in any lawful manner. This section applies only to a final judgment, however, and the section does not define "final judgment". *See* ROPT Limited Partnership v. Katin, 431 Mass. 601 (2000), *esp. fn. 11*.

    Greystar's judgment is not "final". To understand why, it is necessary to look to the docket of the action in the Dedham District Court, a copy of which is attached. The material entries are as follows;

| Date | Event |
| --- | --- |
| 2/11/15 | Summary process complaint filed |
| 5/4/15 | After several continuances of a bench trial, the judge ordered no more continuances. |
| 5/11/15 | Bisasor (which includes his wife unless the context requires otherwise) files an answer and counterclaims, including a demand for a jury trial. In addition, he files discovery requests. |
| 5/14/15 | Greystar files motions to strike portions of the answer and counterclaims and for a protective order. |
| 5/26/15 | Bisasor and his wife request a continuance due to illness, which is denied and default judgment entered against them. |
| 6/8/15 | Bisasor files motion to remove default with an affidavit, a Notice of Appeal and motion to waive appeal bond, a motion to stay issuance of execution, and for recusal of the trial judge. |
| 6/9/15 | Motion to waive appeal bond denied. |
| 6/19/15 | Notices of Appeal filed re Reconsideration and Recusal |
| 7/2/15 | Memorandum of Decision concerning entry of default judgment is filed, but does not address the merits of the case or of Bisasor's counterclaims. |
|  |  |