UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

Andre Bisasor

Debtor

Chapter 13

Case No.   15-13369

DEBTOR'S RESPONSE TO OBJECTION OF GREYSTAR MANAGEMENT AND OBJECTION TO MOTION OF GREYSTAR MANAGEMENT FOR RELIEF FROM STAY

     NOW COMES Andre Bisasor, and responds to the numbered paragraphs of the objection (docket number 13 AND 14) of Greystar Management to his certification pursuant to §362(l)(1)(A), and also objects to its motion for relief from the automatic stay, for the following reasons.  Any averments in the introductory paragraphs on the first page are admitted or denied to the same extent as set forth below.

1. Admitted.
2. Admitted.
3. The first sentence is admitted.  The second sentence is denied.
4. Admitted.  As stated elsewhere, the debtor was temporarily hospitalized at the time, which he believes counsel for Greystar knew.
5. Admitted, except that the issue of unpaid rent is denied for the reasons stated below.  In essence, due to habitability issues, the parties had agreed that no rent would be due until the habitability issues were resolved.
6. The Appellate Division order speaks for itself.
7. Admitted, except that Greystar has falsely claimed that use and occupancy was due since the habitability issues were never resolved.
8. The order speaks for itself.
9. The order speaks for itself.
10. The order speaks for itself.
11. Admitted.
12. This allegation appears to quote the statute correctly.
13. While it appears to be true that *Massachusetts* law would not require the landlord to accept full satisfaction of the underlying money judgment, that does not constrain this court from determining if circumstances exist that would permit the debtor to cure the default.  *See, e.g.,* §1322(b)(3).  To the extent that state law conflicts with the Bankruptcy Code, state law is preempted.  *See, e.g.,* In re Weinstein, 164 F.3d 677 (1st Cir. 1999).
14. As argued below and elsewhere, he has not exhausted all of his State Appellate rights.  The appellate court orders referenced in the motion pertain to the waiver of an appeal bond, not to the merits of the eviction, which was entered on default, and probably is not final nor *res judicata*.  *See generally* In re Strangie, 192 F.3d 192 (1st Cir. 1999).  In addition, a number of courts have held that a debtor's home is presumptively and irrebuttably necessary for an effective reorganization, *see, e.g.,* In re Ford, 522 BR 829 (Bankr. D.S.C., 2014), *citing* Grundy Nat'l Bank v. Stiltner, 58 BR 592 (W.D.Va. 1986).

Case 15-13369    Doc 29    Filed 09/16/15    Entered 09/16/15 15:00:12    Desc Main
                       Document      Page 2 of 4

15. FURTHER RESPONDING, the debtor incorporates herein by reference all of the statements made in his *pro se* filings, as well as the memorandum attached hereto. In addition, the debtor respectfully suggests that the court should abstain from hearing the landlord/tenant issues and grant relief from the stay ONLY so that the parties may resume the state court litigation, but NOT to evict the debtor and his family from their home, *see* 28 USC §1334(c).

16. A memorandum in support of this opposition is in preparation and will be filed at th earliest possible moment.

WHEREFORE the debtor requests that the objection be overruled, the motion for relief from stay be denied except for the limited purpose of permitting the parties to resume the state court litigation but not to evict the debtor and his family without further order of this court.

September 16, 2015

                                    Respectfully submitted,
                                    Andre Bisasor,
                                    By his attorney

                                    /s/ *David G. Baker*
                                    David G. Baker, Esq.
                                    236 Huntington Avenue, Ste. 306
                                    Boston, MA   02115
                                    (617) 367-4260
                                    BBO# 634889

<u>Certificate of Service</u>

The undersigned states upon information and belief that the within Objection and related documents will be served on the persons named below by the Court's CM/ECF system on the date set forth above.

                                    /s/ *David G. Baker*
                                    David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV

UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Andre Bisasor | Chapter 13 |
| Debtor | Case No.  15-13369 |

MEMORANDUM IN SUPPORT OF
DEBTOR'S RESPONSE TO OBJECTION OF GREYSTAR MANAGEMENT AND
OBJECTION TO MOTION OF GREYSTAR MANAGEMENT FOR RELIEF FROM STAY

In support of his response and objection, debtor Andre Bisasor incorporates herein by reference all of his prior *pro se* statements filed in this case, and further states as follows:

ARGUMENT

At issue is the provision of §362(l)(3)(A), which states;

**(A)** If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

*Relief from stay*

Bisasor is the debtor and has filed the necessary certification and paid to the clerk of the court the rent coming due for the first month post-petition.  The lessor has objected to it, however, and further moved (in the same document) for relief from the automatic stay, contending, in conclusory fashion that "the Leased Premises are not necessary to an effective reorganization."  Aside from the conclusory nature of the assertion, a number of courts have held that a debtor's home is presumptively and irrebuttably necessary for an effective reorganization, *see, e.g.,* In re Ford, 522 BR 829 (Bankr. D.S.C., 2014), *citing* Grundy Nat'l Bank v. Stiltner, 58 BR 592 (W.D.Va. 1986).  The property at issue here is the principal residence for Bisasor and his family.  While other courts seem to disagree that it is *irrebutable, see* In re Huggins, 357 BR 180 (Bankr. D.Mas. 2006), nonetheless something more than a conclusory assertion is required in order to demonstrate that the debtor's home is not necessary to an effective reorganization.

The Huggins court required evidence, citing In re Timbers of Inwood Forest Assocs., Ltd., 484 US 365 (1988).  Thus if the court reaches the motion for relief from stay (which is unnecessary if the court "upholds" the lessor's objection, §362(l)(3)(B)), it should be denied, or, at a minimum, an evidentiary hearing should be scheduled.

*Greystar's objection to the debtor's Certification*

Greystar quotes from a part of Mass.Gen.Laws Ch. 239 §3 which states, essentially, that notwithstanding the other tenant protections in the statute, a landlord shall not be required to accept full satisfaction of the money judgment and refusal to do so shall not be a bar to enforcement of said judgment in any lawful manner.  This section applies only to a final judgment, however, and the section does not define "final judgment".  *See* ROPT Limited Partnership v. Katin, 431 Mass. 601 (2000), *esp. fn. 11*.

Greystar's judgment is not "final". To understand why, it is necessary to look to the docket of the action in the Dedham District Court, a copy of which is attached. The material entries are as follows;

| Date | Event |
|---|---|
| 2/11/15 | Summary process complaint filed |
| 5/4/15 | After several continuances of a bench trial, the judge ordered no more continuances. |
| 5/11/15 | Bisasor (which includes his wife unless the context requires otherwise) files an answer and counterclaims, including a demand for a jury trial. In addition, he files discovery requests. |
| 5/14/15 | Greystar files motions to strike portions of the answer and counterclaims and for a protective order. |
| 5/26/15 | Bisasor and his wife request a continuance due to illness, which is denied and default judgment entered against them. |
| 6/8/15 | Bisasor files motion to remove default with an affidavit, a Notice of Appeal and motion to waive appeal bond, a motion to stay issuance of execution, and for recusal of the trial judge. |
| 6/9/15 | Motion to waive appeal bond denied. |
| 6/19/15 | Notices of Appeal filed re Reconsideration and Recusal |
| 7/2/15 | Memorandum of Decision concerning entry of default judgment is filed, but does not address the merits of the case or of Bisasor's counterclaims. |
|  |  |