UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

In re:

Andre Bisasor

Debtor

Chapter 13
Case No. 15-13369

## VERIFIED MEMORANDUM IN SUPPORT OF DEBTOR'S RESPONSE TO OBJECTION OF GREYSTAR MANAGEMENT AND OBJECTION TO MOTION OF GREYSTAR MANAGEMENT FOR RELIEF FROM STAY

In support of his response and objection, debtor Andre Bisasor incorporates herein by reference all of his prior *pro se* statements filed in this case, and further states as follows:

### ARGUMENT

At issue is the provision of §362(l)(3)(A), which states;

**(A)** If the lessor files an objection to any certification filed by the debtor under paragraph (1) or (2), and serves such objection upon the debtor, the court shall hold a hearing within 10 days after the filing and service of such objection to determine if the certification filed by the debtor under paragraph (1) or (2) is true.

*Relief from stay*

Bisasor is the debtor and has filed the necessary certification and paid to the clerk of the court the rent coming due for the first month post-petition, and according to the docket, the clerk has sent the rent to Greystar, the lessor. The lessor has objected to it, however, and further moved (in the same document) for relief from the automatic stay, contending, in conclusory fashion, that "the Leased Premises are not necessary to an effective reorganization." Aside from the conclusory nature of the assertion, a number of courts have held that a debtor's home is presumptively and irrebuttably necessary for an effective reorganization, *see, e.g.,* In re Ford, 522 BR 829 (Bankr. D.S.C., 2014), *and* In re Alberts, 381 BR 171 (Bankr.W.D.Pa., 2008), *both citing* Grundy Nat'l Bank v. Stiltner, 58 BR 592 (W.D.Va. 1986). The property at issue here is the principal residence for Bisasor and his wife. While other courts seem to disagree that it is *irrebuttable, see* In re Huggins, 357 BR 180 (Bankr. D.Mass. 2006), nonetheless something more than a conclusory assertion is required in order to demonstrate that the debtor's home is not necessary to an effective reorganization. In addition, Mr. Bisasor is self-employed in several areas, primarily as a business management consultant and trainer, and works out of his apartment. Thus eviction would severely interrupt his business, which has already been negatively affected by all of the state court controversy and the habitability issues, which he has thus far tried to handle without the assistance of an attorney.

The Huggins court required evidence, citing In re Timbers of Inwood Forest Assocs.,

Ltd., 484 US 365 (1988). Thus if this court reaches the motion for relief from stay (which is unnecessary if the court "upholds" the lessor's objection, §362(l)(3)(B)), it should be denied, or, at a minimum, an evidentiary hearing should be scheduled, especially as Bisasor has only been able to retain counsel earlier today, and counsel needs time to fully review the facts and circumstances, and prepare appropriate schedules, statements and plan[1].

*Greystar's objection to the debtor's Certification*

Greystar quotes from a part of Mass.Gen.Laws Ch. 239 §3 which states, essentially, that notwithstanding the other tenant protections in the statute, a landlord shall not be required to accept full satisfaction of the money judgment and refusal to do so shall not be a bar to enforcement of said judgment in any lawful manner. This section applies only to a final judgment, however, and the section does not define "final judgment". *See* ROPT Limited Partnership v. Katin, 431 Mass. 601, 605 (2000), *esp. fn. 11*. *See also* In re Alberts, *supra* (holding that §362(b)(22) does not apply until a judgment is final); In re Nitzsky, 516 BR 846 (Bankr.W.D.N.C., 2014) (discussing Alberts).

Greystar's judgment is not "final". To understand why, it is necessary to look to the docket of the action in the Dedham District Court, a copy of which is attached. The material entries are as follows:

| Date | Event |
|---|---|
| 2/11/15 | Summary process complaint filed |
| 5/4/15 | After several continuances of a bench trial, the judge ordered no more continuances. |
| 5/11/15 | Bisasor (which includes his wife[2] unless the context requires otherwise) files an answer and counterclaims, including a demand for a jury trial. In addition, he files discovery requests. |
| 5/14/15 | Greystar files motions to strike portions of the answer and counterclaims and for a protective order. |
| 5/26/15 | Bisasor and his wife request a continuance due to illness, which is denied and default judgment entered against them. |
| 5/27/15 | Judgment for plaintiff by default enters on both possession and rent, and on the counterclaim. |
| 6/8/15 | Bisasor files motion to remove default with an affidavit, a Notice of Appeal and motion to waive appeal bond, a motion to stay issuance of execution, and for recusal of the trial judge. |
| 6/9/15 | Motion to waive appeal bond denied. |
| 6/19/15 | Notices of Appeal filed re Reconsideration and Recusal |
| 7/2/15 | Memorandum of Decision concerning entry of default judgment is filed, but does not address the merits of the case or of Bisasor's counterclaims. (Document 13-1, pg. 4) |

---

[1] Greystar filed its papers only about five days post-petition.
[2] Greystar has not requested relief from the co-debtor stay of §1301. Section 1301 has no provision remotely similar to §362(l). Furthermore, Greystar did not serve this motion on Mr. Bisasor's wife.

a.b.

2

What is noteworthy about the foregoing except from the docket is that the state court judge <u>never</u> decided the merits of Bisasor's motion to remove his default. All that the appellate court decisions decided was that Bisasor had not met the standards for a stay pending appeal[3]. Given that no decision about removing Bisasor's default was rendered by the trial court judge, and appeals are still pending, there is no final judgment. ROPT Partnership, *supra*. *See also* In re Tatum, *Slip op., case no. 14-03676-NPO (Bankr. S. D. Mississippi, March 6, 2015)*[4].

At 59 pages, Bisasor's Answer and Counterclaims (attached) is rather more prolix that most *pro se* non-lawyers[5]. As such, it arguably does not comply with the rule requiring "short and plain" pleadings. Nonetheless, there can be no real dispute that it accurately and fully sets forth the extensive background of the dispute from Bisasor's viewpoint, the agreement between Bisasor and Greystar to remedy the situation, and why Bisasor believes the eviction action was a reprisal for reporting violations of law and for tenant's union activity, which reprisal is prohibited by Mass.Gen. Laws Ch. 239 §2A.

Absent a final judgment, the terms of §362(l)(3) should not control. *See* In re Weinraub, 361 BR 586 (Bankr. S.D. Fla., 2007) (holding, in similar circumstances, that the court has authority to waive §362(l) pursuant to its equitable powers under §105, *citing, inter alia*, Norwest Bank Worthington v. Ahlers, 485 US 197 (1988)).

The court's task as regards Greystar's objection is only to determine whether "circumstances exist" under state law whereby Bisasor would be permitted to cure the default, not whether Bisasor qualifies under those circumstances, which is an issue committed to the state court. *Cf.* Grella v. Salem Five Cent Sav. Bank, 42 F.3d 26 (1st Cir. 1994) (*res judicata* ordinarily does not apply as regards orders granting relief from the automatic stay).

*Because this is a chapter 13 case, the debtor can cure the default during the term of a plan.*

It hardly needs any citation to assert that the most common reason for individuals to file a chapter 13 case is to save their homes. While the usual cause is foreclosure of a mortgage, eviction of a tenant from a residential apartment is not uncommon. *See generally* Sarah Keith-Bolden, Down and Out and Now Kicked Out: Residential Lease Evictions and the Automatic Stay, 23 Emory Bankr. Dev. J. 585 (2006-2007).

This is because §1322(b)(3) says that a plan may "provide for the curing or waiving any default." "Any" *means* <u>any</u>, and there is no textual basis in the Bankruptcy Code for holding that a debtor may not cure a default in residential rent payments by way of a chapter 13 plan, nor (in

---

[3] All that the Appeals Court stated (arguably in dicta) was that Bisasor had not demonstrated a nonfrivolous defense to the <u>default</u>. The Appeals Court did not reach the merits of the eviction or of Bisasor's counterclaims, especially for breach of the warranty of habitability. *See generally* Boston Housing Authority v. Hemingway, 363 Mass. 184 (1973).
[4] Available at https://scholar.google.com/scholar_case?case=1441293673535234301&q=14-03676-NPO+&hl=en&as_sdt=40000003
[5] And probably most lawyers. Mr. Bisasor is a graduate of Oral Roberts University and Harvard University.

3

a.b.

the limited time available to the undersigned) has any case been found that holds otherwise. *Cf.* Law v. Siegel, 134 S.Ct. 1188 (2014). The cases dealing with §362(l) all seem to pertain to whether a *non-monetary* default may be cured, not to whether the "cure" may be through a chapter 13 plan. Given the plain language of §1322(b)(3), this is understandable.

Greystar asserts that the default for apartment 2216 (at 2000 Presidents Way) is a non-monetary default. However, the reality of the underlying facts belies that assertion. As Mr. Bisasor's Answer and Counterclaims makes relatively clear, apartment 2216 was intended to be a temporary apartment while his apartment at 3000 Presidents Way was made habitable. The lease for 2216 states that no rent will be due unless Bisasor becomes a month-to-month tenant. Given that Greystar did not seek any rent in its summary process complaint regarding 2216, three inferences are justified: 1) 3413 was never made habitable since he never moved back there; 2) Bisasor never became a month-to-month tenant in 2216; and 3) the "no payment" lease for 2216 controls Greystar's right to rental payments, not the lease for 3413, meaning ultimately that Bisasor should not be required to pay *any* rent due to the breach of the warranty of habitability.

Where a rental apartment is uninhabitable, as Bisasor's still is, the tenant has an affirmative counterclaim and his damages for breach of the warranty of habitability are likely to be far in excess of any rent that would be due. See, e.g., Boston Housing Authority v. Hemingway, 363 Mass. 184 (1973). Here, again, the state court judge dismissed the counterclaims on default, without ever entering a decision on Bisasor's motion to remove the default. Consequently, Mr. Bisasor still has state law rights, including appellate rights, that very well could result in the default judgment being set aside and Bisasor not having any financial liability, at least until his apartment is made habitable.

Bisasor has stated repeatedly that he is ready, willing and able to pay the rent in accordance with the contract, subject to his state court rights to obtain a decision on his motion to remove the default, the merits of his counterclaim, and to appeal any adverse judgment. He and his wife should not be rendered homeless, however temporary that might be, while he still has such rights.

WHEREFORE Bisasor requests that Greystar's objection be overruled and the motion for relief from stay be denied.

September 16, 2015

Respectfully submitted,

/s/ David G. Baker
David G. Baker, Esq.
236 Huntington Avenue, Ste. 306
Boston, MA  02115
(617) 367-4260
BBO# 634889

*Andre Bisasor*

4

## VERIFICATION

Andre Bisasor, debtor, hereby states under pains and penalties of perjury that the facts and circumstances stated herein are true and correct to the best of my knowledge and belief.

*Andre Bisasor*
Andre Bisasor, debtor

## Certificate of Service

The undersigned states upon information and belief that the within Memorandum will be served on the persons named below by the Court's CM/ECF system on the date set forth above.

/s/ *David G. Baker*
David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc. - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV