**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| In Re: ) | |
| ) | |
| Andre Bisasor, ) | Chapter 13 |
| ) | Case No. 15-13369 |
| Debtor ) | |

**SUPPLEMENTAL FILING TO THE OBJECTION TO DEBTOR'S CERIFICATION**
**PURSUANT TO 11 U.S.C. 362(***l***)(1)(A)**
*OR IN THE ALTERNATIVE*
**GREYSTAR MANAGEMENT SERVICES LP AS AGENT FOR OWNER RAR2 JEFFERSON AT DEDHAM STATION MA INC. REQUEST FOR RELIEF FROM THE AUTOMATIC STAY REGARDING APARTMENT #3413 & #2216**

TO THE HONORABLE JOAN N. FEENEY, BANKRUPTCY JUDGE FOR THE REFERENCED MATTER:

As a result of the hearing and subsequent order of September 17, 2015, Greystar Management Services LP as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar"), submits the following additional support in response to the Court's inquiry as to the existence and status of the prepetition Judgments for possession in the State Courts.

Procedural History

1. Both Judgments entered on May 27, 2015.

2. The Debtor requested an appeal of the District Court's entry of default judgments and denial of a motion to continue on June 8, 2015.

3. The Debtor requested a waiver of the Appeal Bond in the District Court which was denied, and the Appeal Bond was set at $32,000 on June 8, 2015.

4. The Debtor requested a review by the Appellate Division of the denial of the waiver of the Appeal Bond and amount of the Appeal Bond.

5. The Appellate Division reviewed the appeal bond, as permitted by MGL ch 239 sec 5 and increased the amount of the bond to reflect the additional two months of use of the apartment, as well as ordering use and occupancy to be paid during the pendency

1

of the appeal on July 2, 2015. The *Decision and Order* of the Appellate Division issued on July 27, 2015. **(Attached hereto as Exhibit A).**

6. Pursuant to MGL ch. 239 sec 5, the Debtor had 5 days from receipt of the notice of the order to pay the bond. The Defendants failed to post the Bond within 5 business days after they acknowledged receipt of the Notice from the Appellate Division.

7. Pursuant to MGL ch 239 sec 5(h), the Defendants' Appeal in the District Court was dismissed and Executions issued on Friday, August 7, 2015. **(See Docket Attached hereto as Exhibit B).**

8. The Defendants were served with 48 Hours Business-Days Notice on Friday August 7, 2015 that the Levy on the Execution would take place on Wednesday August 12, 2015 at 9:00 a.m..

9. The Defendants appeared on August 7, 2015 at 4:25 p.m. in the District Court requesting an Emergency Motion to Stay the Levy of the Execution for Possession and Damages pursuant to MGL 239. The Defendant did not specify under what section of chapter 239 he was requesting. The Motion was denied on August 10, 2015.

10. The Debtor filed an Emergency Motion to Stay the Levy of Execution for Possession in the Appeals Court on August 11, 2015 in the late afternoon. Judge Katzmann granted a brief stay to conduct a hearing on August 15, 2015.

11. A hearing was held before Judge Katzmann on August 15, 2015. The Debtor requested and was granted the opportunity to supplement his filings on that day. The Debtor supplemented his initial submission with over 450 additional pages, which included transcripts of the District Court proceedings.

12. Judge Katzmann's order denied the Debtor's appeal on the Motion to Levy but allowed additional time for the Debtor to move himself out of the unit until August 27, 2015.

13. The Debtor filed an emergency request for review to the Single Justice of the Supreme Judicial Court of Massachusetts regarding the Appeals Court denial of the stay on August 27, 2015 at approximately 12:30 p.m..

14. The Single Justice denied the Debtor's request at approximately 4:00 p.m. on August 27, 2015.

15. The Debtor filed the Petition at 4:51 p.m. on August 27, 2015.

<u>Argument</u>

As demonstrated by the procedural history, Debtor's filing of this Bankruptcy petition is nothing more than a final attempt to delay the levy on Greystar's Execution for Possession. The Debtor has failed to pay rent and or use and occupancy for 14 months, failed to post an appeal bond when ordered by the Court on May 27, 2015 and July 27, 2015 and now, at the eleventh hour, less than twenty four (24) hours before the scheduled levy, files a Bankruptcy petition.

Debtor's appeals in the District Court on the underlying Summary Process cases were dismissed on August 7, 2015, by operation of law for failing to pay the required appeal bond. MGL ch 239 sec 5(h) (District Court Dockets, Attached as **Exhibit B**). The Judgments for Possession are valid final judgments in both summary process cases.

> *Unif. Summ. Process R. Rule 13:    Executions <u>are not to issue</u> prior to the time limits imposed by applicable laws and the relevant provisions of Rules 60 and 62 of the Massachusetts Rules of Civil Procedure. (emphasis added).*

Had the Debtor retained any avenue of appeal of the District Court rulings, the Executions would not have been issued by the District Court, but rather would have been stayed by operation of the detailed provisions of MGL ch 239 sec 5. That statute intertwines the setting of an appeal bond (or waiver thereof) with the stay of the Execution pending a determination of that appeal. The Debtor has exhausted his claims under MGL ch. 239 sec. 5 because he failed to pay the appeal bond, and, therefore, his appeal was dismissed and the Executions properly issued. <u>In the Matter of an Appeal Bond</u>, 428 Mass 1013 (1998). The dismissal of an appeal based on the failure to pay an appeal bond which was set, and then further reviewed, is dictated by the statute. MGL ch 239 sec. 5, <u>PGR Management Company v. Credele</u> 427 Mass 636 (1998).

3

There is only one level of review of an appeal bond and/or waiver of appeal bond under MGL ch. 239 sec. 5, which if tendered or waived affords a stay of the Execution. Ford v. Braman, 30 Mass App Ct 968, 969 (1991). After the Appellate Division's review, if the Debtor was still aggrieved of the Bond, he can bring forward an appeal on the limited bond issue, but at no time either in the statute or in the cases is it contemplated that a further Stay of Execution for Possession would be granted pending that full review; in fact the Supreme Judicial Court contemplated the dismissal and refers to the procedure as "suffering the dismissal". In the Matter of an Appeal Bond, 428 Mass 1013 (1998). The appeal of the denial of the waiver or amount of the appeal bond is not an appeal of the merits of the underlying Judgment. After the dismissal of the Appeal and issuance of the Execution, there is yet an additional avenue for requested relief from the Execution of Possession, to which the Debtor availed himself. Pursuant to MGL ch 239 secs 9 & 10 a stay could have been granted by the District and then the appellate courts, but all three motions for stay of the Execution were denied by the state court. The Massachusetts Appeals Court explained its rationale for the denial of the stay because of the futility of the Debtor's claim of an abuse of discretion by the District Court judge. **(Exhibit C).** The SJC Single Justice likewise denied a stay of Execution. That left no impediment under state law to executing on the Judgments. The Debtor's ability to keep filing papers in the appellate courts does not detract from the finality of the Judgment for Possession.

> *Unif. Summ. Process R. Rule 12: Any judgment in a summary process action, except a default judgment, may be appealed by an aggrieved party in accordance with the provisions of the law. (emphasis added)*

The Debtor's claim regarding an appeal based on the denial of a motion to continue a hearing is moot. The default Judgment would not be disturbed upon appeal, as there is no right to appeal a default in a summary process action. Unif. Summ. Process R. Rule 12.[1]

The Debtor's final argument attempting to cast doubt on the "finality" of the Execution is that there is an outstanding Motion to Remove the Default unacted upon in the District Court. As evidenced by the Court's decision, this argument is also misplaced. The Motion was implicitly acted upon by Judge Ziemiann's ruling on July 2, 2015, which was after the filing of the Debtor's Motion and after the Debtor was afforded an additional hearing, which notably he failed to attend. That ruling, titled as "Memorandum of Decision Concerning Entry of Default Judgment" details the history and rationale for the entry of the Default and upholds the Default Judgments entered on both cases. Additionally, any relief from Judgment that the Debtor would seek is subject to Unif. Summ. Process R. 11, which directly refers to Mass Rules of Civil Pro. Rule 60. Rule 60(b) specifically states that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation".

The statue does not require that the prepetition judgment for possession be "final." The Debtor himself believes the Judgment to fall under the 11 USC 362(b)(22), as he filed a certification pursuant to 11 USC 362(l) under the pains and penalties of perjury, in order to avail himself of the specific carve out of the Code. Debtor's citations to cases involving automatic de novo review of Judgments (In re Alberts) and appeals periods that have not lapsed (In re Nitzsky) are not determinative of this matter. It is important to note, that Greystar holds an

---

[1] Debtor relies on Tamber v. Desrochers 45 Mass App Ct 234 (1998) which is distinguishable. In Tamber the proposed appeal was after trial and the Appeals Court found that the basis for the denial of the appeal bond waiver lacked specificity as to its rationale, as there was no rationale provided. The case at bar is based on the Debtor's appeal of a default entered in the District Court, which is not an appealable issue in Summary Process pursuant to Unif. Summ. Process R. 12. Further the detailed Memorandum of Decision Concerning Entry of Default Judgment in the instant case, provides the required rationale for the entry of the default as noted by the Single Justice of the Appeals Court, which was lacking in Tamber.

Case 15-13369   Doc 34   Filed 09/18/15   Entered 09/18/15 18:10:21   Desc Main
                          Document      Page 6 of 8

Execution for Possession, which is issued 10 days post Judgment after appellate avenues are exhausted. In the instant case there was a span of three (3) months for the Debtor to pursue his state court remedies before the Execution issued, and at the eleventh hour, he filed the bankruptcy petition. 11 USC 362(l) was added to the Code pursuant to the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA) to protect against the very type of abuse that the Debtor has proposed here. In re Griggsby, 404 B.R. 83 (Bankr.S.D.N.Y. 2009) **(Attached Exhibit D).**

"A state court judgment issued prior to the filing of a debtor's bankruptcy case is res judicata in the bankruptcy case, and the debtor may not relitigate issues already decided in state court." In re Griggsby at 91, citing In re Éclair Ltd., 255 BR 121, 133 n. 23 (Bankr.S.D.N.Y.2000). The normal rule is that even judgments subject to appeal are considered final for purposes of res judicata, at least unless the review provides for a de novo trial. Restatement of Judgments, 2d § 13. The issue of possession is well settled in this case and may not be collaterally attacked in this Court. The state courts had the power, ability and opportunity to stay the levy of the Execution of Possession, but the Debtor did not meet the requirements for a stay, either in posting the bond, or requesting a stay post issuance of the Execution. Clearly the BAPCPA was enacted to thwart individuals like this Debtor who is using the Code to prevent lawful exercise of a State issued Execution for possession by petitioning the Bankruptcy Court.

**WHEREFORE**, Greystar respectfully requests that this Court sustain the objections to the Debtor's Certification pursuant to 11 USC 362(l).

                                        Respectfully submitted
                                        Greystar Management Services LP
                                        as agent for owner RAR2-Jefferson at
                                        Dedham Station MA, Inc.
                                        By its attorneys,
                                        ASHTON LAW, P.C

                                        */s/ Donna M. Ashton*
                                        Donna M. Ashton
                                        BBO# 634984
                                        28 Church Street, Suite 10
                                        Winchester, Massachusetts 01890
                                        (781) 756-6600
Dated: September 18, 2015               dma@ashton-law.com

## CERTIFICATE OF SERVICE

I, Donna M. Ashton, hereby certify that on this 18th day of September, 2015, copies of the foregoing:

SUPPLEMENTAL FILING TO THE OBJECTION TO DEBTOR'S CERIFICATION PURSUANT TO 11 U.S.C. 362(*l*)(l)(A)
*OR IN THE ALTERNATIVE*
GREYSTAR MANAGEMENT SERVICES LP AS AGENT FOR OWNER RAR2 JEFFERSON AT DEDHAM STATION MA INC. REQUEST FOR RELIEF FROM THE AUTOMATIC STAY REGARDING APARTMENT #3413 & #2216

were served upon the following parties of interest by through the Court's CM/ECF system:

Trustee:

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P.O Box 8250
Boston, MA 02114
cbankowski@ch13boston.com

Debtor through
Debtor's Counsel:

David G. Baker
236 Huntington Avenue #306
Boston, MA 02115
david@bostonbankruptcy.org

Assistant US Trustee:

John P. Fitzgerald
John. W. McCormack Post Office and Court House
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3945

_/s/ Donna M. Ashton_
Donna M. Ashton, Esq.