UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Andre Bisasor | Chapter 13 |
| | Case No.   15-13369 |
| Debtor | |

DEBTOR'S *SUPPLEMENTAL* MEMORANDUM
(CORRECTED[1])

In support of his response and objection, debtor Andre Bisasor incorporates herein by reference all of his prior *pro se* statements filed in this case, his statements at the recent hearing, his affidavit filed separately together with the exhibits attached, and further states as follows:

ARGUMENT

*Finality*

As argued before, bankruptcy courts have held that §362(l) does not apply until the judgment is "final".  *See* In re Alberts, 381 BR 171 (Bankr.W.D.Pa., 2008) (holding that §362(b)(22) does not apply until a judgment is final); In re Nitzsky, 516 BR 846 (Bankr. W.D.N.C., 2014) (discussing Alberts).  It is true that the word "final" does not appear in the federal statute.  It is also true that courts should enforce statutes as written unless the "disposition required by the test is not absurd" or ambiguous; for the same reason, the court should not read an "absent word" into the statute.  *See, e.g.,* Lamie v. US Trustee, 540 US 526, 534 (2004).  On the other hand, "When Congress fails to define potentially ambiguous statutory terms, it effectively delegates to federal judges the task of filling gaps in a statute." US v. Santos, 128 S.Ct. 2020, 2031 (2008) (Stevens, J., concurring).  It is also true that "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme … because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law."  United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd., 484 US 365, 371 (1988).

An example of this is where in chapter 11, plans were required to pay the "present value" of tax claims, §1129(a)(9)(C), even though the statute did not include the word "present".  In Matter of Fi-Hi Pizza, 40 BR 258 (Bankr.D.Mass., 1984), Judge Lavien analyzed the statute and concluded that "value" meant "present value", which requires payment of interest[2], thus "filling

---

[1] In reviewing the Memorandum as filed, counsel realized that what was filed was not the final version, and some points needed clarification.  Counsel regrets any inconvenience to the court.
[2] In 2005, BAPCPA substantively amended the statute, and the requirement now is "total value", not "present value".

[a] gap" in the statute.  The same concept applies here.

"Congress has not defined the term 'judgment' anywhere in the Code, let alone within 11 USC §362(b)(22)."  In re Alberts, 381 BR 171, 177 (Bankr.W.D.Pa. 2008).  The debtor believes, therefore, that the word "judgment", in this context, is ambiguous.  In Alberts, the Housing Authority of Beaver County filed a motion not unlike the present motion, combining a request that the court determine the automatic stay to be not applicable, or in the alternative, for relief from the automatic stay.  Recognizing the "fundamental protection afforded by the Code [in] the automatic stay", *see also* In re Soares, 107 F.3d 969 (1st Cir. 1997), the court analyzed the statute and the facts of the case before him, and held that because a timely appeal had been filed, there was no "'judgment' *per se* for purposes of 11 USC §362(b)(22)" until the state court appellate process had run its course.  Id., at 180.  The same is true here.

Although Greystar says, on page 5 of its memorandum, that the state District Court judge "implicitly acted upon the Motion" to remove default, that is an absurd assertion since the decision (document 13-1 in this court) made no mention of the debtor's motion, and neither allowed nor denied any pending motions.  Greystar's argument implicitly recognizes that the judgment would not be "final" if the motion were pending, which it is; nowhere on the docket of either case is there an entry disposing of that motion; i.e., there is no "separate document" within the meaning of Mass.R.Civ.P. 58(a).  In the absence of statutory authority or exceptional circumstances, Massachusetts appellate courts, like federal appellate courts, will not entertain interlocutory appeals.  Pollack v. Kelly, 372 Mass. 469, 471 (1977).  What constitutes a "*final* judgment" depends not on the nomenclature used by the judge, but the fact that the judgment disposes of all matters in the case.  Jones v. Boykan, 74 Mass.App.Ct. 213 (2009) (finding that a judge's decretal statement in a memorandum of decision was not a "judgment").  If nothing else does, the debtor's motion to remove default makes all judgments in both cases non-final, if not precisely interlocutory.  There are other motions pending, however, as the dockets show.

In Massachusetts, "judgment" and "final judgment" mean the same thing.  Mass. R. Civ. P. 54(a).  The rule is clear:  "The terms 'judgment' and 'final judgment' include a decree and mean the act of the trial court finally adjudicating the rights of the parties affected by the judgment, including: …"  Thus "judgment" in §362(l) must mean "final judgment", and until the state court's decision had the requisite finality, it is not a "judgment" for purposes of §362(l).

Furthermore, a judge cannot simply enter default judgment in the amount demanded by a plaintiff; except in the rare case where the plaintiff's claims are for a "sum certain or susceptible of mathematical calculation, there must be a hearing and factual findings concerning the basis of damages or other relief included within the default judgment."  Jones v. Boykan, 464 Mass. 285 (2013).  Even then, the plaintiff is limited to the damages requested in the complaint.  The debtor never had an evidentiary hearing on damages; this is reversible error.  *See also* Hermanson v. Szafarowicz, 457 Mass. 39 (2010).

ROPT Limited Partnership v. Katin, 431 Mass. 601 (2000)[3], makes the same point in summary process cases. In that case, the court noted that Uniform Summary Process Rule 11(a), as it existed at the time, did not apply. The court noted, also, that "The indorsement the judge made on the plaintiff's motion to dismiss and the subsequent entry on the docket sheet are not sufficient to satisfy the requirements for final judgment under Mass. R. Civ. P. 54(b)." Appeals in summary process cases are now governed by Mass. Gen. Laws ch. 239 §§3 and 5. The applicable rule is Summary Process Rule 12. However, the rule indicates that a default judgment may not be appealed. This would seem to be incorrect, or improper, because neither statute says anything about default judgments. The right to appeal is a substantive right, and should be neither enlarged nor abridged by a Rule. *See, e.g.,* 28 USC 2072(b). The state District Court's judgment was not final, and §362(l) does not control.

*Other issues*

Greystar cites In the Matter of an Appeal Bond, 428 Mass 1013 (1998). That decision is quoted here in its entirety:

> The petitioner appeals from a judgment of a single justice of this court denying her petition under G. L. c. 211, s. 3. We affirm.
> The petition requests that the single justice grant relief from a decision of a single justice of the Appeals Court, pursuant to G. L. c. 239, s. 5, declining to waive an appeal bond in an underlying summary process action that originated in the Housing Court. The single justice of this court correctly denied the c. 211, s. 3, petition because the petitioner had an alternative remedy. The proper course for her to have followed, if she wished further to challenge the bond, was to refuse to pay the bond, suffer the dismissal of her summary process appeal, and then appeal to the Appeals Court (on the limited bond issue) from the order of dismissal. *Ford v. Braman*, 30 Mass. App. Ct. 968, 970 (1991). See *PGR Mgt. Co. v. Credle*, 427 Mass. 636 , 638-639 (1998); *Tamber v. Desrochers*, 45 Mass. App. Ct. 234 (1998); *Home Sav. Bank v. Camillo*, 45 Mass. App. Ct. 910 (1998). We do not decide various claims raised by the appellant that were not raised before the single justice. Nor do we express any view on the merits of her claims concerning the bond.
> Judgment affirmed.

As is apparent, the decision has nothing to do with the merits of the debtor's appeal, but rather the procedure. This is all that the Supreme Judicial Court said in the present debtor's appeal. With the motion to remove default (among others) outstanding, there simply is no final,

---

[3] The case was cited for what it says about "finality", rather than amount in controversy subject matter jurisdiction. The debtor did present his argument for lack of subject matter jurisdiction in his motion to dismiss based on the amount in controversy in the state District Court, but even though his motion to dismiss was not heard, that point would not avail him anything since the statute has been amended subsequent to ROPT. His motion to dismiss was also based on other arguments including a defective notice to quit and defective summons, among other things, which were never heard.

appealable judgment on the merits, and the debtor's *pro se* attempts to protect his rights should not prejudice him. As noted above, the debtor incorporates herein all of his prior submissions and statements, both in writing and in open court, and the exhibits attached to his affidavit. The court should keep in mind that his plan (which will be filed by September 23, the date ordered by the court) will provide for curing the default through his plan.

In addition, Greystar has not moved for relief from the co-debtor stay of §1301, and that section has no provision remotely resembling §362(l). They are separate stays, and the elements of relief from §1301 are different from §362. Furthermore, the present motion was not served on Mr. Bisasor's wife. moot. Thus Greystar's objection and motion should be moot.

WHEREFORE the debtor requests that the court overrule Greystar's objection because, inter alia, the "judgment" is not final, and deny its motion for relief from stay.

September 22, 2015

Respectfully submitted,
Andre Bisasor, debtor
By his attorney,


/s/ *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue, Ste. 306
Boston, MA   02115
(617) 367-4260
BBO# 634889

Certificate of Service

The undersigned states upon information and belief that the within Corrected Memorandum will be served on the persons named below by the Court's CM/ECF system on the date set forth above.


/s/ *David G. Baker*
David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV