UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Andre Bisasor | Chapter 13 |
| Debtor | Case No.   15-13369 |

DEBTOR'S *SUPPLEMENTAL* MEMORANDUM

In support of his response and objection, debtor Andre Bisasor incorporates herein by reference all of his prior *pro se* statements filed in this case, his statements at the recent hearing, and further states as follows:

ARGUMENT

*Finality*

As argued before, bankruptcy courts have held that §362(l) does not apply until the judgment is "final".  See In re Alberts, *supra* (holding that §362(b)(22) does not apply until a judgment is final); In re Nitzsky, 516 BR 846 (Bankr.W.D.N.C., 2014) (discussing Alberts).  It is true that the word "final" does not appear in the federal statute.  It is also true that courts should enforce statutes as written unless the "disposition required by the test is not absurd" or ambiguous; for the same reason, the court should not read an "absent word" into the statute.  *See, e.g.,* Lamie v. US Trustee, 540 US 526, 534 (2004).  On the other hand, "When Congress fails to define potentially ambiguous statutory terms, it effectively delegates to federal judges the task of filling gaps in a statute." US v. Santos, 128 S.Ct. 2020, 2031 (2008) (Stevens, J., concurring).  It is also true that "A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme … because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law."   United Sav. Assn. of Tex. v. Timbers of Inwood Forest Associates, Ltd., 484 US 365, 371 (1988).

"Congress has not defined the term 'judgment' anywhere in the Code, let alone within 11 USC §362(b)(22)." In re Alberts, 381 BR 171, 177 (Bankr.W.D.Pa. 2008).  The debtor believes, therefore, that the word "judgment", in this context, is ambiguous.  In Alberts, the Housing Authority of Beaver County filed a motion not unlike the present motion, combining a request that the court determine the automatic stay to be not applicable, or in the alternative, for relief from the automatic stay.  Recognizing the "fundamental protection afforded by the Code [in] the automatic stay", *see also* In re Soares, 107 F.3d 969 (1st Cir. 1997), the court analyzed the statute and the facts of the case before him, and held that because a timely appeal had been filed, there was no "'judgment' *per se* for purposes of 11 USC §362(b)(22)" until the state court appellate process had run its course. Id., at 180.  The same is true here.  Although Greystar says, on page 5 of its memorandum, that the state District Court judged "implicitly acted upon the Motion" to