UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re:<br><br>　　Andre Bisasor,<br><br>　　　　　　　　　　Debtor | Case No. 15-13369-JNF<br>Chapter 13 |
|---|---|

EMERGENCY
MOTION FOR CONTEMPT FOR VIOLATION OF THE
*CO-DEBTOR* STAY OF §1301

　　NOW COMES Andre Bisasor, debtor, and requests that the court find Greystar management in contempt of the co-debtor stay of 11 USC §1301 because it has stated that on October 22, it intends to remove not only the debtor from his home, but his wife, Natalie Anderson, as well. However, Ms. Anderson is protected by the co-debtor stay of §1301, and Greystar has neither requested nor received relief from the co-debtor stay. Given the imminence of the unlawful eviction of Ms. Anderson, Bisasor requests emergency determination of this motion. In further support of this motion, Bisasor states as follows:

1. Bisasor commenced this case *pro se* under chapter 13 on August 27, 2015. He retained the undersigned thereafter.
2. Because of pre-petition summary process litigation concerning the rental premises in which he and his wife live, which litigation resulted in judgments against him and his wife, Bisasor submitted, with the petition, a certification that there were circumstances under state law that would permit him to cure the default resulting in the judgments to the extent that they were money judgment.
3. The summary process actions pertained to two separate apartments because the original apartment in which Bisasor and his wife lived was temporarily uninhabitable, so they were given a second apartment rent free until the original apartment was made habitable.
4. Promptly thereafter, Greystar Management (the landlord's agent) filed an objection to the certification, and in the same paper sought relief from the automatic stay of 11 USC §362 to the extent that the stay was in effect.

5. After hearings and briefings, the court issued a memorandum order sustaining the objection and granting relief from the stay as to <u>both</u> apartments but as to Bisasor, <u>alone</u>.

6. The court's order was unambiguous: Page 9: "Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #2216, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301." Page 16: ""Accordingly, Greystar may proceed with its rights against the Debtor under state law with respect to Apartment #3413, subject to rights of Ms. Anderson as a codebtor under 11 U.S.C. § 1301."

7. Notwithstanding this unambiguous limitation of the relief being granted by the Court, Greystar caused a constable to issue and serve Natalie Anderson with 48 Hour Notices of Eviction, attached, stating that she and all of her property will be removed from the premises and the locks changed on October 22 at 9:30 a.m.

8. The automatic stay of §362 and the co-debtor stay of §1301 are separate and distinct stays. <u>In re King</u>, 362 B.R. 226, 232 (Bankr.D.Md. 2007); *see also* <u>Ferrara v Ferrara and Burns & Levinson, LLP</u>, (Bankr.D.Mass., Adv.P. No. 13-1351, *slip opinion dated June 23, 2014*) (in which this court stated that because it granted summary judgment to the debtor on his claim pursuant to §362, the Court did not need to determine whether the co-debtor stay was violated). The <u>King</u> decision is especially analogous to the facts in this case because the debtor in that case had two prior bankruptcy cases within a one-year period preceding the petition date, and thus there was no automatic stay under §362 that would prohibit a post-petition foreclosure as to the debtor. Nonetheless, the court held that the post-petition foreclosure violated the co-debtor stay of §1301, and granted summary judgment for the debtor voiding the foreclosure.

9. The analogy seems clear. In this case, the court has ruled that there is no automatic stay as to Greystar's actions *as they relate to the debtor*. The court's order was unambiguous that such ruling was subject to Ms. Anderson's rights under §1301.

10. Greystar never requested relief from the co-debtor stay, despite the fact that the debtor's papers in this case pointed out that fact.

11. For these reasons, Bisasor avers that Greystar's Notices of Eviction as to Natalie Anderson are violations of the co-debtor stay, and grant the relief requested below.

WHEREFORE Bisasor requests that it find Greystar in contempt of the co-debtor stay; enter an order prohibiting Greystar, its agents and employees (including the constable) from evicting Natalie Anderson from the premises without first obtaining relief from the co-debtor stay; and award Bisasor $700 in attorney fees as damages for the violation.

October 21, 2015

>Respectfully Submitted,
>Andre Bisasor, debtor
>By his attorney,
>
>/s/ *David G. Baker*
>David G. Baker, Esq. (BBO# 634889)
>236 Huntington Avenue, Ste. 306
>Boston, MA 02115
>617-367-4260

<u>Certificate of Service</u>

The undersigned states upon information and belief that the within Emergency Motion was served upon the parties in interest named below on the date set forth above.

>/s/ *David G. Baker*
>David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2- Jefferson at Dedham Station MA Inc. - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV

AND by fax upon Kevin Leary, Constable, at 781-461-2411.