# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) </br> ) </br> Andre Bisasor, ) </br> ) </br> Debtor ) </br> ) | Chapter 13 </br> Case No. 15-13369 |

## OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR CONTEMPT FOR VIOLATION OF THE CO-DEBTOR STAY OF §1301

TO THE HONORABLE JOAN N. FEENEY, BANKRUPTCY JUDGE FOR THE REFERENCED MATTER:

Now comes Greystar Management Services LP as agent for Owner RAR2 Jefferson at Dedham Station MA Inc. ("Greystar"), a creditor in the above-captioned proceeding, and hereby respectfully opposes the Debtor's Emergency Motion for Contempt for Violation of the Co-Debtor Stay of §1301.

Greystar is not in violation of the co-debtor's rights under 11 USC §1301 as it is not seeking to "collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that that secured such debt." 11 USC §1301. Greystar is not seeking any monetary amount from Ms. Anderson, rather it is proceeding with its rights of return of possession of the two apartments in question, pursuant to Massachusetts State Law.

In the instant case, the court opined in the Order of October 19, 2015 that the Debtor had no interest in either of the apartments and no right to assume either of the apartment leases.

*"the Debtor's interest in the leases of Apartments #2216 and #3413 terminated prior to the commencement of this case by virtue of the final Judgments for Possession issued by the District Court. Accordingly, the Debtor has no property interest in either premises. He does not have the ability to assume the leases as executory contracts . . . . "*

1

Ms. Anderson does not have any enhanced property status than her Debtor husband. The Court's reference to her rights as a co-debtor under 11 USC §1301 pertain to the stay imposed in seeking to collect on a consumer debt from Ms. Anderson while the Debtor has filed a Chapter 13 Petition. The purpose of 11 USC §1301 is to prevent a creditor from enforcing a money claim against a co-obligator of the debt while the debtor is protected from collection of that money amount pursuant to the automatic stay. This is because the debtor's rights may be affected.[1] As Ms. Anderson, like Mr. Bisasor has no property interest in the Apartments, the repossession of those units does not fall within the provision of 11 USC §1301.[2] It has no application to the current matter, as Greystar has not sought to collect on a consumer debt from Ms. Anderson while the petition is pending. Greystar is not in violation of the Court's Order but is in compliance in enforcing its rights under state law for possession of the Apartments by constable.

**WHEREFORE**, Greystar respectfully requests that this Court Deny Debtor's Emergency Motion for Contempt.

---

[1] *See* In re Morris, 385 B.R. 823, 830 (E.D. Va. 2008) ("[Section] 1301 was enacted, not to protect co-debtors, but to prevent creditors from circumventing the § 362 automatic stay by putting indirect pressure on the debtor through her co-debtors."); *see also* In re Morris, 365 B.R. 613, 619 (Bankr. E.D. Va. 2007) ("Section 1301 was enacted primarily for the benefit of chapter 13 debtors by relieving them from pressures that creditors might exert on codebtors who were friends, relatives, and fellow employees of the chapter 13 debtor. Given the purpose of the codebtor stay, as a practical matter, once a creditor is granted relief from the automatic stay of § 362(a) as to the debtor, the purpose of the codebtor stay no longer exists as to that creditor, and relief from the codebtor stay, if requested, is invariably granted.") (citation and internal quotation marks omitted).

[2] The cases cited by Debtor are inapposite. In In re King, 362 B.R. 226 (Bankr.D.MD. 2007), both the debtor and co-debtor had a property interest (as joint owners) in the property that secured the debtor's debt. In Ferrara v. Ferrara and Burns & Levinson, LLP, (Bankr.D.Mass., 13-1351, the court concluded that the automatic stay applied and did not consider application of the co-debtor stay.

2

                              Respectfully submitted
                              Greystar Management Services LP
                              as agent for owner RAR2-Jefferson at
                              Dedham Station MA, Inc.
                              By its attorneys,
                              ASHTON LAW, P.C

                              */s/ Donna M. Ashton*
                              Donna M. Ashton
                              BBO# 634984
                              28 Church Street, Suite 10
                              Winchester, Massachusetts 01890
                              (781) 756-6600
Dated: October 21, 2015         dma@ashton-law.com

3

## CERTIFICATE OF SERVICE

I, Donna M. Ashton, hereby certify that on this 21st day of October, 2015, copies of the foregoing:

> OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR CONTEMPT FOR VIOLATION OF THE CO-DEBTOR STAY OF §1301

was served upon the following parties of interest by through the Court's CM/ECF system:

Trustee:

Carolyn Bankowski-13
Chapter 13 Trustee Boston
P.O Box 8250
Boston, MA 02114
cbankowski@ch13boston.com

Debtor through
Debtor's Counsel:

David G. Baker
236 Huntington Avenue #306
Boston, MA 02115
david@bostonbankruptcy.org

Assistant US Trustee:

John P. Fitzgerald
John. W. McCormack Post Office and Court House
5 Post Office Square, 10th Floor, Suite 1000
Boston, MA 02109-3945

_/s/ Donna M. Ashton_
Donna M. Ashton, Esq.

4