UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re:<br><br>Andre Bisasor,<br><br>Debtor | Case No. 15-13369-JNF<br>Chapter 13 |
|---|---|

REPLY TO OPPOSITION TO
MOTION FOR CONTEMPT FOR VIOLATION OF THE
*CO-DEBTOR* STAY OF §1301

NOW COMES Andre Bisasor, debtor, and replies as follows to the opposition filed by Greystar Management to his motion for contempt and sanctions against Greystar.

Greystar claims, essentially, that it is not in violation of the co-debtor stay because it is not seeking to collect a *money* judgment from Ms. Anderson. The language of §1301 is broader than that; it prohibits attempts to collect "a consumer debt from any individual that is liable on such debt with the debtor, or that secured such debt." Greystar does not deny that Bisasor and Anderson owe a consumer debt on which they are jointly liable, and cannot.

A consumer debt can be collected by repossession of property. For example, while a bankruptcy discharge eliminates a mortgagee's right to proceed *in personam* against a mortgagor, it does not eliminate the mortgagee's *in rem* right to foreclose. *See* Johnson v. Home State Bank, 501 US 78 (1991). Similarly, an execution on a credit card debt (a judicial lien) is not eliminated by a discharge. Christakis v. Jeanne D'Arc Credit Union, 471 Mass. 365 (2015). Thus attempting to dispossess Anderson without relief from the co-debtor stay is an attempt to collect a debt just as an attempt to foreclose a mortgage without such relief would be to a co-debtor. Mortgage foreclosure is debt collection under the Fair Debt Collection Practices Act. Glazer v. Chase Home Finance LLC, 04 F.3d 453 (6th Cir. 2013). While Greystar claims that In re King is inapposite, the foregoing shows that it is not.

Greystar claims that neither Bisasor nor Anderson have any property rights in the Apartments. This is not so. Section 541 brings into the estate all legal and equitable property interests of a debtor. Mere possession of property is a property right protected by the automatic stay, even under §1301. Under Massachusetts

law, landlords are forbidden from using self-help to evict tenants; they must commence summary process actions to obtain possession.  <u>Attorney General v. Dime Savings Bank of New York, FSB</u>, 413 Mass. 284 (1992).  Once an execution for possession is obtained, a landlord still cannot use self-help; it must engage a sheriff or constable to evict the tenant.  Until that happens, the tenant still has an equitable possessory right that is protected by the automatic stay.  *See* <u>In re Butler</u>, 271 BR 867 (Bankr.C.D.Ca., 2002) (California law); <u>In re Perl</u>, 513 BR 566 (9th Cir. BAP, 2014) (citing and discussing <u>Butler</u>); <u>In re 48th Street Steakhouse, Inc.</u>, 835 F.2d 427 (2nd Cir. 1987), *cert. denied,* 485 U.S. 1035, 108 S.Ct. 1596, 99 L.Ed.2d 910 (1988).  Granting relief from stay does not change that – it merely relegates the parties to their state law rights.  <u>Grella v. Salem Five Cent. Sav. Bank</u>, 42 F.3d 26 (1st Cir. 1994).

For these reasons, the court should reject Greystar's opposition and grant Bisasor's motion.

October 21, 2015

        Respectfully Submitted,
        Andre Bisasor, debtor
        By his attorney,

        /s/ *David G. Baker*
        David G. Baker, Esq. (BBO# 634889)
        236 Huntington Avenue, Ste. 306
        Boston, MA 02115
        617-367-4260

<u>Certificate of Service</u>

The undersigned states upon information and belief that the within Reply was served upon the parties in interest named below on the date set forth above.

        /s/ *David G. Baker*
        David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2- Jefferson at Dedham Station MA Inc. - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV