# UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
## Proceeding Memorandum/Order of Court

In Re: Andre Bisasor                         Case Number: 15-13369              Ch: 13

**MOVANT/APPLICANT/PARTIES:**

#72 Emergency Motion filed by Debtor Andre Bisasor For Contempt and for Sanctions with certificate of service. (Attachments: # [1] Constable's Notices) (Baker, David)

**OUTCOME:**
_____Granted_____Denied_____Approved_____Sustained
_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled
_____OSC enforced/released
_____Continued to:_____For:_____
_____Formal order/stipulation to be submitted by:_____Date due:_____
_____Findings and conclusions dictated at close of hearing incorporated by reference
_____Taken under advisement: Brief(s) due_____From_____
                              Response(s) due_____From_____
_____Fees allowed in the amount of: $_____Expenses of: $_____
_____No appearance/response by:_____
 72  DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Upon consideration of the Motion, the Opposition of Greystar and the Debtor's Reply, the Motion is allowed in part and denied in part and the Opposition is sustained in part and overruled in part. The Court rules that the "48 Hour Notices," in particular, the notice of removal of the Debtor and the codebtor and their personal property from the subject apartments, is not within the scope of 11 U.S.C. Sec. 1301. Greystar may proceed with the eviction of the Debtor and the codebtor and removal of their property from the subject apartments, but it shall not seek to collect any debt from the debtor or the codebtor, including any money judgment or any storage fees, without further order from this Court. The Debtor's request for attorneys' fees is denied.

IT IS SO NOTED:                                IT IS SO ORDERED:

_____                    _____ Dated: 10/21/2015
Courtroom Deputy                               Joan N. Feeney, U.S. Bankruptcy Judge