𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫, 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔒𝔣 𝔐𝔞𝔰𝔰𝔞𝔠𝔥𝔲𝔰𝔢𝔱𝔱𝔰

| In re | Docket No.: 15-13369 |
| Andre Bisasor, | Chapter 13 |
| Debtor | |

APPLICATION FOR COMPENSATION

NOW COMES David G. Baker, attorney of record for the debtor in the above captioned matter, and applies for compensation in the total amount of $12,374.57, including $124.57 in costs and expenses. In support of this application, I state as follows:

1. The debtor contacted me on or about September 11, 2015. He had filed a chapter 13 petition *pro se*. The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.

2. Pre-petition, he had litigated extensively *pro se* with the landlord, unsuccessfully, and an eviction warrant had been issued.

3. With the *pro se* petition, he certified that there were circumstances under state law whereby he could cure the default. He paid the first month's post-petition rent with the petition, which the clerk forwarded to the landlord.

4. The landlord, however, objected to the certification and also moved for relief from the stay. After extensive litigation, the court sustained the objection and granted relief from the stay (to the extent that it applied).

5. The landlord then resumed eviction. However, because the landlord had not requested relief from the co-debtor stay of §1301 as to Mr. Bisasor's wife, a motion for contempt was filed against the landlord. That motion was allowed in part and denied in part, and the landlord thereafter completed the eviction.

6. As more fully set forth in the motion for leave to withdraw representation, the debtor has been difficult to represent. He has filed papers and appeals *pro se*, generally without

consulting me first[1], and consumed comparatively excessive time in telephone calls and emails.

7. Thus, although the compensation requested is greater than a routine chapter 13 case (which this was not) of relatively short duration, the issues presented with the landlord and the automatic stay were novel (at least to the undersigned) and required more legal research than might otherwise be required. In addition, the debtor was very demanding in terms of discussing and presenting his own legal theories and arguments, consuming considerably more time than might otherwise be required.

8. The terms of my employment by the debtor are set forth in the chapter 13 agreement filed at about the time I appeared in the case, post-petition, and is incorporated herein by reference. The debtor agreed to pay an hourly rate of $350.00, plus reasonable expenses.

9. It now appears that the debtor did not actually sign the chapter 13 agreement, although it was presented to him at the time the other documents were executed. This would seem to be an oversight. In any event, I am entitled to compensation under Massachusetts law on a *quantum meruit* basis. *See* Malonis v. Harrington, 442 Mass. 692 (2004)[2].

10. Attached is a time sheet that conforms to MLBR 2016-1.

11. Because this case was filed under chapter 13, no order authorizing my employment was required. *See* In re Alfaro, 221 BR 927 (1st Cir. BAP. 1998).

12. To date, I have not received any compensation or reimbursement for expenses; no retainer was paid.

13. A brief biography of the undersigned is attached.

14. It is respectfully suggested that the fees and charges are reasonable in the circumstances of this case, especially given that the issues with the landlord were novel (at least to the undersigned).

15. The court assesses this application pursuant to 11 USC §329. *See generally* In re Pearson, 156 BR 713 (Bkrtcy.D.Mass. 1993). However, the benefit to the bankruptcy estate is not at issue; instead, the court considers the benefit to the debtor. In re Argento,

---

[1] The debtor's explanation would be that I was hospitalized and he was unable to reach me. While it is true that I was hospitalized at times, he was always able to reach me by telephone or email, and I was always able to file documents electronically, if appropriate. In fact, he came to my hospital and met with me in a conference room on one occasion.

[2] Massachusetts law also provides that attorneys have a lien on proceeds of a case. *See* Id.

282 BR 108 (Bkrtcy.D.Mass. 2002). As argued above, the debtor received substantial benefit from the services provided in this case; in particular, the litigation regarding the landlord issues gave him and his spouse additional time to prepare to move, should that be the result of the litigation. That the litigation was not successful is irrelevant.

16. All of the work for which compensation is requested was performed by me, as I have no associates or staff.

WHEREFORE I respectfully request that the court approve and allow this application for compensation.

January 4, 2016

Respectfully submitted,

/s/        *David G. Baker*
David G. Baker, Esq. (BBO # 634889)
Attorney for the debtor
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680

Certificate of Service

The undersigned states upon information and belief that the within motion and related exhibits were served upon the entities named below by the court's CM/ECF system on the date set forth above, and upon the debtor by email, since he has refused to provide me with his current address.

Respectfully submitted,

/s/        *David G. Baker*
David G. Baker

Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com

Carolyn Bankowski-13 - 13trustee@ch13boston.com

John Fitzgerald -USTPRegion01.BO.ECF@USDOJ.GOV

John C. Ottenberg on behalf of Creditor Foley Hoag LLP  - ottenberg@odllp.com

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 ℭ𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫, 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔒𝔣 𝔐𝔞𝔰𝔰𝔞𝔠𝔥𝔲𝔰𝔢𝔱𝔱𝔰

| In re | Docket No.: 15-13369 |
|---|---|
| Andre Bisasor, | Chapter 13 |
| Debtor | |

## BRIEF BIOGRAPHY OF DEBTORS' COUNSEL

David G. Baker is a native of Little Rock, Arkansas. He received the Bachelor of Music degree from the University of Arkansas at Little Rock and the Master of Arts (Music Education) degree from New York University. While in school and after graduation, he worked primarily as a professional musician. In 1993, he decided to pursue a life-long interest in the law resulting, at least in part, from the fact that a grandparent was a court clerk in Arkansas. He was admitted to the Massachusetts School of Law at Andover ("MSL"), from which he graduated in 1996. He was appointed to MSL's Law Review in his third year as a result of a writing competition. He also served internships with adjunct faculty member Donald Sheldon and with Kathleen Dwyer (a chapter 7 panel trustee), and was also employed by them for brief periods while in school. His instructor in bankruptcy was Jeffrey A. Kitaeff, a noted bankruptcy practitioner and former chapter 7 panel trustee.

Baker passed the Massachusetts bar examination on the first try in 1996, and was admitted to practice in Massachusetts state courts in December of that year. Admission to the federal District Court of Massachusetts and the First Circuit Court of Appeals followed shortly thereafter. His first employment after graduation was as Special Counsel to Richard Askenase, then standing chapter 13 trustee in Boston; he was the first person to hold that position – a position which later became a regular staff position. As Special Counsel, he regularly prepared court pleadings and memoranda for the trustee, and also appeared before the bankruptcy courts in Boston, Springfield and Providence, RI, and the Bankruptcy Appellate Panel, and also presided at meetings of creditors. In 1999, he began working as a solo practitioner, based in Boston.

He is a member of the Boston and Massachusetts Bar Associations, the American Bankruptcy Institute ("ABI") and the National Association of Consumer Bankruptcy Attorneys ("NACBA"). He has participated in presenting seminars for the Boston Bar Association, ABI and NACBA, as well as Massachusetts Continuing Legal Education. He serves as State Membership Co-Chair of NACBA in Massachusetts. For the Massachusetts Bar Association, he regularly sits as a judge for the High School Mock Trials.

In 2006, Baker was admitted to the United States Supreme Court in connection with a petition for certiorari he filed on behalf of his client in <u>Marrama v. Citizens Bank of Massachusetts, et al</u>. The petition was granted, and on November 6, 2006, he argued the case before all nine justices, becoming (upon information and belief) the first graduate of Massachusetts School of Law to argue before the Supreme Court, and the first bankruptcy practitioner in Massachusetts in about 20 years to argue. Although the Supreme Court affirmed the decision against his client, the sharply divided 5 to 4 decision seems to be considered to be an exceptionally good result on difficult facts.

4

Baker's practice is almost exclusively bankruptcy cases, with an emphasis on consumer protection and mortgage foreclosure/predatory lending defense.  He also maintains an active part-time schedule as a professional musician.

5