United States Bankruptcy Court
Eastern Division, District Of Massachusetts

| In re | |
|---|---|
| Andre Bisasor, | Docket No.: 15-13369 |
| | Chapter 13 |
| Debtor | |

### MOTION FOR LEAVE TO WITHDRAW REPRESENTATION

NOW COMES David G. Baker, currently attorney of record for the debtor in the above captioned matter, and respectfully moves the court pursuant to MLBR 13-6 for leave to withdraw representation of the debtor due to apparently irreconcilable conflict about the prosecution of this case. In support of this motion, I state as follows:

1. The debtor contacted me on or about September 11, 2015. He had filed a chapter 13 petition *pro se*. The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.
2. As is more fully stated in the Application for Compensation, filed concurrently herewith, there was substantial litigation in this court concerning whether he could cure his default in rent payments.
3. From and after the original engagement, Mr. Bisasor consumed inordinate amounts of time in arguing with me concerning legal principles and the minutiae of bankruptcy (or his view of the same), and then doing whatever he wanted to do, heedless of my advice and recommendations.
4. He also repeatedly filed documents and motions *pro se* (including a notice of settlement of his dispute with the landlord, without disclosing any details, and notices of appeal without paying the filing fees), notwithstanding having engaged me to represent him. His excuse for doing so was that I was hospitalized and he could not reach me. This has no merit; he was repeatedly told that he could contact me by telephone and/or email, and that I could (and did) file documents electronically where appropriate. In fact, on one occasion he came to the hospital and met with me in a conference room.
5. He has refused to provide me with his current address, which is necessary since he was evicted, and has also refused to provide me with budget information so that I can file amended Schedules I and J and an amended chapter 13 plan (which at this point is probably futile).
6. Although the trustee had twice acceded to his request to reschedule the first meeting of creditors and rescheduled it to December 9, he refused to attend, claiming that because I was still hospitalized, he was not comfortable attending. This was in spite of the fact that

      he was aware that with the trustee's assent, I would (and did) attend the meeting by telephone, and I also arranged with attorney Jeffrey Kitaeff to attend in person. Mr. Kitaeff was fully conversant with the case, and between him in person and me on the telephone, the debtor was adequately represented. Furthermore, he had been informed by me in advance generally as to what to expect at the meeting, and was also told that he could go early and listen to other meetings.

7.    From and after that point, the debtor has undertaken a course of action designed, apparently, to harass and intimidate me and Mr. Kitaeff by threatening to report us to the Board of Bar Overseers, even though he has never met Mr. Kitaeff and Mr. Kitaeff never agreed to represent him. He now claims, for some reason, that Mr. Kitaeff is either my partner or supervisor. Mr. Kitaeff is neither; he was my bankruptcy professor in law school and has been a friend and mentor since then, but nothing more[1]. Given my hospitalization at the time, he agreed to attend solely as a courtesy and accommodation to me; no formal attorney/client relationship was established with the debtor.

8.    Given the foregoing, it is apparent that I cannot continue to represent the debtor, as he is singularly uncooperative and hostile.

      WHEREFORE I respectfully request leave to withdraw representation and that the debtor be ordered to cease any further communication with me and Mr. Kitaeff.

January 4, 2016

                                      Respectfully submitted,

/s/           *David G. Baker*
David G. Baker, Esq. (BBO # 634889)
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680

---

[1] He was also my second chair when I argued <u>Marrama v. Citizens Bank</u>, 127 S.Ct. 1105 (2007).

2

Certificate of Service

The undersigned states upon information and belief that the within motion was served upon the entities named below by the court's CM/ECF system on the date set forth above, and upon the debtor by email, since he has refused to provide me with his current postal address.

                         Respectfully submitted,

                         /s/   David G. Baker
                         David G. Baker

Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com

Carolyn Bankowski-13 - 13trustee@ch13boston.com

John Fitzgerald -USTPRegion01.BO.ECF@USDOJ.GOV

John C. Ottenberg on behalf of Creditor Foley Hoag LLP  - ottenberg@odllp.com