01/05/2016 The request to withdraw as counsel is allowed. The Movant's request that the Debtor be ordered to cease communication with the Movant and Attorney Kitaeff is denied as such request is substantively and procedurally improper.

𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 𝔠𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫, 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔒𝔣 𝔐𝔞𝔰𝔰𝔞𝔠𝔥𝔲𝔰𝔢𝔱𝔱𝔰

| In re | |
|---|---|
| Andre Bisasor, | Docket No.: 15-13369 |
| | Chapter 13 |
| Debtor | |

## MOTION FOR LEAVE TO WITHDRAW REPRESENTATION

NOW COMES David G. Baker, currently attorney of record for the debtor in the above captioned matter, and respectfully moves the court pursuant to MLBR 13-6 for leave to withdraw representation of the debtor due to apparently irreconcilable conflict about the prosecution of this case. In support of this motion, I state as follows:

1. The debtor contacted me on or about September 11, 2015. He had filed a chapter 13 petition *pro se*. The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.
2. As is more fully stated in the Application for Compensation, filed concurrently herewith, there was substantial litigation in this court concerning whether he could cure his default in rent payments.
3. From and after the original engagement, Mr. Bisasor consumed inordinate amounts of time in arguing with me concerning legal principles and the minutiae of bankruptcy (or his view of the same), and then doing whatever he wanted to do, heedless of my advice and recommendations.
4. He also repeatedly filed documents and motions *pro se* (including a notice of settlement of his dispute with the landlord, without disclosing any details, and notices of appeal without paying the filing fees), notwithstanding having engaged me to represent him. His excuse for doing so was that I was hospitalized and he could not reach me. This has no merit; he was repeatedly told that he could contact me by telephone and/or email, and that I could (and did) file documents electronically where appropriate. In fact, on one occasion he came to the hospital and met with me in a conference room.
5. He has refused to provide me with his current address, which is necessary since he was evicted, and has also refused to provide me with budget information so that I can file amended Schedules I and J and an amended chapter 13 plan (which at this point is probably futile).
6. Although the trustee had twice acceded to his request to reschedule the first meeting of creditors and rescheduled it to December 9, he refused to attend, claiming that because I was still hospitalized, he was not comfortable attending. This was in spite of the fact that