UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br>    Andre Bisasor<br><br>    Debtor, | )<br>)<br>)   Chapter 13<br>)   Case No.: 15-13369<br>)<br>) |

## NOTICE OF INTENT TO FILE A RESPONSE TO MOTION TO WITHDRAW AND OBJECTION TO APPLICATION FOR COMPENSATION

I, Andre Bisasor, hereby give notice of my intent to file a response to debtor's counsel (David G. Baker) motion to withdraw and an objection to his application for compensation. In my forthcoming response and objection, I intend to show and prove not only that there are numerous factual inaccuracies in his filings (for example: **1.** I was not evicted but negotiated an agreement with the Landlord pursuant to a settlement agreement, **2.** I did pay him a $400 payment though he says I paid him nothing, which contradicts his own earlier filing in the case **3.** I never signed the retainer agreement because I objected to it as it did not reflect our verbal agreement, not because of an oversight as he claims – he never presented the written agreement to me until several weeks after he agreed to engage me as client, **4.** I met with him once at the hospital on his first hospitalization around the end of September as I went the extra mile to try to accommodate his medical situation, but not on his second hospitalization around the end of November wherein he told me he was too busy with rehabilitation and recovery to meet with me or to even speak with me by phone for weeks including up to the time of the 12/9/15 341 meeting, **5.** His time-keeping records are erroneous and his telephone records are misleading with the majority of the entries being either missed calls he missed and/or voicemails I left for him due to my inability to reach him on numerous occasions, etc.), but also I intend to show and prove that David G. Baker is dishonest and has perjured himself in his two recent filings and/or that he otherwise is suffering from mental illness/is incapacitated and not fit to practice law.

As I will show, he is clearly unable or unwilling to adequately and fully perform the duties of a lawyer in a diligent, competent and prompt fashion. He consistently forgets things that I have said to him; He mixes up facts that he gets confused; He is unable to discern reality from his own stubborn opinion; He has missed filing deadlines on several occasions resulting in certificate of default; He references inapposite cases in his pleadings even after he is warned that they are inapposite; He has also filed several erroneous filings that has to be corrected or withdrawn; He is not returning phone calls or refuses to meet with me as client, and engages in otherwise bizarre behavior, all of which are signs of mental impairment. He also has delusions that he is very close social friends with Judge Joan Feeney and he boasts that she introduces him as a "fighter" to people at parties, etc.

He also has violated attorney-client confidentiality in these filings and has been vindictive, reckless and disloyal to me as client and has essentially abandoned me as client for some period of time now. He is lied about what took place regarding the 341 meeting on 12/9/15 and deceptively twisted the facts to try to cover his rear end. He has lied about the situation with Mr. Jeff Kitaeff. Now he is attempting to harm me with these filings when he could have done a simple motion to withdraw

without disclosing confidential communications, etc (i.e. a withdrawal motion should show careful restraint in not harming a client).

NB: I had previously attempted to fire David Baker prior to the 12/9/15 creditors 341 meeting because of his erratic behavior, and his abandonment of me as client (of which I notified the Chapter 13 trustee prior to the 341 meeting on 12/9/15), but David Baker refused to be fired, telling me that only the Judge can take him off my case). I also tried to fire him because he had forced me to stay in Chapter 13 prior to the 341 meeting on 12/9/15, even though I told him that I needed to do a Chapter 7 conversion due to the changes in my circumstances, but he refused to do the Chapter 7 conversion because of a conflict of interest in not wanting his fees to be discharged in a Chapter 7 conversion. Since the date of my attempt at firing him, David G. Baker has kept himself on my case, but yet refused to meet with me or to address outstanding issues in my case for all these weeks (even after he was recently released from the hospital), even though he knows a hearing was pending and upcoming and even though he knows he has not addressed several critical outstanding issues in my case. All of this I will show by written proof in my response.

As an officer of the court, he should not be allowed to wreak havoc on unsuspecting clients i.e. it has since come to my attention that he has been disciplined by the bar counsel previously for similar behavior and has also otherwise been the subject of several complaints by other clients who have had SEE similar experiences. (He should be examined by the US trustee or someone to evaluate if he is a harm). ATTACHED

I ask that the court not rule on these filings until I have had a chance to file my response as I was blindsided suddenly by David Baker's bizarre, erratic and outrageous filings yesterday, which occurred without warning to me, without discussing it with me and without any attempt to resolve the issues (which could have potentially been resolved by simple conversation) and which also occurred in the context of my simply requesting a meeting with him (and/or his substitute counsel), which I have not been able to do for over two months now, and which also occurred in the context of my requesting that my questions and issues pertaining to my case be addressed in lieu of the upcoming hearing so that I am not left hanging, which he has intransigently and defiantly refused to do.

Respectfully Submitted,
The Debtor,

*Andre Bisasor*
Andre Bisasor
3000 Presidents Way #3413
Dedham, MA 02026
781-492-5675

Dated: January 5, 2016



Mass.gov

*EXHIBIT 1*

*BAR DISCIPLINE OF*

*DAVID G. Baker*

Public Reprimand No. 2007-27

# DAVID GLENN BAKER

Order (public reprimand) entered by the Board December 17, 2007.

## SUMMARY[1]

The respondent received a public reprimand for the conduct described below.

1. In May 2006, the respondent agreed to represent a seller of residential real estate, anticipating a simple straightforward transaction. The respondent had no experience representing lenders in real estate closing transactions and had limited experience and no specialized training representing buyers or sellers in real estate transactions.
2. In August 2006, the buyer qualified for a mortgage. The buyer or the mortgage broker informed the lender that the purchase price was $489,000. and that the seller would take back a second mortgage in the approximate amount of $73,000. The lender agreed to the terms of the second mortgage.
3. The closing took place on September 18, 2006, at the Suffolk County Registry of Deeds. A settlement agent, the respondent, the respondent's client (the seller), the buyer and the seller's broker were present at the closing. The buyer was not represented. At or just prior to the time of the closing, the buyer began to have second thoughts and wanted to renegotiate the terms of a second mortgage that he agreed to give to the seller. Further, the buyer protested that the buyer and seller had signed a purchase and sale agreement at a lower purchase price. The buyer threatened to walk away from the transaction putting the respondent's client at risk of foreclosure or financial harm. The respondent, his client and the buyer discussed the matter outside the presence of the settlement agent.
4. After consulting with his client, the respondent hand-drafted an agreement and the agreement was signed by the parties and the respondent stating that the seller would accept $25,000 (to be repaid within three years) in full consideration of the second mortgage, and that the buyer would receive a payback on the stated purchase price in the amount of $20,000.
5. After the agreement was signed, the parties went back to the closing table. The buyer and the seller then executed a HUD-1 settlement statement prepared by the settlement agent. The statement reflected a contract sale price of $489,000, a principal loan of $415,650, plus a second mortgage back to the sellers in the amount of $73,350.
6. At no time did the respondent inform the settlement agent of the agreement or the revised terms of the transaction. The settlement agent had no knowledge that the HUD-1 did not reflect the actual terms between buyer and seller, the true nature of the transaction or that there were substantial seller's concessions at the time he asked the parties to execute the HUD-1. The settlement agent had no knowledge of any prior discussion of the parties regarding any reduced purchase price or revised mortgage.
7. The seller signed the HUD-1 settlement statement and certified that it was a true and accurate statement of all receipts and disbursements made and that he had carefully

reviewed the document. At no time did the respondent discuss with his client the language of the certification or the potential consequences of signing a HUD-1 settlement statement that did not reflect the true nature of the transaction.

8. At no time did the respondent intend to defraud the buyer's lender or the secondary mortgage market. The respondent did not appreciate that the terms of the side agreement should have, at minimum, been disclosed to the settlement agent, and the therefore failed to inquire of the settlement agent, or other more experienced counsel, whether the agreement executed outside of closing was, or might potentially be deemed, an unauthorized seller's concession. The lender has been made aware of the side agreement and has elected not to pursue any remedies against the buyer or seller.
9. The respondent's failure to provide competent and diligent representation to his client, and his failure to discuss with his client the potential consequences of signing a misleading HUD-1 settlement statement, were in violation of Mass. R. Prof. C. 1.1, 1.3 and 1.4.
10. The respondent's failure to affirmatively disclose to the settlement agent that the HUD-1 settlement statement signed by his client did not reflect the actual terms and disbursements, constituted a misrepresentation of fact, in violation of Mass. R. Prof. C. 8.4(c).
11. This matter came before the Board on a stipulation of facts and disciplinary violations and a joint recommendation for discipline by public reprimand. The Board accepted the parties' recommendation and imposed a public reprimand.

---

[1] Compiled by the Board of Bar Overseers based on the record of proceedings before the Board.

---

| Site Index | ∨ | Go! |

BBO/OBC Privacy Policy. Please direct all questions to webmaster@massbbo.org.
© 2003. Board of Bar Overseers. Office of Bar Counsel. All rights reserved.

Email (https://ads.avvo.com/ads/click?ad_click_type=contact&impression_guid=74575015-... 929b7fde8e87&sig=5fe602235a20c0e50d34a4d34... 3A%2F%2Fwww.avvo.com%2Fattorneys%2F02109-... 2Fcontact.html)

Email (https://ads.avvo.com/ads/click?ad_click_type=contact&impression_guid=26efe867-... ...) 4256994%2Fcontact.html)

Email (https://ads.avvo.com/ads/click?ad_click_type=contact&impression_guid=61c2... ...) 2Fcontact.html)

Website (https://ads.avvo.com/ads/click?ad_click_type=website&impression_guid=74575015-... 929b7fde8e87&sig=13aad98c782d5336d5ee21879... 3A%2F%2Fwww.avvo.com%2Fattorneys%2F02109-... 2Fwebsite.html%3Fad_id%3D47534%26ad_type%3D...)

Website (https://ads.avvo.com/ads/click?ad_click_type=website&impression_guid=26efe867-... ...) 4256994%2Fwebsite.html%3Fad_id%3D34379%26a...)

Website (https://ads.avvo.com/ads/click?ad_click_type=website&impression_guid=61c2... ...) %3Fad_id%3D60246%26ad_ty...

Profile (https://ads.avvo.com/ads/click?ad_click_type=profile&impression_guid=74575015-... 929b7fde8e87&sig=44f08cdf66ee8e402e63307be... 3A%2F%2Fwww.avvo.com%2Fattorneys%2F02109-... 1844741.html)

Profile (https://ads.avvo.com/ads/click?ad_click_type=profile&impression_guid=26efe867-... ...6c68757d1fd5f2959f... avvo.com%2Fattorneys%2F01801-... 4256994.html)

Profile (https://ads.avvo.com/ads/click?ad_click_type=profile&impression_guid=61c23... ...5d850b4e4bc7e8... avvo.com%2Fattorneys%2F0... 892580.html)

EXHIBIT 2 → AVVO REVIEWS ONLINE

## Client reviews

★ ☆ ☆ ☆ ☆

(/attorneys/02115-ma-david-baker-1335368/reviews.html)

out of 1 total > (/attorneys/02115-ma-david-baker-1335368/reviews.html)

Review David Baker (/attorneys/02115-ma-david-baker-1335368/write_review.html)



Posted by a client on Mar 4, 2015

### PLEASE STAY AWAY

Due to his ignorance and due not having knowledge with Bankruptcy Law, David Baker has caused great financial hardship to my family. He also does not carry any type of insurance so buyer beware. He has no competency whatsoever and he is disrespected by other attorney and clerks at Bankruptcy Court. I wish I never hired this attorney and want to prevent others from making the same mistake.

ADVERTISING



**Patrick Culhane**

Helping Massachusetts Residents Transfer & Protect Their Assets.

**Call 781-917-3131**

✔ Chapter 7 Bankruptcy
✔ Chapter 13 Bankruptcy
✔ Call For A Free Consultation

View Website

(https://ads.avvo.com/ads/click?ad_click_type=website&impression_guid=178f-4cd8-b6c8-1890d2a9df96&sig=3008e6ea9d032dfeb3A%2F%2Fwww.avvo.com%2Fattorneys%2F02184-ma-patrick-culhane-1352643%2Fwebsite.html%3Fad_id%3D49503%26ad_type%3DDA)

Exhibit 3

AVVO Online

Q "Business" – or – "John Smith"   David Baker   ♀ Seattle, WA   ✉ Email (/attorneys/02115-ma-



# David Glenn Baker

ⓘ This lawyer has been disciplined by a state licensing authority.

(/attorneys/02115-ma-david-baker-1335368.html)

Practice areas:
Chapter 13 Bankruptcy,
Chapter 7 Bankruptcy

♀ Boston, MA
💼 Licensed for 19 years

## Client Rating:
★☆☆☆☆
out of 1 review

## Avvo Rating:
**7.7** out of 10
Learn about the Avvo Rating >
(/support/avvo_rating)

SPONSORED LISTINGS

 **Melissa Ann Conner**
(https://ads.avvo.com/ads/click?...)
★★★★★ 6 Reviews
9.9 Avvo Rating
"Helping You Affordably Resolve Your Debts! Call Today 617-819-8763"

 **Danielle M. Callahan**
(https://ads.avvo.com/ads/click?...)
★★★★☆ 9 Reviews
"If You Are In Financial Crisis, Call Today For A FREE Consultation 617-934-1482"

 **David Barry Madoff**
(https://ads.avvo.com/ads/click?...)
**10.0** Avvo Rating
"Zealously Providing Bankruptcy Advice To Individual Consumers & Corporations. Call 508-342-8673"