UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:

    Andre Bisasor )   Chapter 7
) Case No.: 15-13369
    Debtor,

## REQUEST TO RECONSIDER MOTION TO WAIVE APPELLATE FEES

I, Andre Bisasor, hereby request reconsideration of the motion to waive appellate fees. In support of this, I state the following:

### PROCEDURAL HISTORY

1. On November 2, 2015, my attorney David G. Baker filed a motion to extend time to file a notice of appeal (relating to the court's ruling on October 19, 2015, hereinafter "first appeal") for 14 days until November 16, 2015.NB: He had agreed to represent me on my appeals regarding the rulings of this court on October 19, 2015, i.e. my first appeal, and October 21, 2015 (hereinafter "second appeal"). In that motion on 11/2/15, Mr. Baker acknowledged that the extension was requested because negotiations with the Landlord were underway and that there was progress in those negotiations (as he was cc'd on all such communications and/or asked to pass along communications from the landlord to me).

2. The court allowed the motion on November 4, 2015.

3. However, there was another deadline to file a notice of appeal for my second appeal (regarding the ruling on October 21, 2015 on the co-debtor stay) that was to expire on November 4, 2015. Mr. Baker forgot to file an extension request on that appeal as well. Mr. Baker was nowhere to be reached and so at the last minute on November 4, 2015, I rushed to the court to file a notice of appeal on my own (at about 5pm at closing of the court office), so that my legal position would not be destroyed because of my attorney's negligence.

4. I also filed a motion to waive appellate fees along with my notice of appeal as I was advised by the court staff that this was proper procedure for instances where an appellant is not able to afford such fees.

5. On November 6, 2015, the court asked that I provide updated schedules I and J so that the court could rule on the motion. It did not specify a time limit to do so.

6. The deadline for the extension to file a notice of appeal for my first appeal (i.e. for ruling on October 19, 2015) was set to expire on November 16, 2015. This was the extension that Mr. Baker himself filed on November 2, 1015. Yet, the deadline came and Mr. Baker did not follow through on filing the notice of appeal.

7. I therefore filed a notice of appeal for my first appeal in order to preserve my appellate rights.

8. Again I filed a motion to waive appellate fees asking that both motions to waive fees be consolidated.

9. During or about that same time period, Greystar and myself had been engaging in intense negotiations with the objective of settling the global issues related to the underlying landlord-tenant dispute.

10. The court indicated that it construed my motion as a request for my time and so it allowed time for me to respond and/or to finalize settlement negotiations with the landlord as outlined below.

## SETTLEMENT NEGOTIATIONS

11. On October 21, 2015, after litigation on the motion to lift stay had concluded, the court allowed Greystar the right to proceed with eviction. However, later that night before the morning of the October 22, 2015, the landlord agreed not to evict, in interests of reaching a global settlement including settling all of my counterclaims (and that of my wife). A process of settlement negotiations was underway and key terms were put through several iterations or rounds of offers and counteroffers.

a. Because of the number of parties involved including the management company (Greystar), the actual landlord entity (Jefferson at Dedham Station) and its parent company (Deutsche Bank), the process did suffer from a lack of speed.

b. However, much progress had been made through the first half of the month of November with all financial terms agreed to (i.e. $43,000 in cash and $70,000 + in back rent and in claims related to loss of rent on the temporary apartment, totaling just over $100,000) but with only one non-financial item remaining that was a sticking point i.e. which was my desire to have acknowledged certain medical documentation from my doctors that proved that I was objectively ill on May 26, 2015 (NB: the issue of my being ill led to the default in the underlying summary process case).

c. In addition to the underlying equites and merits of my defense and counterclaims involved in the underlying landlord tenant dispute, the issue of the entry of default was part of what would motivate me to continue litigating the underlying case because I felt strongly that the Dedham State Court Judge's decision to not allow a continuance because I was in the hospital was clearly wrong and for him to substitute his medical opinion (i.e. I "looked fine to him" on Thursday May 21, 2015 at a status hearing) for the opinion of four different doctors who had charge of my care at a later date, from Friday March 22 through May 29, 2015 (the time at the default was entered for my missing a routine pre-trial status hearing), was clearly an abuse of discretion.

d. This was additional documentation that the district court judge in the summary process case had not seen and so since I would never have the chance to vindicate this issue by never being able to present such proof, I simply wanted that item to be acknowledged and agreed to by the landlord in the settlement agreement.

e. However, the landlord, for reasons not clear to me, was hesitant to sign acknowledgement of receiving such documentation regardless of if it coming directly to them from my doctors.

    f. Negotiations then became delayed due the intervening Thanksgiving holidays where the landlord was unavailable to respond for about 3 weeks but the negotiations eventually continued at a later point over this one issue until around the first week of December 2015 when the parent company's lawyer suggested a way around it: namely that this item be included in the recitals or preamble section of the actual settlement documentation but not in a separate document. So I finally agreed to that subject to seeing the fine print of the actual documentation.

    g. Hence as of December 16, 2015, we reached an agreement in principle on all terms that had been negotiated and this was what I reported to the court on December 18, 2015.

12. In my notice to the court on December 18, 2015, I therefore indicated that, in good faith we had reached settlement and that we would be finalizing documentation shortly and so I would likely withdraw my appeals.

    a. I had previously asked the court for an extension of time to submit the requested documentation, on three grounds, one of which was based on the fact that a full settlement agreement was near and this would make moot any appeals, eventhough I had wanted to preserve my right to appeal just in case the settlement talks ultimately proved unsuccessful (which was reasonable). My attorney had also previously indicated confirmation that negotiations were underway and that there was progress towards reaching agreement.

    b. The other two grounds included: 1) that along the way, my attorney was hospitalized again for a long period of time in the latter part of November 2015 and I was unable to meet with him to go over the information and questions pertaining to my updated schedules (i.e. I wanted to ensure that it was done accurately and in accordance with the law); and 2) I was in transition at that time as I eventually moved from the apartments under dispute (because eventhough the landlord did not move to evict on October 22, 2015, the landlord and I had ironed out a partial settlement agreement that related to the issue of possession and this included my moving at a later time on my own and not pursuant to an eviction, in order to facilitate an amicable

process of negotiation of all of the global issues inclusive of my counterclaims and that of my wife). However, because of this transition, my situation had changed and was influx with certain costs not being clear or finalized during that period of transition, among other things, and so it was difficult to represent what my new costs were really going to be going forward.

13. By the time third week of December 2015 came, the landlord and their attorney became unavailable once again from December 16, 2015 to January 4, 2016 due to the Christmas holidays. This resulted in a significant delay in wrapping up the fine print of the documentation. During the interim, I had expressed concerns about that delay but I was assured by the parent company's lawyer that the delay was due only because of the holidays and because they were out of the office and that once they returned, the process would resume. SEE ATTACHED: EXHIBIT 1

14. On January 4, 2015, I received follow-up from the landlord but certain terms that we had agreed to were missing from the contract. I was relying on the landlord to draft the language because although my attorney was included on prior settlement email communications, my attorney had previously indicated to me that he could not help or speak to the settlement negotiations or to the settlement documentation language because that was not his "expertise". Therefore, all of the settlement negotiations and the language drafting issues were left to me to do by myself without any help or assistance from my attorney.

15. As this court knows, on January 4, 2015, my attorney Mr. Baker (in a blindsiding sudden move) filed a bizarre and reckless motion to withdraw which could have potentially sabotaged my negotiations with the landlord.

16. Since then I have been in communication with the landlord about the missing terms in the contract and in this past week had asked for the final contract with all missing terms agreed to, to be sent to me for me to sign off on. I was told that I would be receiving a response soon. However, because I have to protect myself, I need to still preserve my appeal just in case for some reason, the landlord goes back on their agreement and the matter for some reason is not resolved. I have no clear indication that they will go back on their agreement but because of the long delay in wrapping this

up, I have to account for that possibility and I would not want my legal position destroyed because of that.

## CONCLUSION

17. Hence, given all of the above and the twist and turns of what has transpired, I am taking the prudent step of submitting my updated schedules now as part of this motion to reconsider, eventhough I still expect that I will likely be withdrawing my appeals. *See Attached Schedule I and J*

18. Since the court only required the updated schedules in order to see my updated financial situation as a precursor to granting the motion to waive appellate fees, I trust that this would be sufficient to grant an allowance at this juncture.

19. I apologize to the court that the settlement has not yet been finalized and that a final agreement has not been submitted to the court for approval as yet, but much of it was outside of my control and is subject to cooperation from multiple parties. I could not have imagined that it would have taken this long to wrap things up but I remain hopeful that it will be wrapped up shortly.

20. I am also now in a better position to estimate my costs going forward at least for the time being.

21. I am asking for the above to be taken into account and that my motion to waive appellate fees be allowed. [NB: Since I am operating pro se at this juncture, it is my understanding that all my statements and requests should be construed liberally and interpreted in a light most favorable.]

WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper.

Respectfully submitted,
Andre Bisasor
Andre Bisasor, The Debtor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: January 22, 2016

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS DIVISION

In re: __Andre Bisasor__    Case no.: __15-13369__

Debtor.    Chapter __7__

**CERTIFICATE OF SERVICE RE:**

I, __Andre Bisasor__, the Debtor in the above matter hereby certify that on __1/22/16__ I mailed a true and completely copy of __motion to reconsider__, a copy of which is attached hereto, via US Postal Service First Class Mail, with postage prepaid, addressed to the parties noted below my signature and on the attached pages.

Respectfully submitted:

__Andre Bisasor__

DATED: __1/22/16__    __Andre Bisasor__, Debtor Pro se

Address: __119 Drum Hill Rd, #233__

__Chelmsford, MA 01824__

Telephone Number: __781-492-5675__

1) John Aquino
   240 Lewis Wharf
   Boston, MA 02110

2) David Baker
   236 Huntington Ave, Ste 302
   Boston MA 02115

3) John Fitzgerald
   5 Post Office Sq, 10 FL, Ste 1000
   Boston MA 02109

4) Donna Ashton
   28 Church Street, Ste 10
   Winchester, MA 01890

**EXHBIT 1: EMAILS SHOWING PROGRESS OF SETTLEMENT AND THE DELAY DUE TO THE HOLIDAYS**

-----Original Message-----
From: Oetheimer, Richard A <ROetheimer@goodwinprocter.com>
To: Andre Bisasor <quickquantum@aol.com>
Sent: Thu, Dec 31, 2015 3:15 pm
Subject: RE: Bisasor

I can assure you it is only the holidays. I know Ms. Ashton has been out of the office. I am also out of the office until Monday. I am certain you will receive a response when everyone is back at work in the New Year.

Sent from my Verizon Wireless 4G LTE smartphone


-------- Original message --------
From: Andre Bisasor <quickquantum@aol.com>
Date: 12/31/2015 1:51 PM (GMT-05:00)
To: "Oetheimer, Richard A" <ROetheimer@goodwinprocter.com>
Subject: Fwd: Bisasor

Mr. Oetheimer,

Please see below my email to Ms. Ashton/Ms. Turner. I am getting the impression that some kind of game is being played here. Unfortunately, this does not only affect Ms. Ashton or her partners but it also affects several others as well. I'm not sure what is going on but could you please ensure that this matter is attended to in a timely manner.

Thank you,

Andre Bisasor


-----Original Message-----
From: Andre Bisasor <quickquantum@aol.com>
To: quickquantum <quickquantum@aol.com>; cmt <cmt@ashton-law.com>
Cc: dma <dma@ashton-law.com>
Sent: Thu, Dec 31, 2015 1:39 pm
Subject: Re: Bisasor

Dear Ms. Ashton and Ms. Turner,

First, I would like to confirm that you received my emails.

I have a deadline of January 7 to let the federal court know if I am proceeding with the FDCPA action as well as other deadlines.

I would like to be able to have our documentation completed by no later than Jan 5. This means I need to get the revised document (in word format) as soon as possible so that we can have enough time to finalize the paperwork.

The last time I received communications from you was on December 18 which is 13 days ago. I realize that we are in a holiday time but I am sure that you are keeping tabs by email and that the items that were missing from the documentation should be easy to draft and include. It is quite unusual to go for two weeks without responding to my emails on this matter. I'm sure you are responding to other people's emails. Ms. Turner is back in the office since Dec 28 but no reply is forthcoming

As you know, this matter is also time-sensitive given the pending matters before several courts. If I have to move forward with any of these matters, this will significantly change the dynamics and I mean that. For one, it will mean that I will require new costs to be added to the settlement. It will also mean that my willingness to drag this out any further will expire and maybe we need to proceed with litigation, which I will be fully committed to doing. I thought we both are interested in settling this matter so I don't get why there has been such an unreasonable delay in wrapping things up. If you dont really want to settle, then please let me know so that I can act accordingly.

So I look forward to your reply. If I don't hear back asap, then I will have no choice but to assume that something is wrong or bad faith or that you are wanting to have these deadlines pass so that I relinquish my rights.

Sincerely,

Andre Bisasor

-----Original Message-----
From: Andre Bisasor <quickquantum@aol.com>
To: cmt <cmt@ashton-law.com>
Cc: dma <dma@ashton-law.com>
Sent: Wed, Dec 23, 2015 12:22 pm
Subject: Re: Bisasor

Dear Ms. Turner,

I sent the below email and got an automatic reply from Ms. Ashton's email saying that she would be on vacation until Jan 3.

I wanted to find out if I will be able to get an expeditious reply to my email below prior to that. It would be ideal if you could work on a response and provide it to me as soon as possible.

Thanks,

Andre

Fill in this information to identify your case:

Debtor 1 __Andre Bisasor__

Debtor 2 ____
(Spouse, if filing)

United States Bankruptcy Court for the __District of Massachusetts__

Case number __1:15-bk-13369__
(If known)

Check if this is:
☒ An amended filing
☐ A supplement showing post-petition chapter 13 expenses as of
☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household

UPDATED EXPENSES AS 1/6/16

## Official Form 6J
# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. Is this a joint case?

   ☐ No. Go to line 2.
   ☒ Yes. Does Debtor 2 live in a separate household?

      ☒ No.
      ☐ Yes. Debtor 2 must file a separate Schedule J.

2. Do you have dependents?    ☒ No
   Do not list Debtor 1 or Debtor 2.    ☐ Yes. Fill out this information for each dependent
   Do not state the dependents' names.

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|

3. Do your expenses include expenses of people other than yourself and your dependents?    ☒ No    ☐ Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as your bankruptcy filing date unless you are using this form as supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date

Include expenses paid for with non-cash governmental assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 6I).

Note: Expenses for property other than the debtor(s)' primary residence(s), if any, are reported in the Summary of Business/Real-Estate Income & Expense annexed to Schedule I.

Note: Monthly payments that are being made through the Chapter 13 Plan, if any, are not included in the expenses listed on this schedule.

|    | Your expenses |
|---|---|
| 4. The rental ~~or home ownership~~ "Housing" expenses for your residence. Include first mortgage payments and any rent for the ground or lot. | 4. ~$2,600 |
| If not included in line 4: | |
| 4a. Real estate taxes | 4a. |
| 4b. Property, homeowner's, or renter's insurance | 4b. $18.70 |
| 4c. Home maintenance, repair, and upkeep expenses | 4c. |
| 4d. Homeowner's association or condominium dues | 4d. |
| 5. Additional mortgage payments for your residence, such as home equity loans | 5. |
| 6. Utilities: | |

Official Form 6J    Schedule J: Your Expenses    Page 1

| | | |
|---|---|---|
| 6a. Electricity, heat, natural gas | 6a. | $200.00 |
| 6b. Water, sewer, garbage collection | 6b. | |
| 6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | |
| 6d. Other. Specify: N/A | 6d. | |
| 7. Food and housekeeping supplies | 7. | $200.00 |
| 8. Childcare and children's education costs | 8. | |
| 9. Clothing, laundry, and dry cleaning | 9. | $20.00 |
| 10. Personal care products and services | 10. | $30.00 |
| 11. Medical and dental expenses | 11. | $20.00 |
| 12. Transportation. Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $90.00 |
| 13. Entertainment, clubs, recreation, newspapers, magazine, and books | 13. | $20.00 |
| 14. Charitable contributions and religious donations | 14. | $50.00 |
| 15. Insurance. Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
| 15a. Life insurance | 15a. | |
| 15b. Health insurance | 15b. | |
| 15c. Vehicle insurance | 15c. | $70.00 |
| 15d. Other insurance. Specify: N/A | 15d. | |
| 16. Taxes. Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: N/A | 16. | |
| 17. Installment or lease payments | | |
| 18. Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, Schedule I, Your Income (Official Form 6I) | 18. | |
| 19. Other payments you make to support others who do not live with you. Specify: N/A | 19. | |
| 20. Other real property expenses not included in lines 4 or 5 of this form or on Schedule I: Your Income | | |
| 20a. Mortgages on other property | 20a. | |
| 20b. Real estate taxes | 20b. | |
| 20c. Property, homeowner's, or renter's insurance | 20c. | |
| 20d. Maintenance, repair, and upkeep expenses | 20d. | |
| 20e. Homeowner's association or condominium dues | 20e. | |
| 20f. Other. Specify: | 20f. | |
| 21. Other. Specify: Storage fees | 21. = $500 |
| Contingencies | | $50.00 |
| On-going litigation expenses | | $100.00 |
| 22. Calculate your monthly expenses. | | |
| 22a. Add lines 4 through 21. | 22a. | $868.70 + 2600 +500 |
| 22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Debtor 2's separate form | 22b. | = 3100 + 868.7 |
| 22c. Add line 22a and 22b. The result is your monthly expenses. | 22c. | $868.70  = 3968.70 |

NEW TOTAL = $3,968.70

23. Calculate your monthly net income

Official Form 6J      Schedule J: Your Expenses      Page 2

| | | | |
|---|---|---|---|
| 23a. Copy line 12 *(your combined monthly income)* from *Schedule I* | | 23a. | $3,650.00 |
| 23b. Copy your monthly expenses from line 22 above. | | 23b. | ~~$868.70~~ 3,968.70 |
| 23c. Subtract your monthly expenses from your monthly income. The result is your *monthly net income* | | 23c. | ~~$2,781.30~~ -$318.70 |

**24. Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

☐ No
☒ Yes. Explain.....

**Litigation expenses may increase.**

To make it simple, I corrected the previous schedules filed by my attorney, by adding new additional costs (best estimates).

Andre Bisasor
1/22/16

BKASSIST® Software Copyright© 2010-2015 by Walter Oney. All rights reserved.

Fill in this information to identify your case:

Debtor 1  **Andre Bisasor**

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the **District of Massachusetts**

Case number
**1:15-bk-13369**
(If known)

Check if this is:
☒ An amended filing
☐ A supplement showing post-petition chapter 13 income as of

# Official Form 6I
# Schedule I: Your Income

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

1. **Fill in your employment information**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

   | | Debtor 1 | Debtor 2 or non-filing spouse |
   |---|---|---|
   | Employment status | ☐ Employed<br>☒ Not employed | ☐ Employed<br>☒ Not employed |
   | Occupation | N/A | N/A |
   | Employer's name | N/A | N/A |
   | Employer's address | N/A | N/A |
   | How long employed there? | N/A | |

### Part 2: Give Details About Monthly Income

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary, and commissions before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $0.00 | $0.00 |
| 3. | Estimate and list monthly overtime pay. | $0.00 | $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | $0.00 | $0.00 |
| 5. | List All payroll deductions: | | |
| 5a. | Tax, Medicare, and Social Security deductions | $0.00 | $0.00 |
| 5b. | Mandatory contributions for retirement plans | $0.00 | $0.00 |
| 5c. | Voluntary contributions for retirement plans | $0.00 | $0.00 |
| 5d. | Required repayments of retirement fund loans | $0.00 | $0.00 |
| 5e. | Insurance | $0.00 | $0.00 |
| 5f. | Domestic support obligations | $0.00 | $0.00 |
| 5g. | Union dues | $0.00 | $0.00 |
| 5h. | Other deductions. Specify: | $0.00 | $0.00 |
| 6. | Add the payroll deductions. Add lines 5a through 5h | $0.00 | $0.00 |

| Debtor 1 | Andre Bisasor | | | Case number *(if known)* 15-bk-13369 |
|---|---|---|---|---|

| | | | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|---|---|
| 7. | Calculate total monthly take-home pay. Subtract line 6 from line 4. | | 7. | $0.00 | $0.00 |
| 8. | List all other income regularly received: | | | | |
| | 8a. Net income from rental property and from operating a business, profession, or farm | | 8a. | $0.00 | $0.00 |
| | Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | | | | |
| | 8b. Interest and dividends | | 8b. | $0.00 | $0.00 |
| | 8c. Family support payments that you, a non-filing spouse, or a dependent regularly receive | | 8c. | $0.00 | $0.00 |
| | Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | | | | |
| | 8d. Unemployment compensation | | 8d. | $0.00 | $0.00 |
| | 8e. Social Security | | 8e. | $0.00 | $0.00 |
| | 8f. Other government assistance that you regularly receive | | 8f. | $0.00 | $0.00 |
| | Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies. Specify: | | | | |
| | 8g. Pension or retirement income | | 8g. | $0.00 | $0.00 |
| | 8h. Other monthly income. Specify: Self employment D1 $2,500.00 D2 $1,150.00 | | 8h. | $2,500.00 | $1,150.00 |
| 9. | Add all other income. Add lines 8a-8h. | | 9. | $2,500.00 | $1,150.00 |
| 10. | Calculate monthly income. Add line 7 + line 9. Add the entries in line 9 for Debtor 1 and Debtor 2 or non-filing spouse. | | 10. | $3,650.00 | |
| 11. | State all other regular contributions to the expenses that you list in *Schedule J*. | | 11. | $0.00 | |
| | Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives. | | | | |
| | Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*. | | | | |
| | Specify: | | | | |
| 12. | Add the amounts on lines 10 and 11. The result is the combined monthly income. Also write that amount on the *Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data,* if it applies. | | 12. | $3,650.00 | |
| 13. | Do you expect an increase or decrease within the year after you file this form? | | | | |
| | ☐ No ☒ Yes. Explain..... | **Income is projeted from 2013 because in 2014, debtor became embroiled in legal dispute with his landlordd, which consumed too much time. He has hired an attorney for this bankruptcy case so that he can pay more attention to his business.** | | | | |

*I am leaving this schedule as is, as my projected income, based on what my attorney previously (eventhough my life was impeded by my transition over the past several weeks. Going forward, I expect things to normalize.*

*Andre Bisasor*
*1/22/16*