United States Bankruptcy Court
District of Massachusetts

In re:                                                                Case No. 15-13369-jnf
Andre Bisasor                                                         Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0101-1      User: lkaine           Page 1 of 1           Date Rcvd: Mar 03, 2016
                          Form ID: pdf012        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 05, 2016.
db          +Andre Bisasor,   119 Drum Hill Road,   #223,   Chelmsford, MA 01824-1505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

          ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2016                               Signature:   /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 3, 2016 at the address(es) listed below:
              David G. Baker    on behalf of Other Professional David G. Baker
               bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org
              Donna Ashton    on behalf of Creditor    Greystar Management Services LP as agent for owner
               RAR2-Jefferson at Dedham Station MA Inc. dma@ashton-law.com
              John Aquino    jja@andersonaquino.com, jaquino@ecf.epiqsystems.com
              John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
              John C. Ottenberg    on behalf of Creditor    Foley Hoag LLP ottenberg@odllp.com
                                                                                               TOTAL: 5

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE: )
    Andre Bisasor )    Chapter 7
  )     Case No.: 15-13369
    Debtor, )
  )

*03/03/2016 Motion allowed.*

## ADDITIONAL REQUEST FOR EXTENSION OF TIME TO FILE OBJECTION TO APPLICATION FOR COMPENSATION

I, Andre Bisasor, hereby request an absolute final extension of time until 3/29/16 to file objection to debtor's counsel (David G. Baker) application for compensation. Grounds are as follows:

1. As this Court is aware, I have previously had some challenges in getting new counsel.
2. I am informing the Court that I am now close to getting new counsel.
3. In particular, I have spoken to one such potential new counsel who has advised that I request of the Court one last extension due to extenuating circumstances in that I am close to getting new counsel and in that I have follow-up meetings this week/next week towards finalizing/securing new counsel.
4. Some of the key obstacles that I have had in getting new counsel includes finalizing cost and scope of work. For example:
   a. New counsel has to review the underlying state court and bankruptcy court litigation, the appeals, the chapter 13 record, the chapter 7 conversion and the related litigation in federal court as well as a pending settlement matter.
   b. The objection to Baker's application to compensation is only one part of what new counsel is required to take on in representing me. If new counsel only had to address the objection to Baker's application for compensation, then it would be less complicated to some extent.
   c. Similarly, if I was hiring new counsel to only do a simple and straightforward Chapter 7 case, then it would be a little less difficult
   d. There are also complications arising from the implications of the malicious way in which Mr. Baker withdrew from the case as well as the high amount of money that he is seeking in his application.
   e. Furthermore, it takes some amount time for any new counsel to review all of the related matters and to come to an agreement with me regarding the scope of work and to determine the estimated cost.
   f. I also need time to negotiate and/or to arrange for payment of the agreed-upon cost of representation.
5. Moreover, I have also been advised that the task of responding to Mr. Baker's application for compensation via an objection requires a certain amount of legal knowledge and know-how in order to be effective and that I should not under-estimate what is required in order to prevail in doing an objection.
6. I also have spoken to the trustee and, given the matters involved in my case including a pending settlement that involves the Landlord and myself (as well as my wife), it has become even more