## United States Bankruptcy Court
## Eastern Division, District Of Massachusetts

| In re | |
|---|---|
| Andre Bisasor, | Docket No.: 15-13369 |
| | Chapter 7 |
| Debtor | |

### MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE OR DISCHARGEABILITY

NOW COMES David G. Baker, formerly attorney of record for the debtor in the above captioned matter and an administrative claimant, and respectfully moves the court for a sixty-day extension of time to object to the debtor's discharge and/or the dischargeability of my administrative claim.  In support of this motion, I state as follows:

1.  The debtor contacted me on or about September 11, 2015.  He had filed a chapter 13 petition *pro se*.  The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.

2.  Pre-petition, he had litigated extensively *pro se* with the landlord, unsuccessfully, and an eviction warrant had been issued.

3.  With the *pro se* petition, he certified that there were circumstances under state law whereby he could cure the default.  He paid the first month's post-petition rent with the petition, which the clerk forwarded to the landlord.

4.  The landlord, however, objected to the certification and also moved for relief from the stay.  After extensive litigation, the court sustained the objection and granted relief from the stay (to the extent that it applied).

5.  The landlord then resumed eviction.  However, because the landlord had not requested relief from the co-debtor stay of §1301 as to Mr. Bisasor's wife, a motion for contempt was filed against the landlord.  That motion was allowed in part and denied in part, and the landlord thereafter completed the eviction.

6.  As more fully set forth in the motion for leave to withdraw representation, the debtor has been difficult to represent.  He has filed papers and appeals *pro se*, generally without consulting me first[1], and consumed comparatively excessive time in telephone calls and emails.

---

[1] The debtor's explanation would be that I was hospitalized and he was unable to reach me.  While it is true that I was hospitalized at times, he was always able to reach me by telephone or email, and I was always able to file documents electronically, if appropriate.  In fact, he came to my hospital and met with me in a conference room on one occasion.

7.    Eventually, the debtor terminated my employment and thereafter converted the case to one under chapter 7, *pro se*.  John Aquino was appointed trustee for the case.

8.    With leave of court, I withdrew representation and filed an application for compensation (an administrative claim).  The debtor has requested numerous extensions of time to file an objection to the application, to which I have not objected and the court has allowed.

9.    Although the petition was filed about six months ago, he refused to attend a meeting of creditors in the chapter 13 portion of the case notwithstanding that the chapter 13 trustee accommodated his requests for continuances.

10.    Post-conversion, the first meeting of creditors was scheduled for February 2.  Mr. Aquino made an entry on the docket indicating that the meeting had been continued to March 1 at the debtor's request.   There have been no further docket entries on that issue, but I am informed by Mr. Aquino that Mr. Bisasor did not attend that meeting, either, and it was continued – again – until March 29, at which time he finally appeared.

11.    According to the Notice of Chapter 7 Bankruptcy Case issued by the clerk (document 139) the deadline for objecting to discharge and/or dischargeability is April 4, 2016.

12.    On March 30, an attorney finally filed an appearance on the debtor's behalf, together with yet another motion for extension of time to object to my fee application.

13.    Given that the discharge/dischargeability deadline is less than one week from today, I respectfully suggest that the deadline should be extended until a decision is made on my fee application since the fee is presumptively dischargeable, and the passing of the deadline arguably would make my application moot except to the extent that there would be assets from which to pay it.

WHEREFORE I respectfully request that the court extend the deadline for objecting to discharge or dischargeability until June 3, 2016, subject to the right to seek a further extension should circumstances warrant.

March 30, 2016

Respectfully submitted,


/s/            *David G. Baker*
David G. Baker, Esq. (BBO # 634889)
Formerly Attorney for the debtor
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680

<u>Certificate of Service</u>

The undersigned states upon information and belief that the within motion was served upon the persons named below by the court's CM/ECF system on the date set forth above.

Respectfully submitted,

/s/            *David G. Baker*

David G. Baker

John Aquino
jja@andersonaquino.com, jaquino@ecf.epiqsystems.com

Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.
dma@ashton-law.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Dmitry Lev on behalf of Debtor Andre Bisasor
dlev@levlaw.net, ecf-notices@levlaw.net

John C. Ottenberg on behalf of Creditor Foley Hoag LLP
ottenberg@odllp.com