United States Bankruptcy Court
Eastern Division, District Of Massachusetts

| In re | |
|---|---|
| Andre Bisasor, | Docket No.: 15-13369 |
| | Chapter 7 |
| Debtor | |

04/01/2016 Motion allowed in part. The time is extended until June 30, 2016.

*(signed) Joan N. Feeney*

## MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE OR DISCHARGEABILITY

NOW COMES David G. Baker, formerly attorney of record for the debtor in the above captioned matter and an administrative claimant, and respectfully moves the court for a sixty-day extension of time to object to the debtor's discharge and/or the dischargeability of my administrative claim. In support of this motion, I state as follows:

1. The debtor contacted me on or about September 11, 2015. He had filed a chapter 13 petition *pro se*. The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.
2. Pre-petition, he had litigated extensively *pro se* with the landlord, unsuccessfully, and an eviction warrant had been issued.
3. With the *pro se* petition, he certified that there were circumstances under state law whereby he could cure the default. He paid the first month's post-petition rent with the petition, which the clerk forwarded to the landlord.
4. The landlord, however, objected to the certification and also moved for relief from the stay. After extensive litigation, the court sustained the objection and granted relief from the stay (to the extent that it applied).
5. The landlord then resumed eviction. However, because the landlord had not requested relief from the co-debtor stay of §1301 as to Mr. Bisasor's wife, a motion for contempt was filed against the landlord. That motion was allowed in part and denied in part, and the landlord thereafter completed the eviction.
6. As more fully set forth in the motion for leave to withdraw representation, the debtor has been difficult to represent. He has filed papers and appeals *pro se*, generally without consulting me first[1], and consumed comparatively excessive time in telephone calls and emails.

---

[1] The debtor's explanation would be that I was hospitalized and he was unable to reach me. While it is true that I was hospitalized at times, he was always able to reach me by telephone or email, and I was always able to file documents electronically, if appropriate. In fact, he came to my hospital and met with me in a conference room on one occasion.