United States Bankruptcy Court
District of Massachusetts

In re:                                                                  Case No. 15-13369-jnf
Andre Bisasor                                                           Chapter 7
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0101-1           User: lkaine          Page 1 of 1          Date Rcvd: Apr 01, 2016
                              Form ID: pdf012        Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 03, 2016.
db              +Andre Bisasor,    119 Drum Hill Road,    #223,    Chelmsford, MA 01824-1505

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                    TOTAL: 0

        ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2016                          Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 1, 2016 at the address(es) listed below:
          David G. Baker    on behalf of Other Professional David G. Baker
           bkecf@bostonbankruptcy.org;ecf@bostonbankruptcy.org
          Dmitry Lev    on behalf of Debtor Andre  Bisasor dlev@levlaw.net,  ecf-notices@levlaw.net
          Donna  Ashton    on behalf of Creditor   Greystar Management Services LP as agent for owner
           RAR2-Jefferson at Dedham Station MA Inc. dma@ashton-law.com
          John Aquino    jja@andersonaquino.com,  jaquino@ecf.epiqsystems.com
          John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
          John C. Ottenberg    on behalf of Creditor   Foley Hoag LLP ottenberg@odllp.com
                                                                              TOTAL: 6

*04/01/2016 Motion allowed in part. The time is extended until June 30, 2016.*

## United States Bankruptcy Court
## Eastern Division, District Of Massachusetts

| | |
|---|---|
| In re<br><br>    Andre Bisasor,<br><br>               Debtor | Docket No.: 15-13369<br><br>Chapter 7 |

### MOTION FOR EXTENSION OF TIME TO OBJECT TO DISCHARGE OR DISCHARGEABILITY

      NOW COMES David G. Baker, formerly attorney of record for the debtor in the above captioned matter and an administrative claimant, and respectfully moves the court for a sixty-day extension of time to object to the debtor's discharge and/or the dischargeability of my administrative claim.  In support of this motion, I state as follows:

1.    The debtor contacted me on or about September 11, 2015.  He had filed a chapter 13 petition *pro se*.  The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.

2.    Pre-petition, he had litigated extensively *pro se* with the landlord, unsuccessfully, and an eviction warrant had been issued.

3.    With the *pro se* petition, he certified that there were circumstances under state law whereby he could cure the default.  He paid the first month's post-petition rent with the petition, which the clerk forwarded to the landlord.

4.    The landlord, however, objected to the certification and also moved for relief from the stay.  After extensive litigation, the court sustained the objection and granted relief from the stay (to the extent that it applied).

5.    The landlord then resumed eviction.  However, because the landlord had not requested relief from the co-debtor stay of §1301 as to Mr. Bisasor's wife, a motion for contempt was filed against the landlord.  That motion was allowed in part and denied in part, and the landlord thereafter completed the eviction.

6.    As more fully set forth in the motion for leave to withdraw representation, the debtor has been difficult to represent.  He has filed papers and appeals *pro se*, generally without consulting me first[1], and consumed comparatively excessive time in telephone calls and emails.

---

[1] The debtor's explanation would be that I was hospitalized and he was unable to reach me.  While it is true that I was hospitalized at times, he was always able to reach me by telephone or email, and I was always able to file documents electronically, if appropriate.  In fact, he came to my hospital and met with me in a conference room on one occasion.