# United States Bankruptcy Court
## Eastern Division, District Of Massachusetts

| In re | |
|---|---|
| Andre Bisasor, | Docket No.: 15-13369 |
| | Chapter 7 |
| Debtor | |

## OBJECTION TO MOTION FOR EXTENSION OF TIME TO OBJECT TO FEE APPLICATION

NOW COMES David G. Baker, formerly attorney of record for the debtor in the above captioned matter and an administrative claimant, and objects to the debtor's most recent motion for an extension of time to object to my fee application. In support of this motion, I state as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted that the debtor has so stated.
9. Admitted.
10. Admitted. There are 22 days between March 29 and April 20.
11. Given that the case was voluntarily converted to chapter 7 by the debtor, acting pro se, nearly three and one-half months ago, it would be reasonable to believe that the debtor (a graduate of Harvard University) would be able to articulate to new counsel any issues the debtor had with the fee application and the quality of representation by now. Furthermore, new counsel is an experienced and competent bankruptcy practitioner who should be able to determine whether any of the debtor's issues were valid, even in the relatively short time frame of 22 days. While the original legal issues presented were novel and somewhat complex, those issues are past and new counsel needs only to assist the debtor in cooperating with the trustee in liquidating his non-exempt assets.
12. Admitted upon information and belief.
13. While the undersigned is pleased to hear that the debtor is working, it is respectfully suggested that that is insufficient grounds to neglect his obligations in this case.

14. Given that the undersigned met with the debtor at night, on the weekend, and even in hospital on one occasion, it is difficult to accept this allegation.
15. A further extension should be denied.
16. A further extension will prejudice the undersigned because it leaves his fee application in limbo.  Given that the debtor has repeatedly said that his extension requests would be "final", the court should take him at his word and not allow any further extensions.
17. FURTHER RESPONDING, the debtor has stated several times that I "abandoned" him.  Nothing could be further from the truth.  In fact, on December 9, the debtor sent an email to the chapter 13 trustee telling her that he had discharged me, *see attached*.  Given that his settlement with the landlord was not finalized, I delayed withdrawing in order to avoid any impact on that matter, which he insisted on handling himself.
18. I was previously informed by the landlord's attorney that the settlement is about $43,000, to be divided in some manner with his non-debtor wife.  Thus I believe this is an asset case.  In that regard, I respectfully suggest, and hereby request, that I be allowed to assert an Attorney's Lien on that recovery, pursuant to Mass. Gen. Laws Ch. 221 §50.  *See generally* Zabin v. Picciotto, 73 Mass. App. Ct. 141 (2008).

WHEREFORE I respectfully request that the court deny any further extension, allow my fee application, and allow me to assert an attorney's lien on the settlement proceeds

April 21, 2016

                                Respectfully submitted,

/s/      *David G. Baker*
David G. Baker, Esq. (BBO # 634889)
Formerly Attorney for the debtor
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680

Certificate of Service

The undersigned states upon information and belief that the within motion was served upon the persons named below by the court's CM/ECF system on the date set forth above.

                                Respectfully submitted,

/s/      *David G. Baker*
David G. Baker

John Aquino - jja@andersonaquino.com, jaquino@ecf.epiqsystems.com

2

Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.
dma@ashton-law.com

John Fitzgerald
USTPRegion01.BO.ECF@USDOJ.GOV

Dmitry Lev on behalf of Debtor Andre Bisasor
dlev@levlaw.net, ecf-notices@levlaw.net

John C. Ottenberg on behalf of Creditor Foley Hoag LLP
ottenberg@odllp.com