## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### Eastern Division

| | |
|---|---|
| In re:<br><br>**ANDRE BISASOR,**<br><br>Debtor. | Chapter 7<br><br>Case No.: 15-13369-JNF |

**OBJECTION OF CHAPTER 7 TRUSTEE TO ASSERTION BY DEBTOR'S FORMER COUNSEL OF ENTITLEMENT TO ATTORNEY'S LIEN**

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

John J. Aquino, the duly appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Andre Bisasor (the "Debtor"), hereby responds and objects to the purported assertion of an attorney's lien by the Debtor's former counsel, David G. Baker ("Former Counsel"), on an alleged prospective recovery arising from a claim of the Debtor against his former landlord. In support of this objection, the Trustee respectfully states as follows:

1. The Debtor filed a petition under Chapter 13 of the U.S. Bankruptcy Code on August 27, 2015 (the "Petition Date"). The Chapter 13 petition was filed by the Debtor *pro se*.

2. Former Counsel filed an appearance on behalf of the Debtor on September 16, 2015, and commenced representation of the Debtor.

3. Former Counsel's representation of the Debtor apparently ceased in December, 2015, and Former Counsel filed his *Motion To Withdraw As Attorney For Debtor* on January 4, 2016. The Court allowed the request to withdraw on January 5, 2016.

4. On January 4, 2016, Former Counsel also filed his *Application For Compensation* seeking compensation and reimbursement of expenses in the aggregate

amount of $12,374.57 (the "Fee Application").

5. On January 6, 2016, the Debtor voluntarily converted his Chapter 13 case to a case under Chapter 7 of the U.S. Bankruptcy Code.

6. The Trustee was appointed as Chapter 7 trustee on January 7, 2016.

7. The Debtor has filed several requests for extension of time to respond to the Fee Application which have been allowed by the Court. Most recently, on April 20, 2016, the Debtor, through successor counsel, filed a motion seeking an extension of time through May 11, 2016 to object to the Fee Application. Former Counsel objected to the most recent request for extension by filing his *Objection To Motion For Extension Of Time To Object To Fee Application* filed on April 21, 2016 (the "Extension Objection"). The Court has not acted upon the April 20, 2016 extension motion nor the Extension Objection.

8. In his Extension Objection, Former Counsel for the first time suggests that he is entitled to assert an attorney's lien in a certain prospective recovery arising out of an alleged settlement among the Debtor, his spouse, and their former landlord.

9. The Trustee objects to any assertion of an attorney's lien by Former Counsel on several grounds. First, the assertion of an attorney's lien pursuant to the Extension Objection is procedurally ineffective. To the extent that Former Counsel asserts an attorney's lien, such should be asserted in conjunction with the Fee Application. Moreover, not only is Former Counsel's "assertion" of an attorney's lien procedurally ineffective, but it is substantively without merit.

2

10. Although the Trustee is aware that a tentative settlement has been reached between the Debtor and his non-debtor spouse and their former landlord, presumably, the basis for any such settlement is a compromise regarding certain counterclaims asserted by the Debtor and his wife in state court summary process actions. Upon information and belief, Former Counsel did not serve as counsel for the Debtor in the state court actions, and did not represent the Debtor in any manner with respect to such counterclaims. Based upon a review of the time records contained in the Fee Application, it appears that Former Counsel's representation of the Debtor with respect to the former landlord was limited to opposition of the landlord's motion for relief from stay, a motion seeking sanctions for an alleged violation of the co-debtor stay (the "Sanctions Motion"), and certain preliminary measures in connection with an appeal of the Court's denial of the relief requested in the Sanctions Motion. As such, none of the time charges set forth in the Fee Application would be entitled to the benefit of lien status pursuant to the provisions of Mass. Gen. Laws Ch. 221, §50.

11. The Trustee specifically reserves the right to assert additional grounds of objection to Former Counsel's assertion of an attorney's lien as well as objection to the allowance of the fees requested in the Fee Application.

12. At the present time, there are no known non-exempt assets in this estate, and the review of pre-conversion claims is premature. A bar date for the filing of claims has not been established in the case. The Trustee respectfully requests that the Court defer consideration of the Fee Application, including any assertion of an attorney's lien, until such time as the fee application becomes relevant and the Trustee files objections to claims in the ordinary course of administration of the Chapter 7 estate.

WHEREFORE, the Chapter 7 Trustee respectfully prays that the Court:

1. Defer consideration of Former Counsel's Fee Application and purported assertion of attorney's lien rights until such time as the Trustee determines the within case to be an asset case and reviews any pre-conversion claims in the case; and

2. Grant such other and further relief as may be just and proper.

                    JOHN J. AQUINO
                    CHAPTER 7 TRUSTEE

                    By his counsel,

                    /s/ Donald F. Farrell, Jr.
                    Donald F. Farrell, Jr. (BBO 159580)
                    ANDERSON AQUINO LLP
                    240 Lewis Wharf
                    Boston, MA  02110
                    617-723-3600
                    dff@andersonaquino.com

Dated: May 9, 2016.