UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| In re:<br><br>Andre Bisasor,<br><br>Debtor | Case No. 15-13369-JNF<br>Chapter 13 |
|---|---|

RESPONSE TO TRUSTEE'S LIMITED OBJECTION TO FEE APPLICATION
(Corrected)[1]

NOW COMES David G. Baker, formerly counsel of record to Andre Bisasor, debtor, and responds as follows to the limited objection of the chapter 7 trustee to his fee application. Although the court has entered an order deferring consideration of the application for an indefinite period (document 187), to which I have no objection *per se*, the trustee's objection raises legal and factual questions that should be addressed while my memory is relatively fresh.

The trustee does not appear to object to the reasonableness of any time entry. Instead, he alleges that I am not entitled to a lien at all because the time is not related to pre-petition services.

*Response to numbered paragraphs:*

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted. The debtor was acting *pro se* at the time.
6. Admitted.
7. Admitted. It should be noted the despite numerous extensions of time to do so, the debtor has not objected to the application. In his last request, he sought an extension of time to May 11. That date has passed.
8. Admitted.

---

[1] This submission corrects a scrivener's error in the signature line.

9. Denied. Whether it was requested in the fee application or later, the request is timely since the court has not ruled on the application.

10. I respond to the various sentences as follows;

    a. The referenced settlement has been "tentative" for several months, and the trustee fails to explain whether he is involved in making the settlement <u>not</u> "tentative", and if not, why not. As property of the estate, the debtor has no standing to negotiate or reach a settlement; that is the trustee's purview. *See generally* <u>Jeffrey v. Desmond</u>, 70 F.3d 183 (1st Cir. 1995). This asset was listed on Bisasor's Addendum to Schedule B[2], document 68. Thus it is pre-petition property that has not been affirmatively abandoned by the trustee. *See* §554. Schedule C refers to this list as "claims and counterclaims; too speculative to value; see list attached". He claims an exemption under §522(d)(5) in the amount of $0.00. The value[3] of any of those assets in excess of $0.00 is property of the estate. <u>Schwab v. Reilly</u>, 130 S.Ct. 2652 (2010).

    b. It is true that I did not represent Bisasor in the state court actions. However, I was involved in the post-petition negotiations (although Bisasor largely conducted such negotiations himself) because Greystar's counsel was respectful of the fact that I represented Bisasor; the fact that any settlement would be property of the estate; and the fact that the court must approve any settlement, *see* <u>Jeffrey</u>, *supra*. Thus it is inaccurate to say I was not involved, especially since Bisasor discussed the settlement with me frequently.

    c. The time records are as explicit as possible, considering that a balance must be struck with regard to providing sufficient information for the court to assess the reasonableness of the time entry and counsel's obligation to protect and observe the attorney/client privilege (even now).

    d. I respectfully suggest that "lien status" applies to the chapter 13 portion of the bankruptcy case as a whole, not merely the issue with the former landlord, especially since that was the overwhelming issue in the case at the outset. The trustee's attempt to minimize that issue is unavailing, as a cursory review of the

---

[2] Even if it was not, it is still property of the estate. *See generally* <u>Colonial Surety Company v. Weizman</u>, 564 F.3d 526 (1st Cir., 2009).

[3] All of these values were discussed with, and approved by, Bisasor when he signed and initialed the schedules.

    docket would show.  I was not retained by Bisasor pre-petition, and approval of my employment post-petition was not required, as the trustee knows.  Thus it is appropriate to request that this court approve a statutory attorney's lien on any assets in the case; doing so avoids a violation of the automatic stay.  *Compare* In re Rothwell, 159 BR 374 (Bankr. D. Mass., 1993) (denying attorney's lien where employment by chapter 7 trustee was not authorized).  *See also* In re Dooley, 399 BR 340 (Bankr. D. Mass., 2009), *citing* Rothwell; In re Albert, 206 BR 636 (1997)

11. Reserving the right to assert addition grounds of objection is a violation of due process. The trustee should come forward with any grounds now.

12. For the reasons stated in 10.a. above, the statement that "there are no known non-exempt assets in this estate" is perplexing.

ARGUMENT

    The Bankruptcy Code provides the court with authority, if not the duty, to review the fees charged to debtors by attorneys.  *See generally* In re Lee, 495 BR 107, 113 (Bankr.D.Mass. 2013).  Although rare, it is not *per se* impermissible for a debtor's attorney to take security for the payment of fees.  In re Martin, 817 F.2d 175 (1st Cir. 1987); *see also* In re CK Liquidation Corp., 321 BR 10 (Bankr.D.Mass.. 2004) (*citing* Martin).

    Based on these cases, it is respectfully suggested that whether the estate has assets for paying the claim is immaterial.  *See generally* In re Iannochino, 242 F.3d 35 (1st Cir. 2001). Rather, the court should look to whether the debt will be discharged.  Per this court's order, I have until June 30 to determine whether to file a dischargeability complaint (docket number 172).  For example, his statement in docket number 126 that he "never signed the retainer agreement because I objected to it as it did not reflect our verbal agreement, …", which disagreement[4] he never communicated to me, strongly suggests a willful and malicious injury within the meaning of §523(a)(6).

    If there are, in fact, no assets for the trustee to liquidate, it is doubtful that the trustee has standing to object to the fee application since he (as estate representative) would not be able to

---

[4] By "retainer agreement", he is referring to the court's mandatory Chapter 13 agreement.  Under Massachusetts law, I am entitled to "quantum meruit" compensation.  Opert v. Mellios, 415 Mass. 634 (1993).

establish an injury in fact.  *See generally* <u>Spokeo, Inc. v. Robins</u>, 578 U. S. ___ (2016).  "To establish injury in fact, a plaintiff must show that he or she suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."   "Particularized" means the injury must affect the plaintiff in a personal and individual way.  <u>Id</u>.  Absent an injury, the chapter 7 trustee cannot show that he has a protected interest that the fee application would invade.

## CONCLUSION

At such time as the court takes up the fee application, it is respectfully requested that it be allowed, the debtor having failed to object to it, and the trustee's objection overruled.

June 6, 2016

> Respectfully Submitted,
>
> /s/ *David G. Baker*
> David G. Baker, Esq. (BBO# 634889)
> 236 Huntington Avenue, Ste. 306
> Boston, MA 02115
> 617-367-4260

## Certificate of Service

The undersigned states upon information and belief that the within Reply was served upon the parties in interest named below on the date set forth above.

> /s/ *David G. Baker*
> David G. Baker, Esq.

- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2- Jefferson at Dedham Station MA Inc. - dma@ashton-law.com
- Carolyn Bankowski-13 - 13trustee@ch13boston.com
- John Fitzgerald - USTPRegion01.BO.ECF@USDOJ.GOV