𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔅𝔞𝔫𝔨𝔯𝔲𝔭𝔱𝔠𝔶 𝔘𝔬𝔲𝔯𝔱
𝔈𝔞𝔰𝔱𝔢𝔯𝔫 𝔇𝔦𝔳𝔦𝔰𝔦𝔬𝔫, 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔒𝔣 𝔐𝔞𝔰𝔰𝔞𝔠𝔥𝔲𝔰𝔢𝔱𝔱𝔰

| In re | Docket No.: 15-13369 |
| Andre Bisasor, | Chapter 13 |
| Debtor | |
| David G. Baker, | |
| Plaintiff, | ADVERSARY PROCEEDING |
| v. | |
| Andre Bisasor, | No. _____ |
| Defendant | |

VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY

NOW COMES David G. Baker, formerly attorney of record for the debtor in the above captioned matter, and respectfully requests a determination by this court as to the dischargeability of his attorney fees in the underlying bankruptcy case in the total estimated amount of $12,374.57, including $124.57 in costs and expenses. In support of this complaint, I state as follows:

The Parties, Jurisdiction and Venue

1. Plaintiff David G. Baker ("Baker", "I" or "me") is an attorney admitted to practice in all of the state and federal courts situated in the Commonwealth of Massachusetts, and the United States Supreme Court.
2. Andre Bisasor is the debtor in the above captioned chapter 13 case. He is an individual, and on the petition date resided in Dedham, Massachusetts. Accordingly, venue of the bankruptcy case and of this proceeding is appropriate in this court pursuant to 28 USC §§1408 and 1409.
3. The federal District Court for the District of Massachusetts has jurisdiction of this matter pursuant to 28 USC §1334. The District Court has referred bankruptcy cases, and proceedings under, arising in or related to them, to the bankruptcy judges of this district pursuant to 28 USC §157(a).
4. This is a core proceeding within the meaning of 28 USC §157, as it relates to the administration of the bankruptcy estate, determination of a claim against the estate, and the adjustment of the creditor/ debtor relationship. This court has jurisdiction and authority to enter a final judgment, to which Baker consents insofar as is constitutionally permissible. An Adversary Proceeding is required by Rule 7001.

Factual Allegations Common to All Counts

5. All of the foregoing paragraphs are incorporated at this point as if fully set forth.
6. The debtor contacted me on or about September 11, 2015. He had filed a chapter 13 petition *pro se*. The impetus for filing the case was an imminent eviction from his rental apartment in Dedham.
7. Pre-petition, he had litigated extensively *pro se* with the landlord, unsuccessfully, and an eviction warrant had been issued.
8. With the *pro se* petition, he certified that there were circumstances under state law whereby he could cure the default. He paid the first month's post-petition rent with the petition, which the clerk forwarded to the landlord.
9. The landlord, however, objected to the certification and also moved for relief from the stay. After extensive litigation, the court sustained the objection and granted relief from the stay (to the extent that it applied).
10. The landlord then resumed eviction. However, because the landlord had not requested relief from the co-debtor stay of §1301 as to Mr. Bisasor's wife, a motion for contempt was filed against the landlord. That motion was allowed in part and denied in part, and the landlord thereafter completed the eviction.
11. As more fully set forth in the motion for leave to withdraw representation in the bankruptcy case, the debtor has been difficult to represent. He has filed papers and appeals *pro se*, generally without consulting me first[1], and consumed comparatively excessive time in telephone calls and emails.
12. An application for compensation is pending in the bankruptcy case, but the court has deferred determination. Although the compensation requested is greater than a routine chapter 13 case (which this was not) of relatively short duration, the issues presented with the landlord and the automatic stay were novel (at least to the undersigned) and required more legal research than might otherwise be required. In addition, the debtor was very demanding in terms of discussing and presenting his own legal theories and arguments, consuming considerably more time than might otherwise be required.
13. The terms of my employment by the debtor are set forth in the chapter 13 agreement filed at about the time I appeared in the case, post-petition, and is incorporated herein by reference.

---

[1] The debtor's explanation would be that I was hospitalized and he was unable to reach me. While it is true that I was hospitalized at times, he was always able to reach me by telephone or email, and I was always able to file documents electronically, if appropriate. In fact, he came to my hospital and met with me in a conference room on at least one occasion.

14. Bisasor has not objected to the application for compensation, despite receiving numerous extensions of time to do so and the fact that he now represented by other counsel with experience in bankruptcy matters.
15. It now appears that the debtor did not actually sign the chapter 13 agreement, although it was presented to him at the time the other documents were executed.
16. In a document filed *pro se* and captioned "Notice of Intent to File a Response to Motion to Withdraw and Objection to Application for Compensation" (docket number 126), Bisasor stated: "I never signed the retainer agreement because I objected to it as it did not reflect our verbal agreement, not because of an oversight as he claims – he never presented the written agreement to me until several weeks after he agreed to engage [sic] me as a client,"
17. The "written agreement" he is referring to is the "Chapter 13 Agreement Between Debtor and Counsel. Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys." This is the Agreement required by the court's Local Rules, with certain individualized additions. No separate written Agreement was entered into.

## COUNT I – False Pretenses, False Representation, or Actual Fraud

18. The foregoing paragraphs are incorporated at this point as if fully set forth.
19. Section 523(a)(2)(A) provides for an exception to the discharge for, *inter alia*, services to the extent obtained by false pretenses, a false representation or actual fraud.
20. The application for compensation details the services provided to Bisasor.
21. His statement referenced in paragraph 16 above warrants an inference that at the time he accepted such services, he was falsely representing an intention to pay for such services.
22. He never communicated any disagreement with the terms of the Agreement prior to the document referenced in paragraph 16, which warrants an inference that he intended to deceive me into providing services even though he had the ability, but not the intention, to pay for such services.
23. By his actions in constantly calling or emailing me, and on one occasion coming to my hospital room, he induced me to rely on the false promise to pay for such services.
24. My reliance on that false promise was justifiable.
25. I was damaged by the fact that I provided valuable services for which he had no intention to pay at the time he requested and received the services.

WHEREFORE I respectfully request that the court find that my attorney fees are not dischargeable.

3

COUNT II – Willful and Malicious Injury

26. The foregoing paragraphs are incorporated at this point as if fully set forth.
27. Section 523(a)(6) provides for an exception to the discharge for willful and malicious injury by the debtor to another entity or to the property of another entity.
28. A nondischargeable injury is "malicious" if it was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will. Furthermore, willfulness requires, *inter alia*, an intent to do an act which the debtor is, or reasonably should be, substantially certain will lead to the injury.
29. Because the Agreement at issue is an Official Local Form created by the court which states what services the court expects attorneys to provide to chapter 13 debtors, and because Bisasor accepted the services with no intention to pay for them and had no just cause or excuse for refusing to pay for them, the resulting injury was willful and malicious.

WHEREFORE I respectfully request that the court find that the attorney fees are not dischargeable.

June 27, 2016

Respectfully submitted,

/s/    *David G. Baker*
David G. Baker, Esq. (BBO # 634889)
236 Huntington Avenue, Ste. 306
Boston, MA  02115
617-340-3680

VERIFICATION

Now comes David G. Baker and states under pains and penalties of perjury that he is the plaintiff in the within complaint; that he has read the complaint, and that all of the facts and circumstances alleged herein are true and correct to the best of my knowledge information and belief.

/s/    *David G. Baker*
David G. Baker, Esq.