UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>Andre Bisasor<br><br>Debtor, | ) REQUEST FOR EXPEDITED DETERMINATION<br>)<br>) REQUEST FOR HEARING<br>) Chapter 7<br>) Case No.: 15-13369<br>)<br>) |

**DEBTOR'S EMERGENCY MOTION TO BANKRUPTCY COURT FOR STAY OF STATE COURT PROCEEDING PENDING REVIEW BY THE BANKRUPTCY COURT OF THE APPLICABILITY OF THE AUTOMATIC STAY AND/OR PENDING APPEAL TO THE FIRST CIRCUIT**

1. I, Andre Bisasor, the plaintiff-appellant in the above captioned cases, hereby submit this motion for stay pending review by the bankruptcy court of motion to apply or extend the automatic stay to the state court proceedings and/or pending appeal to the First Circuit.

2. Emergency determination is requested because the state proceedings for hearings on motions to dismiss is scheduled for two days from now on Nov. 10, 2016. A hearing is requested while in the meantime a stay is requested until a hearing can be conducted if possible.

3. NB: My Counsel, Dmitri Lev, was unable to file this motion due to unavailability but he is aware that I am filing this motion on an emergency basis due to the exigent circumstances involved.

## II. SUMMARY OF ARGUMENTS FOR STAY PENDING APPEAL

4. The bankruptcy court should enter a stay pending review.

5. The stay should be granted because the bankruptcy court's determination will be made potentially moot if the case is dismissed at the state court level.

6. The stay should be granted because the rules of procedure provide that a case should not be dismissed without allowing adequate time for the real party in interest an opportunity to join, ratify or abandon the case. It would be a material injustice for this case to be dismissed because of my

previous inability to retain legal representation due to a lack of sufficient financial resources and because the trustee was not allowed adequate time to join or abandon the case.

7. The stay should be granted because this is a novel area of law too important to ignore.

8. The stay should be granted because of the interests of justice.

9. The stay should be granted because only the bankruptcy court and ultimately the federal first circuit court of appeals (and the US supreme court after it) has final ultimate authority to decide questions regarding the applicability of the bankruptcy automatic stay, not state courts. There have already been conflicting decisions regarding the application of the automatic stay in the state court.

## NOTICE

10. Notice of this Motion has been provided by first-class mail or electronically, as appropriate, to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Chapter 7 Trustee; (b) counsel for the defendants for the civil action #14-3606C in Suffolk Superior Court in Massachusetts; (c) those parties that are defendants not represented by counsel; and (d) those parties that are registered or that requested service under Bankruptcy filing system. In light of the nature of the relief requested herein, GM respectfully submits that no further notice is necessary.

## CONCLUSION

11. Wherefore, I request the following:
    a. That a temporary stay be allowed until the bankruptcy court reaches a decision regarding the applicability of the automatic stay, especially if a hearing is scheduled on this matter.
    b. That the Court grants this request to apply or extend the automatic stay.
    c. That Court at least grants a stay until the Chapter 7 trustee is in a position to officially join or abandon the case.
    d. That the Court at least grants a stay until the First Circuit rules on this matter.

WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Andre Bisasor*
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: November 8, 2016