UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

IN RE:                                    )
                                          )
        Andre Bisasor                     )        Chapter 7
                                          )        Case No.: 15-13369
        Debtor,                           )
                                          )

## DETAILED MEMORANDUM IN SUPPORT OF DEBTOR'S EMERGENCY MOTION TO BANKRUPTCY COURT FOR STAY OF STATE COURT PROCEEDING PENDING REVIEW BY THE BANKRUPTCY COURT OF THE APPLICABILITY OF THE AUTOMATIC STAY AND/OR PENDING APPEAL TO THE FIRST CIRCUIT

12. I, Andre Bisasor, the plaintiff-appellant in the above captioned cases, hereby submit this motion for stay pending review by the bankruptcy court of motion to apply or extend the automatic stay to the state court proceedings and/or pending appeal to the First Circuit.

## I. INTRODUCTION

13. I am requesting a temporary stay of the proceeding in state court until the Bankruptcy Court or the First Circuit can fully rule on and determine whether the automatic stay applies or not.

14. I am dealing with 5 motions to dismiss and 5 motion to dismiss hearings on November 10, 2016.

15. I am asking the Bankruptcy Court to enter a temporary stay to preserve the status quo so that these matters are not in danger of being made moot.

16. At the very least, I am requesting that the Bankruptcy Court enters a temporary stay until at least the Bankruptcy Court can decide on the motion to apply the automatic stay.

17. If the November 10, 2016 motion to dismiss hearing is not stayed, without the trustee having an opportunity to join the case, then my case could be prejudiced if dismissed. It is difficult for me to prosecute this case while still in the process of completing my bankruptcy and while matters are in a state of limbo regarding whether the trustee will join or abandon the case.

18. I am pro se and I have to provide for my family. I also have a number of motions and pending proceedings in Bankruptcy court including a mediation and/or defense on an adversary proceeding

as well other matters related to coordinating with and finalizing certain important matters with the trustee. It is difficult to do all of that while also prepare and focus on the underlying civil lawsuit.

19. It has been difficult to get a lawyer on this case because this matter has some underlying complexity that makes it very expensive to have a lawyer represent me in the past. Also, very few lawyers want to get involved in a case where the trustee has not joined or abandoned the case and where that is in limbo.

20. However, I also have a settlement from a landlord-tenant dispute coming to me through the bankruptcy court which will allow me to secure legal representation/assistance on this civil case.

21. I would rather have an attorney on the case rather than do this myself. I need just a little time for the settlement to be released through the trustee and the bankruptcy court.

## ABBRIEVATED PROCEDURAL HISTORY

22. On November 18, 2014, I filed the original complaint pro se, as a placeholder, without any legal help. This was in the Suffolk Superior Court of Massachusetts ("State Court")

23. On June 19, 2015, I served the first amended complaint on defendants, which was amended once as a matter of course (i.e. before service of process was done or required), pursuant to the rules of procedure, in state court.

24. On August 27, 2015, I filed for bankruptcy in the Federal Bankruptcy Court For The District of Eastern Massachusetts ("Bankruptcy Court").

25. On September 3, 2015, I filed a suggestion of bankruptcy in state court.

26. On September 4, 2015, Judge Robert Gordon entered a stay on this case in the state court. He ordered that the entire proceedings in state court be stayed based on application of the automatic stay and that the stay will not be lifted until I completed my bankruptcy or until further orders of the bankruptcy court.

27. Customarily, every 3 months judges are rotated within the state court system. Usually two judges rotate back and forth interchangeably every 3 months within each session of the state court system.

28. On October 1,2015. Judge Peter Lauriat rotated into this case in state court. Judge Robert Gordon rotated out.

29. On October 1, 2015, Harvard filed a motion to lift the stay in state court.

30. On November 8 2015, Judge Peter Lauriat lifted the stay entered by Judge Gordon in state court. This was a reversal of Judge Gordon's entry of a stay to my case in state court.

31. On January 22, 2016, the case was removed to the Federal District Court for Massachusetts ("Federal District Court") under the statute that allows removal of a plaintiff-initiated case in state court into federal court by the plaintiff debtor.

32. Once in federal district court, Harvard requested a remand to state court.

33. Motion practice continued in federal district court for 6 months. I was not represented by counsel.

34. I filed a motion for stay in federal district court including application or extension of the automatic stay to my civil action. Harvard opposed. The federal district court denied the motion for stay.

35. On June 29, 2016, the case was remanded to state court by the federal district court judge who was on the case.

36. I immediately filed in the First Circuit Court of Appeals (The First Circuit) two appeals of these two categories of decisions that implicate the automatic stay applicability as well as the remand to state court itself.

37. These appeals are currently working their way through the First Circuit. No decision has yet been made on these appeals as the appeals process is still relatively in its beginning stages in the First Circuit.

38. On August 1, 2016, I filed a motion for renewed application or extension of the automatic stay in state court, which was denied by Judge Peter Lauriat.

39. After other motions filed by defendants, a date was set for hearing on all motions to dismiss in state court for November 10, 2016 at 2pm.

## APPEAL TO THE FIRST CIRCUIT & STAY PENDING APPEAL

40. I have filed two sets of appeals via Notice of Appeal to the United States Court of Appeals for the Federal Circuit (First Circuit) from the orders entered by the federal district court.

41. I hereby request that this Honorable Court grant an order granting a stay pending appeal to the First Circuit and thus put on hold any decision by the state court (especially as it pertains to a pending motion to dismiss), pending appeal to the United States Court of Appeals for the First Circuit.

42. If the court is not inclined to grant the motion for a stay pending appeal, I hereby move for a temporary administrative stay of the motion to dismiss hearing in the state superior court, pending resolution by the First Circuit Court of Appeals of my stay motion. Such an administrative stay would allow both the bankruptcy court and the Court of Appeals to consider any stay requests on a non-emergency basis, with proper hearing and briefing.

## II. SUMMARY OF ARGUMENTS FOR STAY PENDING APPEAL

43. The bankruptcy court should enter a stay pending review because:

   a. The stay should be granted because the bankruptcy court's determination will be made potentially moot if the case is dismissed at the state court level.

   b. The stay should be granted because the rules of procedure provide that a case should not be dismissed without allowing adequate time for the real party in interest an opportunity to join, ratify or abandon the case. It would be a material injustice for this case to be dismissed because of my previous inability to retain legal representation due to a lack of sufficient financial resources and because the trustee was not allowed adequate time to join or abandon the case.

   c. The stay should be granted because this is a novel area of law too important to ignore.

d. The stay should be granted because of the interests of justice.

e. The stay should be granted because only the bankruptcy court and ultimately the federal first circuit court of appeals (and the US supreme court after it) has final ultimate authority to decide questions regarding the applicability of the bankruptcy automatic stay, not state courts. There have already been conflicting decisions regarding the application of the automatic stay in the state court.

## III. DETAILED ARGUMENTS FOR WHY THE FIRST CIRCUIT SHOULD GRANT A STAY PENDING APPEAL

### THERE IS A PENDING APPEAL TO THE FIRST CIRCUIT COURT OF APPEALS

44. The issue of whether the automatic stay would apply is a matter to be reviewed for the application of law. Consequently, it is best resolved by the bankruptcy court or by the First Circuit Court of Appeals.

45. There is also a pending appeal in the First Circuit Court of Appeals that will impact the superior court proceedings. Consequently, the First Circuit could undo the remand to state court (under the collateral order doctrine) and could apply the automatic stay as the First Circuit holds final and original (but non-exclusive) jurisdiction to determine such issues under Federal law. If the First Circuit were to do so, then any proceeding or ruling or decision made in state court prior to the First Circuit could cause a harm to me. Then I would also have to litigate these issues twice, which would waste/drain unnecessarily my limited resources and which would not redound to judicial economy. Thus the appropriate thing to do is allow the appeal to be completed and the First Circuit to decide these issues first. **See Exhibit 5: Notice of Appeal & Assignment of Case in The Federal First Circuit Court of Appeals.**

46. If the first circuit court rules in my favor, then this would impact the proceedings in this court and there could be irreparable harm to me if the state court makes any adverse rulings against me without the benefit of a final review and decision by the First Circuit Court of Appeals.

47. If the state court rules on any motion before allowing the first circuit appeals court to weigh in, it would cause irreparable harm to me as the plaintiff. In the interest of fundamental fairness and justice, it seems that the correct outcome would be for the Superior Court to stay its hand regarding making a decision on any motion. Given that the state court is aware that I have exercised my right to appeal this issue to the First Circuit, then it would be unfair for the state court to ignore my appeal without allowing the first circuit appeals court to determine if the Federal District Court made an error in denying the motion to stay and in remanding the case back to state court (i.e.the First Circuit could rule that the case should not have been remanded and/or that a request for the automatic stay should not have been denied).

48. So I hereby request that this Court finds that a stay should be applied until the first circuit rules on the matter as to whether the automatic stay applies. I hereby request that this Honorable Court grant an order staying all proceedings in state Suffolk superior court and thus put on hold any decision by the Superior Court related to any pending motions particularly any motions affecting dismissal of this case or any claims therein, pending appeal to the United States Court of Appeals for the First Circuit.

49. [NB: Please note also that my appeal to the first circuit is proper under the collateral order doctrine and under section 1292a and section 1291 of the federal code].

50. The purpose of a stay pending appeal is to preserve the status quo pending appellate determination. (See McClendon v. City of Albuquerque, 79 F.3d 1014, 1020 (10th Cir. 1996)). A stay pending appeal does not "require the trial court to change its mind or conclude that its determination on the merits was erroneous" before holding that a stay pending appeal is warranted. (See St. Agnes Hospital v. Riddick, 751 F.Supp. 75, 76 (D.Md. 1990)).

51. Only the first circuit court of appeals (and the US supreme court after it) has final ultimate authority to decide questions regarding the applicability of the bankruptcy automatic stay, not state courts, especially since there have already been conflicting decisions from two different superior court judges regarding the application of the automatic stay in the state court.

52. Only the first circuit has the authority to set binding precedent regarding this matter for Massachusetts and this region. No other court other than the US supreme court has ultimate authority on this question. Neither the state court, not the federal district court.

53. Finally, an important reason for allowing the stay pending appeal to the First Circuit is the probable inadequacy of the state suit to protect my rights, since it is doubtful that the state court can finally adjudicate the issue of the applicability of the automatic stay since two judges already issued conflicting decisions on the applicability of the automatic stay. Only the federal courts can ultimately resolve the conflict pertaining to the applicability of the automatic stay.

## ERRORS OF LAW

54. In denying the above motions, I believe this Court made the following errors:

55. I am no longer the real party in interest. It is my understanding that I lack the power to prosecute this case on my own because the trustee (in a chapter 7 bankruptcy case) is now the real party in interest who is ultimately the one who is in control of this case. The trustee is the one who is vested with the authority to make substantive arguments before the court to move the case forward. **[See Exhibit 2 – Notice of Appointment of Chapter 7 Trustee.]**

56. Since this cause of action is property of the Debtor's bankruptcy estate, the bankruptcy trustee is the sole representative of the estate and the only party with authority to continue with the action (See 11 U.S.C. §323).   The chapter 7 case trustee will decide whether to continue as plaintiff in the civil action but the trustee needs time to inquire as to whether the potential recovery would make a "meaningful distribution" to the Debtor's creditors.

57. One of the benefits of filing for bankruptcy is that it suspends piecemeal litigation involving the debtor and its assets in potentially several different courts and centralizes litigation in a single coordinated forum. To that end, the debtor is permitted to "remove," or transfer, litigation pending in state courts to the federal or bankruptcy court. Removal requires only that the litigant file a notice of removal with the state court in which an action involving the debtor is pending within a statutorily prescribed period.

58. A Plaintiff can remove a case to federal court if the plaintiff has filed bankruptcy. The bankruptcy creates jurisdiction over the plaintiff's state court case. (See "28 U.S. Code § 1452 - Removal of claims related to bankruptcy cases", which states:  "(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."). Thus, any party may remove and not just the defendant and there is no rule of unanimity in removal.

59. State court cases that are 'related to' bankruptcy proceedings are removable to Federal Court. The bankruptcy removal statute, 28 U.S.C. § 1452(a), permits removal where Federal bankruptcy jurisdiction exists under 28 U.S.C. § 1334. Bankruptcy jurisdiction encompasses a far broader category of cases than just those considered to be 'core' bankruptcy cases. See 28 U.S.C. § 157(b)(1) (non-exhaustive list of core cases). Under 28 U.S.C. § 1334(b), Federal bankruptcy jurisdiction also lies in cases 'related to' a bankruptcy proceeding. A case falls within 'related to' jurisdiction where its outcome 'could conceivably have [an] effect on the estate being administered in bankruptcy.' [See In re Pacor, Inc., 743 F.2d 984, 994 (3d Cir. 1984); and Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461(1995)].

60. Accordingly, the jurisdiction granted to bankruptcy courts is very broad. Such jurisdiction covers any matters that are "related to" the bankruptcy case, which includes any matters that could

"conceivably" have any effect on the bankruptcy estate (See also In re Wood, 825 F. 2d 90 (5th

Cir. 1987)). Therefore, any litigation matter that could have an effect on the bankruptcy case is

subject to removal under 28 U.S.C. § 1452. Therefore, given the nature of the claims raised in the

instance case and given the potential for recovery, it is without dispute that this case is "related to"

my bankruptcy case.

61. Furthermore, this jurisdiction still exists for cases categorized as "non-core" i.e. those that could

exist outside of bankruptcy, but that nevertheless have some effect on the bankruptcy. (See Wood,

825 F.2d at 97). Because these non-core claims may augment a bankruptcy estate, non-core matters

are "related to" the bankruptcy and therefore are referred to as "related to" proceedings. (See

Mirant Corp. v. The Southern Co., 337 B.R. 107, 115-16 (N.D. Tex. 2006)).

62. My removal of the instant case to the federal court was well within the statutory guideline for

removal. According to case "F & M Marquette National Bank, Appellant, v. Keith R. Richards,

Appellee, 780 F.2d 24 (8th Cir. 1985)", the date starts counting as of the conversion date (i.e. when

a case is converted to a Chapter 7 case). I filed the chapter 7 case on January 6, 2016 and I had 90

days from that date to enact removal, which I did on January 22, 2016. **[See Exhibit 3- Notice of

Removal].** Also, my statement of facts in my notice of removal is sufficient to confer jurisdiction

upon the bankruptcy court.

63. The federal district court never clarified my question to the court about my lack of clarity regarding

my standing in this case. If my standing as a pro se litigant to move forward this case on my own is

in question, then how can I proceed on any sure footing in this case (outside of my administrative

attempts to preserve the status quo). It is my understanding that the trustee has to abandon this case

back to me in order for me to take substantive control over the prosecution of the case, which

creates the logical basis for a stay or at least an extension time to allow the trustee time to decide

whether to abandon or pursue the case. This issue appears to me to be a complicated or novel issue

of law and the first circuit court of appeals should be given an opportunity to clarify this legitimate question of law.

64. Therefore, I believe that there was an abuse of discretion by the federal district court judge that entails a legitimate question for appellate review that could be reversed by the First Circuit.

## STANDARD FOR A STAY PENDING APPEAL

65. The purpose of a stay is to preserve the status quo pending appellate determination. (See McClendon v. City of Albuquerque, 79 F.3d 1014, 1020 (10th Cir. 1996)). When considering a stay pending appeal, a court must consider the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. (See Baker v. Adams County/Ohio Valley School Bd., 310 F.3d 927, 928 (6th Cir. 2002)). A stay pending appeal does not "require the trial court to change its mind or conclude that its determination on the merits was erroneous" before holding that a stay pending appeal is warranted. (See St. Agnes Hospital v. Riddick, 751 F.Supp. 75, 76 (D.Md. 1990)).

66. This test is flexible and allows a movant to obtain a stay pending appeal by showing "a substantial case on the merits when a serious legal question is involved" and that "the balance of the equities weighs heavily in favor of granting the stay." Ruiz v. Estelle, 650 F.2d 555, 556 (5th Cir. 1981); see also Mohammed v. Reno, 309 F.3d 95, 101 (2d Cir. 2002) 2 ("The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff will suffer absent the stay.").

67. In deciding whether to grant a stay pending appeal, the Court should consider whether (1) the appellant is likely to succeed on the merits; (2) irreparable harm to the appellant will result if the stay is not granted; (3) others will be harmed without a stay; and (4) the public interest favors granting the stay. United States ex rel. Barko v. Halliburton Co., 4 F.Supp.3d 162, 168–69 (D.D.C. 2014) (citing Cuomo v. U.S. Nuclear Regulatory Comm'n, 772 F.2d 972, 974 (D.C. Cir. 1985)).

"[A] strong showing of one factor may excuse a relatively weaker showing on another." Baker v.

Socialist People's Libyan Arab Jamahirya, 810 F.Supp.2d 90, 97 (D.D.C. 2011) (citing Davis v.

Pension Benefit Guar. Corp., 571 F.3d 1288, 1291 (D.C. Cir. 2009)).

68. The grant of a stay is a matter of "judicial discretion" that is "dependent upon the circumstances of

the particular case." Barko, 4 F.Supp.3d at 169 (quoting Nken v. Holder, 556 U.S. 418, 419 (2009)

(citations omitted)). A court "'in the exercise of judgment' must "'weigh competing interest and

maintain an even balance' between the court's interests in judicial economy and any possible

hardship to the parties[.]" Belize Social Dev. Ltd. v. Government of Belize, 668 F.3d 724, 732–33

(D.C. Cir. 2012) (quoting Landis v. North American Co., 299 U.S. 248, 254–55 (1936)).

69. Courts, however, have routinely held that a stay pending appeal is warranted in cases presenting

difficult and unsettled legal questions. See Akiachak Native Community v. Jewell, 995 F.Supp.2d

7, 13 (D.D.C. 2014) (granting in part stay pending appeal) ("Though the Court disagrees with

Alaska's position, and finds there to be a low likelihood of success on the merits, it recognizes that

the case presented difficult and substantial legal questions . . . ."); Ctr. for Int'l Envtl. Law v.

Office of the U.S. Trade Rep., 240 F.Supp.2d 21, 22–23 (D.D.C. 2003) (granting stay pending

appeal, where, despite risks of harm to plaintiffs, case clearly presented "a serious -5- legal

question" on issue of first impression); see also Klayman v. Obama, 957 F.Supp.2d 1, 43 (D.D.C.

2013) (staying preliminary injunction pending appeal due to, inter alia, "the novelty of the

constitutional issues[.]").

## I. LIKELIHOOD OF SUCCESS ON APPEAL

70. The Court should grant a stay to preserve the status quo to enable the appellant to obtain

clarification from a higher court on a crucial issue implicating federal law. See Nken, 556 U.S. at

421 ("[A]s part of its traditional equipment for the administration of justice, a federal court can stay

the enforcement of a judgment pending the outcome of an appeal.") (quoting Scripps–Howard

Radio, Inc. v. FCC, 316 U.S. 4, 9–10 (1942)). See also Citizens for Responsibility & Ethics in

Wash. v. Office of Admin., Executive Office of the President, 593 F.Supp.2d 156, 159 (D.D.C.

2009) ("a stay pending appeal 'is preventative, or protective; it seeks to maintain the status quo

pending a final determination of the merits of the suit.'") (quoting Wash. Metro. Area Transit

Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977)).

71. With respect to the "likelihood of success" "[i]t will ordinarily be enough that the [movant] has

raised questions going to the merits so serious, substantial, difficult and doubtful, as to make them

a fair ground for litigation and thus for more deliberative investigation." Baker, 810 F.Supp.2d at

97 (quoting Holiday Tours, 559 F.2d at 844); see Al-Anazi v. Bush, 370 F.Supp.2d 188, 193 n.5

(D.D.C. 2005) ("courts often recast the likelihood of success factor as requiring only that the

movant demonstrate a serious legal question on appeal where the balance of harms strongly favors

a stay") (citing, inter alia, Cuomo, 772 F.2d at 978)); Holiday Tours, 559 F.2d at 844–45 (noting

that courts may issue a stay "when they have ruled on an admittedly difficult legal question and

when the equities of the case suggest that the status quo should be maintained").

72. In light of the novelty of the issues on appeal, the seriousness of the issues, and the preliminary

stage of the litigation, the appellant is likely to succeed in demonstrating the need for a stay

pending appeal while it pursues its appellate rights. See Akiachak Native Community, 995

F.Supp.2d at 13; Al Maqaleh v. Gates, 620 F.Supp.2d 51, 56 (D.D.C. 2009) (granting stay pending

appeal where preservation of the status quo "squarely favors respondents" where "[t]he issues

presented are novel and weighty—fundamental constitutional questions" that "present 'serious

legal questions....that are so serious, substantial, and difficult as to make them a fair ground for

litigation.'"). See also Klayman v. Obama, 957 F.Supp.2d 1, 43 (D.D.C. 2013) (staying preliminary

injunction pending appeal due to, inter alia, "the novelty of the constitutional issues[.]")

73. Movants seeking a stay pending appeal "need not always establish a high probability of success on

the merits" but instead must show, at a minimum, the existence of "serious questions going to the

merits." (See Grutter v. Bollinger, 247 F.3d 631, 632-33 (6th Cir. 2001) (citing Michigan Coalition

of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153-54 (6th Cir. 1991)). The

issuance of stays pending appeal in the similar cases cited above supports the conclusion that there

is at least a serious question going to the merits of my claims.

74. Where the appeal is from an interlocutory order, courts have held that the issue to be reviewed for

likelihood of success on the merits is whether the appellate court will allow the interlocutory

appeal, not whether the appellant will succeed on the merits of the appeal. See Turner v. Frascella

Enters., Inc. (In re Frascella Enters., Inc.), 388 B.R. 619, 622 (Bankr. E.D. Pa. 2008); In re Genesis

Health, 367 B.R. at 623.

75. Given that the issue of the denial of the applicability of the automatic stay implicates the denying

or refusing of an injunction, then it is likely that the appeal will be allowed and given the fact the

counterclaims have essentially been asserted against me in the underlying civil case (among other

things), it is likely that the first circuit will find that the automatic stay applies to my case.

## II. THREAT OF IRREPRABLE HARM TO APPELLANT ABSENT A STAY

76. Moreover, the federal court is the proper venue for my case given my bankruptcy and the

complicating factors related thereto and its impact on my estate. Also, the issue of the automatic

stay should properly be decided before the federal court or bankruptcy court especially since the

state court gave two conflicting decisions on whether the automatic stay is applicable to my case

given the extenuating circumstances of my case and situation.

77. Furthermore, one of the purposes of the bankruptcy code is the allow the debtor the ability to avoid

multi-forum litigation that can stretch and tie up resources that may be needed to be directed

towards getting through the bankruptcy in federal court. I have special extenuating circumstances

that militate in favor of the automatic stay applying to my case and this was articulated by the

Honorable Judge Robert Gordon in the Massachusetts Suffolk Superior Court when he entered an

order for a stay pending discharge from the bankruptcy court or pending further instructions from

the bankruptcy court. The fact that a seasoned state superior court judge saw fit to the apply the

stay to my case shows that my arguments here have merit because it is backed up by at least one

notable state court judge. Even though Judge Gordon's decision was reversed by his colleague,

Judge Peter Lauriat (who cycled in to the session at later time due to the state courts rotation

schedule of judges and after Harvard tried to judge shop to reverse Judge Gordon's decision), the

fact the two state court judges in the same superior court session issued conflicting decisions on

this matter, is evidence that the matter is ripe for review by the federal or bankruptcy court which

has original but non-exclusive jurisdiction over my case under section 1452.

78. Harvard argues that an automatic stay is not applicable to my case but much of their argument cites

cases related to corporate debtors not individual or pro se debtors who many times face unique or

special circumstances that warrant application of the automatic stay. For instance, there will be a

duplicative and uneconomic effect on my resources if I have to litigate my bankruptcy case and the

instant case in both state and federal court (i.e. two disparate forums). Something as simple as

having access to ECF filing in federal court has a tremendous impact on a pro se litigant's time and

resources (i.e. travel or mailing costs to file documents with the court), which is not available in

state court. Moreover, there is a lessened possibility of inconsistent results if both cases are in

federal court. NB: there has already been inconsistent results between two state court judges in

superior court regarding the automatic stay or the need for an imposed stay i.e. showing the

heightened chance that a state court may create inconsistent results as it relates to issues that may

involve or relate to my bankruptcy case.

79. Furthermore, there is an "immediate adverse economic consequences" standard for an exception.

Under this standard, a court will expand the automatic stay when absent a stay, there will be an

"immediate adverse economic consequence [on] the debtor's estate." (See In Queenie, Ltd. v.

Nygard International).

80. There is also another prominent standard for an exception, the unusual circumstances standard,

which was annunciated in A.H. Robins Company, Inc. v. Piccinin. In that case, the Fourth Circuit

held that in order for the automatic stay to apply to a non-debtor, there must be "unusual circumstances." The A.H. Robins court identified an unusual circumstance as one that "arises when there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." Based on the "unusual circumstances" arising from those individuals' relationships with the debtor, the Fourth Circuit affirmed the lower court's expansion of the stay because "continuation of litigation in [those] civil actions threatened property of [the debtor's] estate, burdened and impeded [its] reorganization effort, contravened the public interest, and rendered any plan of reorganization futile."

81. Therefore, some courts have expanded the automatic stay provision to apply beyond the normal limitations. When determining whether to expand the automatic stay, these courts consider if unusual circumstances exist or if there will be immediate adverse economic consequences due to the bankruptcy proceeding. I have tried to articulate the unusual circumstance of my not being the real party in interest and the immediate adverse economic consequences of diminishing my already meager resources in having to litigate a complex multi-party case while trying to get through a bankruptcy. It is more orderly and efficient for an individual pro se litigant to get through and complete a bankruptcy first and then resume the instance case litigation.

82. I have not yet had an opportunity to lay out my arguments in more detail for why the automatic stay applies to my case but I hope to do so in my appeal briefing.

83. If the state court rules on the motion to dismiss before allowing the appeals court to weigh in on whether the automatic stay is applicable to my case, it would cause irreparable harm to me as the plaintiff. Firstly, it will cause me a lot of expense, time and effort to move to appeal the dismissal. This is time and money I don't have as a financially constrained pro se plaintiff who is still completely the bankruptcy process. To people who have resources, it might be difficult to understand how much of a burden it is on pro se litigants who have to work and take care of

family, especially those who are under-resourced minorities. This time and money I can never get back. Over the past several months, my having to try to keep my case alive and preserve it while completely my bankruptcy while working, while taking of my family while trying to climb out of the setback that led me into bankruptcy, has caused much interruption and adverse effects in my life, in my ability to complete my bankruptcy case, in the draining of the little resources I have (i.e. the administrative burden of having to prepare, copy, serve and file paperwork for multiple defendants carries a significant monthly financial burden for a lone pro se plaintiff as I am not a law office).

84. In the interest of fundamental fairness and justice, it seems that the correct outcome would be for this court to stay the hand of the state court regarding making a decision on the motion to dismiss given the harm that would result. Given that the state court is aware that I have exercised my right to appeal to the first circuit then it would be unfair for the state court to ignore my appeal to the first circuit by proceeding to rule on the motion to dismiss now (particularly if it will be an adverse ruling) without allowing the appeals court to determine if the federal district court made an error in denying the motion to stay and in remanding the case back to state court.

85. I respectfully submit that I should be allowed to obtain appellate review before any decision on the motion to dismiss is rendered. The harm I would incur is irreparable because they cannot be undone on appeal.

86. The irreparable harm to the appellant could be "presumed" because the stay would protect "intangible and unquantifiable interests" which "cannot be compensated by damages." Order at 18 (quoting Ezell v. City of Chicago, 651F.3d 684, 699 (7th Cir. 2011)).

87. Prospect of Irreparable Harm to Moving Party if Stay is Denied: Irreparable harm here is actual and imminent as 5 motions to dismiss hearings will take in two days on Nov 10, 2016. Imminent harm is an important factor in the decision to grant a stay pending appeal. In re Adelphia Commc'ns Corp., 361 B.R. 337, 347 (S.D.N.Y. 2007). Moreover, if my case is dismissed, there are statute of

limitations problems that will prevent me from refiling the case. I will have forever lost the right to bring my case if it is dismissed at this juncture.

88. Also, because of the threat of equitable mootness if my case is dismissed, the requirement of showing some irreparable injury. In re Gen. Motors, 409 B.R. at 31 showed that "the threat of equitable mootness is enough to satisfy the requirement of showing some irreparable injury"); In re Adelphia, 361 B.R. at 347 (emphasis in original) ("Where the denial of a stay pending appeal risks mooting any appeal of significant claims of error, the irreparable harm requirement is satisfied.").

89. I ask for the assistance of the court in using its discretion to simply preserve the status quo in order to avoid the cost, the effort, the threat of mootness, the threat of the permanent loss of rights upon dismissal due to statute of limitations issues, that would occur absent a stay. I ask for mercy from the court to just give me a chance to present my appeal fully to the first circuit and to have the first circuit rule upon the applicability of the automatic stay, before allowing any further event or acts, especially dismissal, to take place in the state court case.

## III. LACK OF IRREPARABLE HARM TO DEFENDANTS

90. Defendants will not be irreparably harmed by a stay pending appeal. The only harm that the Harvard defendants have pointed to is the indignity and stigmatization of the defendants by the mere existence of my complaint being allowed to remain in the legal system. But this is not the type of harm that rises to the level of irreparable injury. See Sampson v. Murray, 415 U.S. 61, 90 (1974). It is well settled that reputational damage, in this kind of context, falls far short of being "irreparable injury". (See Sampson, 415 U.S. at 88, 91-92). The harm defendants have alleged in their declarations is precisely the kind of harm "Sampson" says is insufficient.

91. Moreover, as stated previously, the Harvard defendants could have avoided the situation of having me file this complaint and pursue this matter in court. I sent them a 93A demand letter months before serving them with my complaint and they had ample time to address my concerns but instead they did nothing to resolve the matter. They were put on notice that a lawsuit was coming

and could be avoided by an attempt to settle and resolve the matter as mandated by the 93A

statutes. But again they not only did nothing to resolve the matter but they canceled a meeting with

Dean Lambert that was setup to try to resolve the matter. Beyond that, I had been attempting

informal resolution for years but was ignored or rebuffed. Now that I filed the complaint in court

and the matter is working its way through legal process, they want to whine and complain about the

mere existence of the complaint in the legal system.

92. The defendants "cannot rely on [their] own [in]action[] to create the risk of irreparable injury."

Vantico Holdings, S.A. v. Apollo Management, LP, 247 F.Supp.2d 437, 454 (S.D.N.Y. 2003).

93. If the Harvard defendants now want to insist that delay will cause irreparable harm, it needs to

explain why it never thought it necessary to dispose of this matter via informal means when it had

the chance to do so, why it ignored my 93A demand letter, why it canceled the meeting with me

and Dean Lambert to settle or resolve this matter back in the Spring/Summer of 2015, and why it

allowed my concerns to linger within the school system for several years without taking them

seriously or without addressing them and why it sought to remand the case back to state court,

when leaving it in federal court would have resulted in the case moving more quickly than it did

when it got back to state court.

### IV. PUBLIC INTEREST AND HARM TO THE STATE

94. The purpose of a stay pending appeal is merely to preserve the relative positions of the parties until

appeal can be determined. A stay is necessary to maintain the balance pending appeal, allows a

further decision on the applicability of the automatic stay. The public will be harmed if a stay is not

allowed because the appeal addresses a key issue that pro se bankruptcy litigants may face from

time to time. There is a strong public interest in resolving these questions of law. Moreover, there

is a due process and thus constitutional issue at stake which goes to the interest of the public. It is

only right for the status quo to be maintained during the process of appeal.

95. A stay pending appeal serves the public interest in allowing an orderly appellate process to proceed while these substantial issues are resolved.

96. This Courts should weigh the impact of a stay on the public against the harm to movant from its denial (other courts have found that a sacrifice of the interests of employees, retirees, dealers and suppliers to further appellants' ability to avoid mootness argument to be an intolerable result). Courts also vary in application of these factors – some require a solid showing that each of the four factors has been satisfied, while others place greater weight on a balancing 12 of the hardships. See In re Adelphia, 361 B.R. at 346-47 ("A number of lower courts within the Second Circuit have concluded that the failure of the movant to satisfy any one of the four factors on a motion for a stay pending appeal of a bankruptcy court order 'dooms the motion.' However, the Second Circuit has never articulated such a rigid rule of law. To the contrary, the Second Circuit has consistently treated the inquiry of whether to grant a stay pending appeal as a balancing of factors that must be weighed."); In re Gen. Motors, 409 B.R. at 30 (noting that the Second Circuit has used both the strict standard that all four criteria must be satisfied and balancing test, but assuming the balancing approach to be more appropriate); In re Genesis Health, 367 B.R. at 519 (movant must make a showing of each factor, but none of the factors are determinative and courts must balance all of the factors in decision).

## V. THE BALANCE OF THE EQUITIES FAVORS THE DISTRICT

97. The balance of the equities here favors a stay, which would preserve the status quo and allow for an orderly process of review of the pertinent issues, including appellate review. The fact that this particular legal issue previously has not been addressed squarely by any controlling court militates in favor of a stay pending appeal. See Citizens for Responsibility & Ethics in Wash. v. Cheney, 577 F.Supp.2d 328, 338 (D.D.C. 2008) (preliminary injunction granted where movant presented "a complex issue of first impression"); Ctr. for Int'l Environmental Law, 240 F.Supp.2d at 22–23 (stay warranted, inter alia, where "case presents an issue of first impression"); see also Klayman,

957 F.Supp.2d at 43- -15- 44 (sua sponte staying preliminary injunction pending appeal, in light of, inter alia, "the novelty of the constitutional issues"). The balance of the equities favors the issuance of a stay.

## VI. DOCTRINE OF EXCLUSIVE JURISDICTION (THE DIVESTITURE RULE)

98. The general rule is that "only one tribunal handles a case a time." Apostol v. Gallion, 870 F.2d 1335, 1337 (7th Cir. 1989). A timely-filed notice of appeal immediately acts to transfer jurisdiction from the lower court to the appellate court with regard to any matters involved in the appeal and directs the lower court of jurisdiction to proceed no further with such matters. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); see also Bialac v. Harsh Inv. Corp. (In re Bialac), 694 F.2d 625, 627 (9th Cir. 1982); Nat'l Labor Relations Bd. v. Cincinnati Bronze, Inc., 829 F.2d 585, 588 (6th Cir. 1987); DiCola v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n (In re Prudential Lines, Inc.), 170 B.R. 222, 234 (S.D.N.Y. 1994), appeal dismissed, 59 F.3d 327 (2d Cir. 1995); Venen v. Sweet, 758 F.2d 117, 120 (3d Cir. 1985). These same legal principles apply to appeals of bankruptcy court orders. In re Prudential Lines, 170 B.R. at 243 (citing BANKRUPTCY DESKBOOK, Harvey M. Lebowitz, Practicing Law Institute (1986)); In re Bialac, 694 F.2d at 627; Bryant v. Smith (In re Bryant), 175 B.R. 9, 13 (W.D. Vir. 1994); In re Winimo Realty Corp., 270 B.R. 99, 105 (Bankr. S.D.N.Y. 2001).

99. The divestiture rule is founded upon a concern for ensuring the integrity of the appellate process by prohibiting a lower court from taking any action that interferes with the appeal process or with the jurisdiction of the appellate court. In re Prudential Lines, 170 B.R. at 243; see also Apostol, 870 F.2d at 1337 ("Someone must be in charge of a case; simultaneous proceedings in multiple forums create confusion and duplication of effort; the notice of appeal and the mandate after its resolution avoid these by allocating control between the forums.").

100.     If a stay is not entered on this case, the case and the issues will be split into multiple forums creating confusion and duplication of effort.

101.    The failure to obtain a stay pending appeal may, in certain cases, result in the loss of an

appellant's right to have a lower court's decision reviewed on appeal. Even where an appeal is not

mooted by implementation of an order, a losing party's interest can be adversely affected absent a

stay. For example, absent a stay, the prevailing party is free to execute on a judgment

notwithstanding the pendency of appeal.

## VII. THE COURT IMMEDIATELY SHOULD ISSUE AN ADMINISTRATIVE STAY

102.    The debtor further requests that the bankruptcy court immediately issue an administrative stay

that stays the proceedings in state court while the bankruptcy court reviews whether the automatic

stay should be applied or extended to my case, or otherwise to issue a stay until the First Circuit

decides the issue or makes a substantive ruling on the appeal. Granting an administrative stay

would minimize unnecessary disruption and confusion. If no administrative stay were issued, for

instance, the state court might dismiss the case while this motion to stay is pending before this

Court. If this Court were to not grant the debtor's motion and issue a stay, the plaintiff could suffer

irreparable harm in that the harmless error doctrine could be used to deny him on appeal even if the

First Circuit finds the automatic is applicable to this case.

## VIII. CONCLUSION

103.    Wherefore, I request the following:

   a.    That a temporary stay be allowed until the bankruptcy court reaches a decision regarding
         the applicability of the automatic stay, especially if a hearing is scheduled on this matter.
   b.    That the Court grants this request to apply or extend the automatic stay.
   c.    That Court at least grants a stay until the Chapter 7 trustee is in a position to officially join
         or abandon the case.
   d.    That the Court at least grants a stay until the First Circuit rules on this matter.

WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that
the Court deems just and proper.

Respectfully submitted,

_Andre Bisasor_
Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: November 8, 2016

## CERTIFICATE OF SERVICE

I further certify that on this date, I caused a copy of the foregoing to be served upon each of the following parties:

John J. Aquino by email at jja@andersonaquino.com

William Mekrut, by email

Murphy & Riley P.C.

101 Summer Street

Boston, MA 02110

Joseph P. Dever, Esquire, by email

Riley & Dever, P.C.

Lynnfield Woods Office Park

210 Broadway, Suite 101

Lynnfield, MA 01940-2351

Ken Vedaa, pro se, by email

16970 Highland Cir

Paeonian Springs, VA 20129

Danslav Slavenskoj, pro se, by email

2 Greenough Ave., #8

Boston, MA 02130

Andy Bravo

Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: November 8, 2016