## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
### Eastern Division

| | |
|---|---|
| In re:<br><br>**ANDRE BISASOR,**<br>　　　　　　　　　　**Debtor.** | **Chapter 7**<br>**No. 15-13369-JNF** |

### NOTICE OF INTENT TO ABANDON ALLEGED CLAIMS
### BY CHAPTER 7 TRUSTEE

PLEASE TAKE NOTICE that, pursuant to Section 554(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), Bankruptcy Rule 6007(a) and M.L.B.R. 6007-1, John J. Aquino (the "Trustee"), the duly-appointed Chapter 7 trustee of the estate of Andre Bisasor, the debtor herein (the "Debtor"), intends to abandon the bankruptcy estate's interest in certain alleged tort and contract claims (the "Alleged Claims") on the grounds that the Alleged Claims are of inconsequential benefit and value to the Debtor's estate.

The Alleged Claims arose out of communications and interactions that took place in an online community forum open to students enrolled in the Harvard Extension School. The Alleged Claims include, *inter alia*, causes of action for defamation, bullying, cyber bullying, harassment, race discrimination, violations of 10 U.S.C. §1681 (Title IX), retaliation, breach of contract, violations of M.G.L. ch. 93A (unfair and deceptive business practices, M.G.L. ch. 12 (civil rights violations), civil conspiracy, intentional infliction of emotional distress, violations of FERPA and invasion of privacy. The Alleged Claims are more particularly described in the *Plaintiff's Amended Complaint and Jury Demand* filed in a state court action commenced by the Debtor in Suffolk

County Superior Court, captioned *Bisasor v. Slavenskoj, et al.*, Civil Action No. 14-3606C (the "State Court Action").

Certain defendants in the State Court Action have filed counterclaims against the Debtor. The Trustee has reviewed the factual bases for the Alleged Claims and counterclaims and has concluded that the outcome of the litigation is highly speculative, at best. Moreover, particularly in light of the sheer number of causes of action asserted, as well as the complicated factual predicate underlying many of the Claims, the Trustee has determined that the cost and expense associated with the prosecution of the Alleged Claims and the defense of the counterclaims will likely exceed any recovery. Accordingly, the Trustee believes that the Alleged Claims are of inconsequential value to the Debtor's estate, and abandonment is appropriate pursuant to Section 554(a) of the Bankruptcy Code.

The Trustee will abandon the Alleged Claims unless a creditor or other party in interest files a written objection to the proposed abandonment with the Clerk's Office of the United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, and serves a copy of such objection on the undersigned within fourteen (14) days of the mailing of this notice. Objections not timely filed and served may be deemed waived.

If no objection to this Notice is timely filed, the Trustee will deem the Alleged Claims to be abandoned. If an objection to this Notice is timely filed by a creditor or other party in interest, the Bankruptcy Court will schedule a hearing in connection therewith. In the event a hearing is scheduled in connection with the proposed

abandonment of the Alleged Claims, creditors and other parties in interest will receive notice of such hearing from the undersigned.

          Respectfully submitted,

          JOHN J. AQUINO
          CHAPTER 7 TRUSTEE

          By his counsel,

          /s/ John J. Aquino
          John J. Aquino (BBO #563260)
          ANDERSON AQUINO LLP
          240 Lewis Wharf
          Boston, MA  02110
          617-723-3600
          jja@andersonaquino.com

Dated:   November 9, 2016