UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br><br>Andre Bisasor<br><br>Debtor, | ) REQUEST FOR EXPEDITED DETERMINATION<br>)<br>) REQUEST FOR HEARING<br>) Chapter 7<br>) Case No.: 15-13369<br>) |

## EMERGENCY MOTION FOR RECONSIDERATION OR RENEWED MOTION TO BANKRUPTCY COURT TO APPLY OR EXTEND THE AUTOMATIC STAY TO CIVIL CASE OR TO GRANT A STAY PENDING REVIEW

1. I, Andre Bisasor, the plaintiff-debtor in the above captioned case, hereby submit this motion for reconsideration or renewed motion for application or extension of the automatic stay to my civil action that is currently ongoing in the Suffolk Superior Court of Massachusetts ("state court") and/or to grant a temporary stay until a can be conducted by this Court.

2. Emergency determination is requested because the state proceedings for hearings on motions to dismiss is scheduled later today on Nov. 10, 2016 at 2pm ET. A emergency response prior to 2pm is requested as time is of the essence.

3. A hearing is requested while in the meantime a stay is requested until a hearing can be conducted if possible.

4. [NB: My Counsel, Dmitri Lev, was unable to file this motion due to unavailability but he is aware that I am filing this motion on an emergency basis due to the exigent circumstances involved].

5. Grounds for this request is as follows:

    a. In his notice of abandonment, the trustee made the finding that I have counterclaims asserted against me in the state court action. Based on this, it follows that the automatic stay should apply to the state court action. [NB: If the trustee is claiming that counterclaims were asserted against me, then how can it be that I am not entitled to the automatic stay?].

b. The trustee has indicated that the part of the reason for his abandonment of the claim is that counterclaims have been asserted against me. He has credibly made a legal conclusion, determination and finding which is not only relevant to his assessment of whether to pursue the case but also relevant as to whether the automatic stay applies.

c. It is noteworthy that trustee's statement provided at 3pm yesterday evening stating: *"The Trustee has determined that the Litigation Claim is of inconsequential value to the estate and shall file a notice of abandonment forthwith. Thus, the Trustee does not intend to pursue the Litigation Claim on behalf of the estate."*

d. This statement only dealt with the narrow question as to whether the trustee would abandon the claim, but not the reasons.

e. Then this court made a decision at around 4:30pm yesterday evening, denying the requests for stay and stay pending review/appeal.

f. Then at around 5pm, the trustee issued another statement in his notice of abandonment stating *"Certain defendants in the State Court Action have filed counterclaims against the Debtor. The Trustee has reviewed the factual bases for the Alleged Claims and counterclaims and has concluded that the outcome of the litigation is highly speculative, at best. Moreover, particularly in light of the sheer number of causes of action asserted, as well as the complicated factual predicate underlying many of the Claims, the Trustee has determined that the cost and expense associated with the prosecution of the Alleged Claims and the defense of the counterclaims will likely exceed any recovery."*

g. As this Court is aware, the assertion of a counterclaim against a debtor is a violation of section 362(a) of the automatic stay provisions of the bankruptcy code. If this Court has any questions regarding the trustee legal finding and determination that counterclaims have been asserted against the debtor, then this should be clarified or taken up at a hearing.

    h. Since this court apparently based its decision on the trustee's statement provided at 3pm yesterday (which only dealt with the narrow question as to whether the trustee would abandon the claim, but not the reasons), but then, after this court ruled, the trustee provided a further statement at 5pm that dealt with the reasons including the finding that counterclaims were asserted, then it would be reasonable grounds for the court to reconsider the decision based on the trustee's findings.

6. Wherefore, I request the following:
    a. That a temporary administrative stay be allowed until after the bankruptcy court can conduct a hearing on this matter (especially since the state court motion to dismiss hearing is scheduled for November 10, 2016 at 2pm).
    b. That the Court grants this request to apply or extend the automatic stay.

WHEREFORE, I hereby humbly request this Honorable Court grant my request and/or other relief that the Court deems just and proper.

                                                   Respectfully submitted,
                                                   *Andre Bisasor*
                                                   Plaintiff Andre Bisasor
                                                   119 Drum Hill Rd, #233
                                                   Chelmsford MA 01824
                                                   781-492-5675

Dated: November 10, 2016

## CERTIFICATE OF SERVICE

I certify that on this date, I caused a copy of the foregoing to be served upon each of the following parties:

John J. Aquino by email at jja@andersonaquino.com

William Mekrut, by email
Murphy & Riley P.C.
101 Summer Street
Boston, MA 02110

Joseph P. Dever, Esquire, by email
Riley & Dever, P.C.
Lynnfield Woods Office Park
210 Broadway, Suite 101
Lynnfield, MA 01940-2351

Ken Vedaa, pro se, by email
16970 Highland Cir
Paeonian Springs, VA 20129

Danslav Slavenskoj, pro se, by email
2 Greenough Ave., #8
Boston, MA 02130

Plaintiff Andre Bisasor
119 Drum Hill Rd, #233
Chelmsford MA 01824
781-492-5675

Dated: November 10, 2016