**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**(Eastern Division)**

| | |
|---|---|
| In re:<br><br>**ANDRE BISASOR,**<br>　　　　　　　　　　　　Debtor. | **Chapter 7**<br>**No. 15-13369-JNF** |

**NOTICE OF INTENT TO ABANDON ALLEGED TORT CLAIMS**
**AGAINST NETWORK HEALTH, INC., ET AL.**

PLEASE TAKE NOTICE that, pursuant to Section 554(a) of the United States Bankruptcy Code (the "Bankruptcy Code"), Bankruptcy Rule 6007(a) and M.L.B.R. 6007-1, John J. Aquino (the "Trustee"), the duly-appointed Chapter 7 trustee of the estate of Andre Bisasor, the debtor herein (the "Debtor"), intends to abandon the bankruptcy estate's interest in certain claims for damages due to loss of consortium asserted against Network Health, Inc. ("NHI") and 19 related defendants (the "Alleged Claims") on the grounds that the Alleged Claims are of inconsequential benefit and value to the Debtor's estate.

NHI is a former employer of the Debtor's spouse. The remaining defendants are affiliated entities of NHI, or employees or NHI board members. The Alleged Claims are more particularly described in the *Plaintiff's Complaint and Demand For A Jury Trial* filed in a state court action commenced by the Debtor in Norfolk County Superior Court, captioned *Andre Bisasor v. James Roosevelt, Jr., et al.*, Civil Action No. 15-01394 (the "State Court Action").

The Trustee has reviewed the factual bases for the Alleged Claims and has concluded that the outcome of the litigation is highly speculative, at best. Moreover, the Trustee has determined that the cost and expense associated with the prosecution of the Alleged Claims will likely exceed any recovery. Finally, the Trustee believes that certain

procedural hurdles may well serve to bar any recovery, regardless of the merits of the Alleged Claims. Accordingly, the Trustee believes that the Alleged Claims are of inconsequential value to the Debtor's estate, and abandonment is appropriate pursuant to Section 554(a) of the Bankruptcy Code.

The Trustee will abandon the Alleged Claims unless a creditor or other party in interest files a written objection to the proposed abandonment with the Clerk's Office of the United States Bankruptcy Court, John W. McCormack Post Office and Court House, 5 Post Office Square, Suite 1150, Boston, MA 02109-3945, and serves a copy of such objection on the undersigned within fourteen (14) days of the mailing of this notice. Objections not timely filed and served may be deemed waived.

If no objection to this Notice is timely filed, the Trustee will deem the Alleged Claims to be abandoned. If an objection to this Notice is timely filed by a creditor or other party in interest, the Bankruptcy Court will schedule a hearing in connection therewith. In the event a hearing is scheduled in connection with the proposed abandonment of the Alleged Claims, creditors and other parties in interest will receive notice of such hearing from the undersigned.

    Respectfully submitted,

    JOHN J. AQUINO, CHAPTER 7 TRUSTEE

    By his counsel,

    /s/ John J. Aquino
    John J. Aquino (BBO #563260)
    ANDERSON AQUINO LLP
    240 Lewis Wharf
    Boston, MA  02110
    617-723-3600
    jja@andersonaquino.com

Dated:   March 2, 2017