**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
Eastern Division

| | |
|---|---|
| In re:<br><br>**ANDRE BISASOR,**<br><br>**Debtor.** | Chapter 7<br><br>Case No.: 15-13369-JNF |

**MOTION FOR ENTRY OF ORDER APPROVING AGREEMENT OF SETTLEMENT**

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

John J. Aquino, the duly appoint trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Andre Bisasor (the "Debtor"), hereby moves this Court for the entry of an Order authorizing and approving the a certain *Agreement Of Settlement And Release* (the "Agreement") entered into by the Trustee with Greystar Management Services LP, as agent for RAR2-Jefferson (the "Landlord"), a copy of which is attached hereto as Exhibit A.  In support of this motion, the Trustee respectfully represents as follows:

**Background**

1.  The Debtor filed a petition under Chapter 13 of the U.S. Bankruptcy Code on August 27, 2015 (the "Petition Date").  The Debtor's Chapter 13 case was converted to a case under Chapter 7 of the U.S. Bankruptcy Code on January 6, 2016,  and the Trustee was appointed as Chapter 7 trustee on January 7, 2016.

2.  As of the Petition Date, the Debtor and his non-debtor spouse held claims that they asserted against Landlord purportedly arising out of their tenancy at property operated by Landlord, to wit, Unit 3413, 3000 Presidents Way, Dedham, Massachusetts and Unit 2216, 2000 Presidents Way, Dedham, Massachusetts, including, without

limitation, claims for retaliation, breach of contract, breach of warranty of habitability, intentional infliction of emotional distress, unfair and deceptive business practices, as well as alleged violations of the Fair Debt Collection Practices Act, the Federal Fair Housing Act and Americans With Disabilities Act.

3. Also as of the Petition Date, the Landlord asserted various claims against the Debtor and his non-debtor spouse, including, without limitation, claims for alleged failure to pay rent.

4. As a consequence of the disputes among the Landlord, the Debtor, and the Debtor's spouse, the foregoing parties were engaged in several litigation matters, including, without limitation, the following (collectively, the "Litigation Matters"):

   a) Massachusetts Appeals Court Docket 2015 P 1194;
   b) Massachusetts Appeals Court Docket 2015 P 1193;
   c) Massachusetts Appeals Court Docket 2015 J 0306;
   d) Massachusetts Supreme Judicial Court Docket SJC11942;
   e) Massachusetts Supreme Judicial Court Docket SJ-2015-0347;
   f) Massachusetts Appellate Division Docket 15 ADMS 60010;
   g) Massachusetts Appellate Division Docket 15 ADMS 60011;
   h) Federal District Court (Bankruptcy Appeals) Docket 1:15-cv-13813-LTS and 1:15-cv-13964-LTS;
   i) Federal District Court Docket 1:15-cv-13656-JGD;
   j) Massachusetts Superior Court Norfolk County Docket 1582 CV0019;
   k) Dedham District Court Dockets #1554-SU-0026 & #1554-SU-0028 as well as previously dismissed cases #1554SU000013 & #1254SU000073.

5. The Debtor, the Debtor's non-debtor spouse, and the Landlord engaged in settlement discussions prior to the appointment of the Trustee. Subsequent to his appointment, the Trustee entered into negotiations with the Landlord with respect only to the estate's interest in the Debtor's claims against the Landlord and the Landlord's claims as against the Debtor.

6. As a result of the aforesaid negotiations, the Trustee and Landlord have entered into the Agreement, subject to approval of the Court. Upon information and belief, the Debtor's spouse and the Landlord have entered into a separate agreement relating to the claims between them (the "Non-Estate Agreement").

**Summary of Settlement**

7. The primary terms of the proposed settlement are as follows[1]:

    a. The terms of the Agreement represent a full and final settlement of any and all matters in dispute between the Landlord and the bankruptcy estate arising out of the Debtor's tenancy at both 3000 Presidents Way (# 3413) and 2000 Presidents Way (# 2216), Dedham, Massachusetts, and are subject to Bankruptcy Court approval.

    b. Upon the entry of an order of the U.S. Bankruptcy Court approving the Agreement, Landlord shall pay the amount of Twenty Thousand Dollars ($20,000.00) to the Trustee (the "Settlement Amount") in full and final settlement of the bankruptcy estate's interest in all claims asserted or which could have been asserted by on behalf of the Debtor's bankruptcy estate, including, but not limited to, claims for personal injury alleged by the Debtor.

    c. Upon the entry of an order of the U.S. Bankruptcy Court approving the Agreement and the payment of the Settlement Amount to the Trustee, except for any rights preserved by the Agreement, the Trustee, on behalf of Debtor and the bankruptcy estate, shall be deemed to have released and forever discharged the Landlord, Greystar Management Services LP, RAR2-Jefferson at Dedham Station-MA, Inc., Deutsche Bank AG, RREEF America REIT II, Inc., RREEF America L.L.C., and their past, present and future officers, stockholders, directors, employees, representatives, attorneys, agents, contractors, successors, divisions, parent companies, subsidiaries and affiliates (and past, present and future officers, stockholders, directors, employees, representatives, attorneys of such divisions, companies, subsidiaries and affiliates) (hereinafter referred to as "Landlord Releasees") from any and all suits, claims, demands, interest, costs (including attorney fees and costs actually incurred), expenses, actions and causes of action, rights, liabilities, obligations, promises, agreements, controversies, losses and debts, of any nature whatsoever, against any of them, which Trustee now has, owns or holds, or at any time heretofore ever had, owned or held, or could have, owned or held, whether known or unknown, suspected or unsuspected, from the beginning of the world to this date arising out of any former lease, tenancy, or occupancy of #3413, 3000 Presidents Way, Dedham, Massachusetts and/or

---

[1] The specific terms as set forth in the Agreement shall control in the event of any perceived discrepancy or variance with the summary and description of terms and as set forth herein.

#2216, 2000 Presidents Way, Dedham, Massachusetts, including any alleged failure to remediate any conditions in and around #3413, 3000 Presidents Way, Dedham, Massachusetts and/or #2216, 2000 Presidents Way, Dedham, Massachusetts, any retaliatory or unfair or deceptive practices, any violations of the warranty of habitability or quiet enjoyment, or any other statutory, common law or other claims of any nature whatsoever against any of the Landlord Releasees, including but not limited to M.G.L. c.151B, G.L. c. 186, 42 U.S.C. §3601, et seq., 42 U.S.C. §§1981 and 1982, the State Sanitary Code, the FDCPA, the Consumer Protection Act and the Attorney General's Regulations promulgated thereunder, arising out of any former lease, tenancy, or occupancy of #3413, 3000 Presidents Way, Dedham, Massachusetts and/or #2216, 2000 Presidents Way, Dedham, Massachusetts.

    d.  Upon the entry of an order by the U.S. Bankruptcy Court approving the Agreement, except for rights preserved by the Agreement, all claims of the Landlord against the Debtor and/or the Debtor's bankruptcy estate shall be deemed to have been waived, including, without limitation, any and all rights to recover on any judgments obtained against the Debtor in the Dedham District Court Docket #1554-SU-0026, as well as all claims arising in connection with rent and/or use and occupancy charges or other charges, fees or claims in any manner related to the Debtor's tenancy at 2000 Presidents Way and/or 3000 Presidents Way, Dedham, Massachusetts.

    e.  Upon the entry of an order of the U.S. Bankruptcy Court approving the Agreement and the payment of the Settlement Amount to the Trustee, the Trustee shall assent to the Debtor's dismissal of the estate's claims in the Litigation Matters.  Concomitantly, promptly after the entry of an order of the U.S. Bankruptcy Court approving the Agreement, Landlord shall dismiss all Litigation Matters as against the Debtor and the bankruptcy estate.

8.  The Landlord and Debtor have separately agreed on matters relating to mutual non-disparagement, confidentiality, neutral credit reporting regarding past disputes and litigation; expungement of certain state court litigation pleadings; dismissal of various pre-petition litigation matters; and submission of reports to the Dedham Police Department by Landlord and Debtor reflecting that prior theft and trespass assertions have been resolved.  As such provisions and agreements do not impact the bankruptcy estate directly, they are documented in the separate settlement agreement with the non-

debtor spouse and Debtor, and reflect that such provisions relate equally to the non-debtor spouse and to the Debtor.

### Grounds For Approval

9. Fed. R. Bankr. P. 9019(a) provides, in pertinent part, that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." A settlement should be approved when it is fair, equitable, and in the best interests of the estate. *See Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). The First Circuit Court of Appeals has held that a bankruptcy court should also consider the following factors in determining whether to approve a settlement:

   i.   the probability of success in the litigation being compromised;

   ii.  the difficulties, if any, to be encountered in the matter of collection;

   iii. the complexity of the litigation involved and the expense, inconvenience and delay in pursuing the litigation; and

   iv.  the paramount interest of the creditors and a proper deference to their reasonable views.

*Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir. 1995); *see also Hicks, Muse & Co., Inc. v. Brandt (In re Healthco Int'l, Inc.)*, 136 F.3d 45, 50 (1st Cir. 1998) (suggesting that the Court also consider the experience and competence of the fiduciary proposing the settlement).

10. The Trustee submits that the Agreement readily satisfies these requirements and that the terms of the Agreement are beneficial to the Debtor's estate.

11. In assessing the reasonableness of the terms of the Stipulation, the Trustee has considered the range of results possible in the event of continued litigation as well as the difficulty and expense in continued pursuit of the claims and Litigation Matters. In

5

the circumstances of this case, the Trustee has considered the terms of prospective settlements discussed among the parties prior to the Trustee's appointment, has reviewed the various claims asserted by the parties, has analyzed the evidentiary burdens related to the various claims, and has assessed the likely costs and time entailed in continuation of the Litigation Matters. As the result of such considerations, the Trustee has determined that the terms of the Agreement provides a substantial benefit to the bankruptcy estate, are consistent with the settlement terms apparently acceptable to the Debtor prior to the Trustee's appointment, and avoid the substantial time, expense and uncertainty entailed in the continued litigation of the issues which are the subject of the Litigation Matters. The Trustee submits that the settlement payment to be made to the estate reasonably approximates an acceptable net settlement without exposing the estate to the expense of continued litigation or the prospects of adverse judgments.

12. In light of all of the foregoing, the Trustee submits that the settlement proposed in the Agreement is well with the range of reasonableness for settlement of these claims and should be approved by the Court.

13. The Trustee has caused this motion to be served upon the United States Trustee, all creditors who timely filed claims in this case, counsel for Debtor, and each party that has requested service of pleadings and notices in this case, all as reflected on the service list attached to the Certificate of Service filed herewith.

WHEREFORE, the Trustee respectfully requests that this Court:

1. Enter an Order approving the notice as set forth herein as proper and adequate in the circumstances;

2. Enter an Order approving the Agreement and authorizing the Trustee to take such action as may be reasonably required to consummate the terms of the Agreement as set forth therein; and

3. Grant such other and further relief as may be just and proper.

        JOHN J. AQUINO,
        CHAPTER 7 TRUSTEE,

        By his counsel,

        /s/ Donald F. Farrell, Jr.
        Donald F. Farrell, Jr. (BBO 159580)
        ANDERSON AQUINO LLP
        240 Lewis Wharf
        Boston, MA  02110
        (617) 723-3600
        dff@andersonaquino.com

Dated: July 27, 2017.

# EXHIBIT A

**AGREEMENT OF SETTLEMENT AND RELEASE**

AGREEMENT made and entered into this _____ day of May, 2017 (the "Agreement"), by and between Greystar Management Services LP, as agent for RAR2-Jefferson at Dedham Station MA (hereinafter collectively referred to as "Landlord"), owner of the Jefferson at Dedham Station residential apartment buildings located at 1000, 2000 and 3000 Presidents Way, Dedham, Massachusetts 02026 ("the Premises"), and John J. Aquino (the "Trustee") in his capacity as the duly appointed trustee of the Chapter 7 bankruptcy estate of Andre Bisasor ("Bisasor" or "Debtor").

WHEREAS, the Debtor filed a petition under Chapter 13 of the U.S. Bankruptcy Code on August 27, 2015 (the "Petition Date"); and

WHEREAS, the Debtor's Chapter 13 case was converted to a case under Chapter 7 of the U.S. Bankruptcy Code on January 6, 2016; and

WHEREAS, the Trustee was appointed as Chapter 7 trustee on January 7, 2016; and

WHEREAS, as of the Petition Date, the Debtor and his non-debtor spouse held claims that they asserted against Landlord purportedly arising out of their tenancy at property operated by Landlord, to wit, Unit 3413, 3000 Presidents Way, Dedham, Massachusetts and Unit 2216, 2000 Presidents Way, Dedham, Massachusetts, including, without limitation, claims for retaliation, breach of contract, breach of warranty of habitability, intentional infliction of emotional distress, unfair and deceptive business practices, as well as alleged violations of the Fair Debt Collection Practices Act, the Federal Fair Housing Act and Americans With Disabilities Act; and

WHEREAS, as of the Petition Date, Landlord asserted various claims against the Debtor and his non-debtor spouse, including, without limitation, claims for alleged failure to pay rent; and

WHEREAS, as of the Petition Date, the Debtor and Landlord were engaged in several litigation matters, including, without limitation, the following (collectively, the "Litigation Matters"):

a) Massachusetts Appeals Court Docket 2015 P 1194;
b) Massachusetts Appeals Court Docket 2015 P 1193;
c) Massachusetts Appeals Court Docket 2015 J 0306;
d) Massachusetts Supreme Judicial Court Docket SJC11942;
e) Massachusetts Supreme Judicial Court Docket SJ-2015-0347;
f) Massachusetts Appellate Division Docket 15 ADMS 60010;
g) Massachusetts Appellate Division Docket 15 ADMS 60011;
h) Federal District Court (Bankruptcy Appeals) Docket 1:15-cv-13813-LTS and 1:15-cv-13964-LTS;
i) Federal District Court Docket 1:15-cv-13656-JGD;
j) Massachusetts Superior Court Norfolk County Docket 1582 CV0019;
k) Dedham District Court Dockets #1554-SU-0026 & #1554-SU-0028 as well as previously dismissed cases #1554SU000013 & #1254SU000073; and

1

WHEREAS, the Trustee and Landlord are desirous of resolving all of their claims, including, but not limited to, any and all defenses, claims and counterclaims of the estate as well as any and all matters in dispute between the Landlord and the estate arising out of the Debtor's tenancy at 3000 Presidents Way and 2000 Presidents Way, Dedham, Massachusetts, as well as any claims against Landlord's agents, employees and contractors;

NOW, THEREFORE, in consideration of the mutual promises and covenants herein set forth, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and subject to the approval of the U.S. Bankruptcy Court in all respects, the parties hereto stipulate and agree as follows:

1. The terms of this Agreement represent a full and final settlement of any and all matters in dispute between the Landlord and the bankruptcy estate arising out of the Debtor's tenancy at both 3000 Presidents Way (# 3413) and 2000 Presidents Way (# 2216), Dedham, Massachusetts, and are subject to Bankruptcy Court approval.

2. Upon the entry of an order of the U.S. Bankruptcy Court approving this Agreement, Landlord shall pay the amount of Twenty Thousand Dollars ($20,000.00) to the Trustee (the "Settlement Amount") in full and final settlement of the bankruptcy estate's interest in all claims asserted or which could have been asserted by on behalf of the Debtor's bankruptcy estate, including, but not limited to, claims for personal injury alleged by the Debtor. Upon the execution of this Agreement, Landlord shall deposit the Settlement Amount in escrow with the Trustee pending Bankruptcy Court approval.

3. Upon the entry of an order of the U.S. Bankruptcy Court approving this Agreement and the payment of the Settlement Amount to the Trustee, except for any rights preserved by this Agreement, the Trustee, on behalf of Debtor and the bankruptcy estate, shall be deemed to have released and forever discharged the Landlord, Greystar Management Services LP, RAR2-Jefferson at Dedham Station-MA, Inc., Deutsche Bank AG, RREEF America REIT II, Inc., RREEF America L.L.C., and their past, present and future officers, stockholders, directors, employees, representatives, attorneys, agents, contractors, successors, divisions, parent companies, subsidiaries and affiliates (and past, present and future officers, stockholders, directors, employees, representatives, attorneys of such divisions, companies, subsidiaries and affiliates) (hereinafter referred to as "Landlord Releasees") from any and all suits, claims, demands, interest, costs (including attorney fees and costs actually incurred), expenses, actions and causes of action, rights, liabilities, obligations, promises, agreements, controversies, losses and debts, of any nature whatsoever, against any of them, which Trustee now has, owns or holds, or at any time heretofore ever had, owned or held, or could have, owned or held, whether known or unknown, suspected or unsuspected, from the beginning of the world to this date arising out of any former lease, tenancy, or occupancy of #3413, 3000 Presidents Way, Dedham, Massachusetts and/or #2216, 2000 Presidents Way, Dedham, Massachusetts, including any alleged failure to remediate any conditions in and around #3413, 3000 Presidents Way, Dedham, Massachusetts and/or #2216, 2000 Presidents Way, Dedham, Massachusetts, any retaliatory or unfair or deceptive practices, any violations of the warranty of habitability or quiet enjoyment, or any other statutory, common law or other claims of any nature whatsoever against any of the Landlord Releasees, including but not limited to M.G.L. c.151B, G.L. c. 186, 42 U.S.C. §3601, et seq., 42 U.S.C. §§1981 and 1982, the State Sanitary Code, the FDCPA, the Consumer Protection Act and the Attorney General's Regulations promulgated thereunder, arising out of any former lease, tenancy, or

2

occupancy of #3413, 3000 Presidents Way, Dedham, Massachusetts and/or #2216, 2000 Presidents Way, Dedham, Massachusetts.

    4. Upon the entry of an order by the U.S. Bankruptcy Court approving this Agreement, except for rights preserved by this Agreement, all claims of the Landlord against the Debtor and/or the Debtor's bankruptcy estate shall be deemed to have been waived, including, without limitation, any and all rights to recover on any judgments obtained against the Debtor in the Dedham District Court Docket #1554-SU-0026, as well as all claims arising in connection with rent and/or use and occupancy charges or other charges, fees or claims in any manner related to the Debtor's tenancy at 2000 Presidents Way and/or 3000 Presidents Way, Dedham, Massachusetts.

    5. Upon the entry of an order of the U.S. Bankruptcy Court approving this Agreement and the payment of the Settlement Amount to the Trustee, the Trustee shall assent to the Debtor's dismissal of the estate's claims in the Litigation Matters. Concomitantly, promptly after the entry of an order of the U.S. Bankruptcy Court approving this Agreement, Landlord shall dismiss all Litigation Matters as against the Debtor and the bankruptcy estate.

    6. The parties hereby acknowledge that the Landlord and Debtor have separately agreed on matters relating to mutual non-disparagement, confidentiality, neutral credit reporting regarding past disputes and litigation; expungement of certain state court litigation pleadings; dismissal of various pre-petition litigation matters; and submission of reports to the Dedham Police Department by Landlord and Debtor reflecting that prior theft and trespass assertions have been resolved. As such provisions and agreements do not impact the bankruptcy estate directly, they are documented in the separate settlement agreement with the non-debtor spouse and Debtor, and reflect that such provisions relate equally to the non-debtor spouse and to the Debtor. For the sake of clarity and avoidance of confusion, the Settlement Amount represents the totality of payments to be made on account of claims held by the Debtor and the bankruptcy estate and are not in addition to any amounts previously negotiated by the Debtor on account of his claims prior to conversion of the case and appointment of the Trustee.

    7. The parties agree and acknowledge that the considerations exchanged herein do not constitute and shall not be construed as constituting an admission of liability.

    8. This Agreement may be executed simultaneously in two counterparts, each of which shall be deemed an original, and it shall not be necessary in making proof of this Agreement to produce or account for more than one such counterpart.

    9. Other than as stated herein, the undersigned parties warrant that no representation, promise or inducement has been offered or made to induce any party to enter into this Agreement, and that they have full authority to execute this Agreement subject to Bankruptcy Court approval.

    10. Each party to this Agreement acknowledges that it has had a reasonable opportunity to consult with an attorney prior to executing this Agreement of Settlement and Release. This agreement is effective only when signed by all of the parties and approved by the Bankruptcy

Court.

11. This Agreement shall be governed by the laws of the Commonwealth of Massachusetts, and shall be binding upon and inure to the benefit of the parties and their respective agents, representatives, assigns, heirs, executors, successors and administrators. The Bankruptcy Court shall retain jurisdiction to resolve any dispute that may arise from this Agreement.

EXECUTED this _____ day of May, 2017.

LANDLORD

By:

*E.S.R* (signature)

Edward Fletcher,
Greystar Management Services L.P. as Agent
for RAR@-Jefferson at Dedham Station MA

JOHN J. AQUINO
CHAPTER 7 TRUSTEE

*(signature) as chpt 7 trustee*

John J. Aquino, in his capacity as
Chapter 7 trustee, and not *and not individually*
individually

*7/27/17*