**FORMAL SETTLEMENT AND RELEASE AGREEMENT**

This agreement is entered into by and between David G. Baker, Esq. (hereinafter referred to as "Baker") located at **236 Huntington Ave, Ste 306, Boston 02115**, and Andre Bisasor (hereinafter referred to as "Bisasor") with an address of **119 Drum Hill Rd, Unit #233, Chelmsford MA, 01824**. Each of the foregoing is a "Party," and collectively they are the "Parties".

NOW, THEREFORE, in consideration of the mutual promises and covenants set forth below and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the parties agree as follows:

**Recital of Facts**

A. Baker represented Bisasor as counsel of record in the United States Bankruptcy Court for the District of Massachusetts in a Chapter 13 proceeding entitled In re Andre Bisasor, Docket No. 15-13369. The representation began on September 16, 2015.

B. On January 4, 2016, Baker filed a Motion to Withdraw and an Application for Compensation.

C. Following Baker's withdrawal, the Chapter 13 proceeding was voluntarily converted to one under Chapter 7.

D. In the Application for Compensation, Baker alleged that Bisasor is liable to Baker for unpaid legal fees in the amount of $12,374.57.

E. Bisasor denies the allegations.

F. No fraud or malicious injury by Bisasor was alleged by Baker either in Baker's Motion to Withdraw or Application for Compensation.

G. Subsequent to the filing of Baker's Application for Compensation, Bisasor also filed, pro se, several filings in the bankruptcy court, requesting extension of time to either respond to or object to the Application for Compensation, wherein Bisasor disputed the allegations, in lieu of a formal objection that was to be submitted after appearance of successor counsel.

H. On March 30, 2016, successor counsel entered an appearance on behalf of Bisasor.

I. On May 9, 2016, the Chapter 7 Trustee also objected to Baker's Application for Compensation.

J. On June 27, 2016, Baker commenced an Adversary Proceeding in the United States Bankruptcy Court against Bisasor, entitled Baker v. Bisasor, Docket No. 16-01114, seeking non-dischargeability of the claim for Baker's legal fees, with his non-dischargeability claim including allegations of fraud and malicious injury by Bisasor, based on a statement made by Bisasor in his January 6, 2016 motion for extension of time to object to Baker's application for compensation (that Baker filed on January 4, 2016). As referenced by Baker, the comment made by Bisasor in his Notice of Intent to File a Response to Motion to Withdraw and Objection to Application for Compensation" (docket number 126) stated: "*I never signed the retainer agreement because I objected to it as it did not reflect our verbal agreement, not because of an oversight as he claims – he never presented the written agreement to me until several weeks after he agreed to engage [sic] me as a client*".

K. Bisasor's defense to the above is that the statement made in his January 6, 2016 filing was misunderstood, not taken in proper context and was not intended to mean what Baker ascribed to it; that Bisasor relied on an understanding that there was a flat fee arrangement agreed to verbally by Baker for $3500 at the time of the initiation of the representation; that Bisasor paid $500 to Baker as an upfront retainer and that the remainder of approx. $3000 was to be paid through the Chapter 13 plan; that no written contract was ever executed by the parties stating anything contrary to the verbal agreement described above by Bisasor; that the chapter 13 plan submitted to the court by Baker and signed by Bisasor reflected an intent by Bisasor to pay the remainder; that a first payment of $150 was also made to the Chapter13 trustee to be administered through the chapter 13 plan reflecting further intent by Bisasor to pay the remainder; that there were certain deficiencies in the representation by Baker including those due to the illness and hospitalizations of Baker; that the accuracy and

L.      validity of the billing records is disputed; and that due to a breakdown in communications that later ensued between the parties, the chapter 13 plan was not finalized/approved by the court, and that the conversion to chapter 7 was made in good faith, which then subjected Mr. Baker's remaining fees to discharge; and that ultimately, given all of the foregoing, there was no fraud or malicious injury. Bisasor's defense also includes counterclaims for damages against Baker, the value of which (Bisasor asserts) outweighs any claims for fees that Baker may have against Bisasor.

L.      Prior to the filing of a responsive pleading in the Adversary Proceeding, the Parties agreed to mediate.

M.    Mediation was conducted September 27, 2017.

N.     The parties have reached an agreement set forth herein, including that the fee to be paid to Baker is $2800, and including that there was no fraud or malicious injury and that there was a misunderstanding between them. The parties also acknowledge that, by agreement[1] between Bisasor and the Landlord, there was no eviction of Bisasor, despite what was previously asserted in the adversary proceeding complaint.

**Agreement**

1. The foregoing recitals are an integral part of this Agreement and are mutually acknowledged as true and accurate. No liability or fault is hereby admitted by any party.

2. **Settlement Amount.** Bisasor agrees that Baker is to be paid the total sum of $2,800.00, in full and final satisfaction of Baker's claim for unpaid legal fees, on the terms and schedule set forth below.

3. **Payment schedule.** Bisasor agrees to pay Baker a first installment in the sum of $1,400.00 upon approval by the Court of this Agreement, to be mailed to Baker's office address at 236 Huntington Ave., Ste 306, Boston, MA 02115. Within 7 days of approval by the Court of this agreement, Baker agrees to amend his Application for Administrative Claim (Doc. No. 199) and his Application for Compensation (Doc. No. 119), both currently pending before the United States Bankruptcy Court in Docket No. 15-13369, to reflect that the balance that remains due is $1,400.00 after the receipt of the first installment, and to seek payment of that amount from the Chapter 7 estate of In re Andre Bisasor, Docket No. 15-13369, administered by Trustee John Aquino. If there is an objection by the Chapter 7 Trustee to payment of the remaining $1400 to Baker, Baker shall have the responsibility to address the Trustee's objection. Baker shall ensure a good-faith effort to secure the remaining $1400 from the Chapter 7 estate. To the extent that there are not sufficient funds in the Chapter 7 estate to pay the remaining balance of $1,400.00, Bisasor agrees to pay any deficiency, up to $1,400.00, within 14 days of the Chapter 7 Trustee filing of the Trustee's Final Report (or otherwise within 14 days of the conclusion of any pending litigation resulting from an objection from the Chapter 7 Trustee, if any).

4. **Mutual Releases.** Except for any rights contained or preserved by this Agreement, in consideration of the undertakings, transactions and consideration recited in this Agreement, Baker, on behalf of himself and his agents, attorneys, representatives and assigns, hereby releases and forever discharges Bisasor and his respective agents, servants, employees, representatives, heirs, attorneys, successors, administrators, assigns, and next of kin from any and all actions, causes of action, claims and demands whether presently known or unknown, and whether patent or latent for, upon, or by reason of any damage, loss, injury or suffering in being heretofore or which hereafter may be, sustained by Baker, his agents, attorneys, representatives and assigns, next of kin or any other person or persons having legal interest

---

[1] See attached Exhibit 1- Credit Letter from Landlord.

therein, in connection with the facts, disputes and issues summarized in paragraphs A through N above.

5. **Mutual Releases, Cont.**  Except for any rights contained or preserved by this Agreement, in consideration of the undertakings, transactions and consideration recited in this Agreement, Bisasor, on behalf of himself and his agents, attorneys, representatives and assigns, hereby releases and forever discharges Baker and his respective agents, servants, employees, representatives, heirs, attorneys, successors, administrators, assigns, and next of kin from any and all actions, causes of action, claims and demands whether presently known or unknown, and whether patent or latent for, upon, or by reason of any damage, loss, injury or suffering in being heretofore or which hereafter may be, sustained by Bisasor, his agents, attorneys, representatives and assigns, next of kin or any other person or persons having legal interest therein, in connection with the facts, disputes and issues summarized in paragraphs A through N above.

6. **Resolution of All Claims**. Upon signing this agreement, the parties are released from all or any possible indebtedness, for any reason, known or unknown, from the beginning of time to the date this agreement is approved by the bankruptcy court including but not limited to financial "indebtedness". Both Parties' releases are intended to be a global resolution of all matters between them. This settlement reflects resolution of disputed legal claims but does not represent an actual discharge of indebtedness.

7. **Dismissal of Adversary Proceeding.**  Upon approval of this Agreement by the bankruptcy court, Baker will dismiss the Adversary Proceeding entitled Baker v. Bisasor, Docket No. 16-01114, pending in the United States Bankruptcy Court for the District of Massachusetts, pursuant to Fed. R. Bankr. Pro 7041(a)(1)(A). The stipulation of dismissal will state that the Proceeding is dismissed with prejudice upon the terms and conditions stated in this agreement. The stipulation of dismissal of the proceeding also shall exactly include the following statement: "*the Parties, through discussion and mediation, agree that there was a misunderstanding between them, and that there was no fraud or malicious injury; The Parties also acknowledge that there was no eviction of Bisasor, as a result of a settlement agreement between Bisasor and the Landlord*; and the Parties agree to dismiss all claims with prejudice, neither party admitting fault". The dismissal shall be signed by both Parties and filed within 7 days of the approval by the bankruptcy court of this agreement. No court or administrative agency has made any finding as to the merits of the allegations in the adversary proceeding, and neither party has admitted any allegations by the other party.

8. **Non-disparagement.**  The Parties agree not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame, disparage or in any way criticize the personal or business reputation, practices, or conduct of any other Party, in any fashion, whether in print, on the internet or any website, and verbally. Any such statements made heretofore shall be immediately repudiated by the party that made them. The Parties understand and agree that this Paragraph is a material provision of the Agreement and that any breach of this Paragraph shall be a material breach of this Agreement, and that each Party would be irreparably harmed by violation of this provision. The Parties agree, however, that nothing in this provision shall prevent the Parties from providing truthful testimony in any legal proceeding where such testimony is solicited through a valid legal process by a third party.

9. **Costs**: Each party shall bear their own costs.

10. **Governing Law.**  This agreement is governed by the law of the Commonwealth of Massachusetts and the parties acknowledge that Massachusetts will be the proper venue if

there are any disputes between the Parties that arise out of this Settlement and Release Agreement. Either party shall have the right to enforce their rights under this agreement in a court of applicable jurisdiction.

11. **Enforceability, partial.** If part of this Agreement is held unenforceable or invalid by a court of competent jurisdiction, but the substance and spirit of the Agreement can be carried out without the part held unenforceable or invalid, such judgment shall not affect the enforceability of the other parts of the Agreement.

12. **Good faith, merger.** The Parties agree that the doctrine of the good faith and fair dealing is incorporated into this Agreement, which represents the entire understanding and agreement between them. This Agreement shall be binding upon and inure to the benefit of the parties and their respective agents, representatives, assigns, heirs, executors, successors, administrators and next of kin.

13. **Modification.** This Agreement and any of its terms and conditions may not be modified, amended, or supplemented except by writing executed by an authorized representative of each Party, notwithstanding any prior notice or future oral statement or course of conduct between the parties.

14. **Counsel.** The Parties acknowledge that each has been advised by counsel, or in the case of Baker acted as his own counsel, that no presumption may be drawn from the circumstances of the drafting or revision of this Agreement, that the final Agreement has been thoroughly and carefully reviewed by each Party and counsel in its final form immediately prior to its execution, and that only the Agreement as executed is relevant to its enforcement.

15. **Execution, copies.** This Agreement may be executed in multiple copies, each of which shall be deemed the original, but all of which together shall constitute one and the same instrument.

WHEREFORE, the Parties state that they have carefully read, sought advice upon, understand and agree to each and every term of this Agreement, upon which they set their hand and seal below, as of the date(s) set forth below:

ACKNOWLEDGED & AGREED:

DAVID G. BAKER, ESQ.

/s/ *David G. Baker*

Date:

ACKNOWLEDGED & AGREED:

ANDRE BISASOR

*Andre Bisasor*

Date: 8-6-18

DMITRY LEV, ESQ.,
~~counsel for~~ Andre Bisasor

Date: 8/7/18

# Exhibit 1

## Credit Letter from Landlord

## Showing That There Was No Eviction of Bisasor



28 CHURCH STREET, SUITE TEN
WINCHESTER, MA 01890
T: (781) 756-6600
F: (888) 756-6680

DMA@ASHTON-LAW.COM

August 31, 2017

Re:  Andre Bisasor
     Jefferson at Dedham Station

To Whom It May Concern:

Please be advised that all matters concerning the above referenced tenant and Jefferson at Dedham Station were resolved in an agreement and settled in full. The cases were dismissed with executions recalled and the default judgment requested to be vacated by the Landlord, tenants were not evicted and the balance is zero.

Very truly yours,

Donna M. Ashton