UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Eastern Division

In re:

ANDRE BISASOR,

Debtor.

Chapter 7

Case No.: 15-13369-JNF

RESPONSE OF CHAPTER 7 TRUSTEE TO JOINT
MOTION FOR APPROVAL OF SETTLEMENT

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

John J. Aquino, the duly appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Andre Bisasor (the "Debtor"), hereby responds to the *Joint Motion For Approval Of Settlement* (the "Fee Settlement Motion") seeking approval of an settlement agreement (the "Fee Settlement Agreement") between the Debtor and Debtor's former counsel, David G. Baker ("Former Counsel" or "Baker"), and respectfully states as follows:

1. The Debtor filed a petition under Chapter 13 of the U.S. Bankruptcy Code on August 27, 2015 (the "Petition Date"). The Chapter 13 petition was filed by the Debtor *pro se*.

2. Former Counsel filed an appearance on behalf of the Debtor on September 16, 2015, and commenced representation of the Debtor.

3. Former Counsel's representation of the Debtor apparently ceased in December, 2015, and Former Counsel filed his *Motion To Withdraw As Attorney For Debtor* on January 4, 2016. The Court allowed the request to withdraw on January 5, 2016.

4. The Chapter 13 case was converted by the Debtor to a case under Chapter 7 of the U.S. Bankruptcy Code on January 6, 2016. The Trustee was appointed as Chapter 7 trustee on January 7, 2016.

5. Together with his Motion To Withdraw, Former Counsel filed a fee application seeking allowance of fees and expenses in the aggregate amount of approximately $12,374.57 (the "Fee Application"). Former Counsel also initiated an adversary proceeding (Adv. Pro. No. 16-1114) seeking a determination of the dischargeability of his fee.

6. Former Counsel and the Debtor recently entered into the Fee Settlement Agreement which provides for the payment of fees to Former Counsel in the amount of $2,800.00. Of the foregoing amount, $1,400.00 is to be paid by the Debtor, and $1,400.00 is to be requested from the Chapter 7 estate. In the event that there are insufficient funds in the Chapter 7 estate to pay the requested $1,400.00, the Debtor is obligated to make such payment to Former Counsel. <u>In the event that there is an "objection by the Chapter 7 Trustee to payment of the remaining $1,400 to Baker, Baker shall have the responsibility to address the Trustee's objection. Baker shall ensure a good-faith effort to secure the remaining $1,400 from the Chapter 7 estate."</u>

7. The Trustee does not object to the agreement between Former Counsel and the Debtor that Former Counsel be allowed $2,800.00 on account of the services he purportedly rendered during the preceding Chapter 13 case, however, the Trustee does object to the provision that any funds be paid by the Chapter 7 estate in the circumstances.

8. Former Counsel has previously asserted that he is entitled to an attorney's lien on then prospective settlement proceeds from certain litigation between the Debtor and his former

2

landlord (the "Greystar Settlement")[1]. On May 9, 2016, the Trustee filed his *Objection Of Chapter 7 Trustee To Assertion By Debtor's Former Counsel Of Entitlement To Attorney's Lien* (Doc #186) (the "Lien Objection"). In the Lien Objection, the Trustee averred that the assertion of an attorney's lien by Former Counsel was procedurally ineffective due to the fact that it was not asserted in the respective fee application, but more importantly, the Trustee posited that the assertion of an attorney's lien against estate assets in these circumstances is wholly without merit. Former Counsel did not represent the Debtor pre-petition when the alleged claims accrued and when the subject litigation was instituted. As reflected in the time records filed in conjunction with the Fee Application, Former Counsel did not represent the Debtor in any meaningful manner with respect to the subject claims or litigation on a post-petition basis. Even if it otherwise somehow might be appropriate for a debtor's counsel to assert lien status against estate assets on account of post-petition fees, Former Counsel in this case would not be able to demonstrate entitlement to lien status pursuant to the provision of Mass. Gen. Laws Ch. 221 §50. Former Counsel did not contribute to the collection of the claims against the landlord. Moreover, it was the Trustee and his counsel who ultimately finalized the Greystar Settlement and obtained approval thereof by the Court. It is respectfully submitted that there is no right of a Chapter 11 or Chapter 13 professional to a post-petition priority lien claim against estate assets which would give that professional priority over post-conversion administrative claims, or even over other allowed pre-conversion administrative claims[2].

---

[1] That assertion was first made by Former Counsel in his Objection To Motion For Extension Of Time To Object To Fee Application filed on April 21, 2016 (the "Extension Objection").

[2] In appropriate circumstances, the Court certainly could authorize the grant of a post-petition lien pursuant to 11 U.S.C. §§ 105, 327 or 364, however, no such appropriate circumstances exist in the within case, and no such Court order exists.

9. On May 10, 2016, the Court entered its Order deferring consideration of the Fee Application and lien assertion to such time as the estate had sufficient funds to make the Fee Application relevant for consideration.

10. Since the entry of the Court's May 10 Order, the Trustee and Greystar Management Services, LP ("Greystar") finalized agreement with respect to the terms and structure of a settlement of litigation cross-claims between the Debtor and Greystar (the "Settlement Agreement").  Greystar reached a separate settlement agreement with the Debtor's spouse.

11. The Trustee filed his *Motion For Entry Of Order Approving Settlement Agreement* (the "Settlement Approval Motion") on July 27, 2017.  The Court entered an Order approving the Settlement Agreement on August 29, 2017.

12. Pursuant to the Settlement Agreement, the sum of $20,000.00 was paid to the estate. The Debtor has amended his Schedules to assert an exemption in the settlement proceeds to the extent of $12,725.00.  Thus, at the present time, the estate has approximately $7,000.00 available for payment of estate claims.

13. The Trustee believes that the costs and expenses of the administration of the Chapter 7 case to date alone exceed the amount of funds on-hand.  Thus the Trustee believes that there will be no funds available for distribution beyond Chapter 7 administrative claims, which have priority over pre-conversion administrative claims pursuant to 11 U.S.C. §726(b).

14. To the extent that the Fee Settlement Agreement is conditioned in any way upon the continued pursuit by Former Counsel's of his assertion that he is entitled to lien rights against estate assets which would effectively grant him priority over all other administrative expenses in the bankruptcy case, the relief requested in the Fee Settlement Motion should be denied.

15. A journey down this fantasy lien rabbit hole will only create unwarranted additional expense which the bankruptcy estate has no ability to satisfy. Not only is the assertion wholly without merit, but such a result would be the functional equivalent of allowing the Debtor exemption rights in the settlement proceeds beyond the statutory limit of $12,725.00 which the Debtor has already received.

16. In summary, the Chapter 7 Trustee does not object to the settlement of disputes between the Debtor and Former Counsel for the allowance of a fee claim in the amount of $2,800.00. To the extent that the Fee Settlement Agreement requires, or promotes, continued meritless assertions of lienholder status, or some other super-priority status of his Chapter 13 administrative claims, the Trustee strenuously objects. The parties to the dispute should not be allowed to pursue a perversion of applicable bankruptcy priorities for their benefit and to the detriment of the estate.

WHEREFORE, the Chapter 7 Trustee respectfully prays that the Court:

1. Condition any approval of the terms of the Fee Settlement Agreement upon the specific finding that the agreed fees of $2,800.00 constitute Chapter 13 administrative expenses, not secured by any lien, and subordinate to all Chapter 7 administrative expenses as set forth in the U.S. Bankruptcy Code; and

2. Grant such other and further relief as may be just and proper.

          JOHN J. AQUINO
          CHAPTER 7 TRUSTEE

          By his counsel,

          /s/ Donald F. Farrell, Jr.
          Donald F. Farrell, Jr. (BBO 159580)
          ANDERSON AQUINO LLP
          240 Lewis Wharf
          Boston, MA  02110
          617-723-3600
          dff@andersonaquino.com

Dated: November 26, 2018.