UNITED STATES BANKRUPTCY COURT
EASTERN DIVISION, DISTRICT OF MASSACHUSETTS

| In re: | |
|---|---|
| Andre Bisasor | Chapter 7 |
| Debtor | Case No.   15-13369-JNF |

REPLY TO TRUSTEE'S RESPONSE TO
JOINT MOTION FOR APPROVAL OF SETTLEMENT

NOW COMES David G. Baker, an administrative creditor in the above captioned case, and replies as follows to the trustee's response to the joint motion for approval of a settlement of Baker's adversary proceeding seeking a finding of non-dischargeability as to his administrative claim, and in support of this motion state as follows:

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. The trustee's objection is meritless for the following reasons
8. It is true that footnote two refers to Massachusetts law regarding attorney's liens. The "case" at issue, however, is the bankruptcy case, not the pre-petition litigation. *Cf.* In re Steenstra, 307 BR 732 (1st Cir. 2004). While Steenstra pertained to a levy on funds held by the chapter 13 trustee, the distinction between a levy and a lien seems not to make a substantial difference. In any event, it is not necessary to pursue a lien theory since the debtor has voluntarily (with the advice and assistance of successor counsel and after mediation) agreed to the Settlement.
9. Admitted.
10. Admitted upon information and belief.
11. Admitted upon information and belief.
12. Admitted upon information and belief.
13. I lack knowledge or information sufficient to respond.
14. The Agreement provides that if there are no funds available from the estate (a fact that remains to be seen), then the debtor will pay the balance himself.
15. Leaving aside the unnecessary comment about a "journey down this fantasy lien rabbit hole", the allegation is legal argument that appears to be unsupported by any facts or law. To the extent that the trustee is suggesting that the Settlement implicates a surcharge on the debtor's exemption, that is not permissible and is not what is requested. Law v. Siegel, 134 S. Ct. 1188 (2014). On the other hand, the Bankruptcy Code does not prohibit a debtor from

16. voluntarily paying any debt.  11 USC §524(f).   That is what the debtor is agreeing to do by way of this Agreement.
16. I decline to respond to the trustee's hyperbolic legal argument.
17. FURTHER RESPONDING, as stated above, if the chapter 7 estate is administratively insolvent, as the trustee implies, that does not prevent the court from approving the settlement since if no funds are available from the estate, the balance of the settlement will be paid by the debtor voluntarily.  The trustee does not argue that the Settlement is unreasonable, per se.

WHEREFORE I request that the Settlement be approved.

1 December 2018

Respectfully submitted,
David G. Baker, plaintiff

/s/ *David G. Baker*
David G. Baker, Esq.
236 Huntington Avenue Room 317
Boston, MA  02115
Telephone: (617) 367-4260
BBO# 634889
david@bostonbankruptcy.org

Certificate of Service

The undersigned hereby states upon information and belief that the within Reply was served on the parties named below by the court's CM/ECF system on the date set forth above.

/s/ *David G. Baker*
David G. Baker

- John Aquino  - jja@andersonaquino.com,  jaquino@ecf.epiqsystems.com
- Donna Ashton on behalf of Creditor Greystar Management Services LP as agent for owner RAR2-Jefferson at Dedham Station MA Inc.  - dma@ashton-law.com
- Donald F. Farrell, Jr. on behalf of Trustee John Aquino  - dff@andersonaquino.com
- Michael B. Feinman on behalf of Mediator Michael B. Feinman  - mbf@feinmanlaw.com, kmk@feinmanlaw.com
- John Fitzgerald -  USTPRegion01.BO.ECF@USDOJ.GOV
- Dmitry Lev on behalf of Defendant Andre Bisasor -  dlev@levlaw.net,  ecf-notices@levlaw.net
- John C. Ottenberg on behalf of Creditor Foley Hoag LLP - ottenberg@odllp.com

2