**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
Eastern Division

| | |
|---|---|
| In re: <br><br> ANDRE BISASOR, <br><br> Debtor. | Chapter 7 <br><br> Case No.: 15-13369-JNF |

**FURTHER STATEMENT OF CHAPTER 7 TRUSTEE WITH RESPECT TO**
**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND**
**FEE APPLICATION OF FORMER COUNSEL**

To the Honorable Joan N. Feeney, United States Bankruptcy Judge:

John J. Aquino, the duly appointed trustee (the "Trustee") of the Chapter 7 bankruptcy estate of Andre Bisasor (the "Debtor"), hereby provides this further statement and response to the *Joint Motion For Approval Of Settlement* (the "Fee Settlement Motion") seeking approval of an settlement agreement (the "Fee Settlement Agreement") between the Debtor and Debtor's former counsel, David G. Baker ("Former Counsel" or "Baker"), and respectfully states as follows:

1. Former Counsel and the Debtor recently filed a *Joint Motion For Approval Of Settlement* (the "Approval Motion") pursuant to which the parties requested approval of the Fee Settlement Agreement which provides for the payment of fees to Former Counsel in the amount of $2,800.00 on terms and conditions set forth therein.

2. Former Counsel previously filed a fee application in the amount of $12,374.57 (the "Fee Application") (Doc. No. 119). In conjunction with the Fee Application, Former Counsel asserted entitlement to an attorneys lien on certain estate assets (Doc. No. 182, ¶18). The Trustee

filed an Objection to the assertion of the attorneys lien, and requested that consideration of the fee application be deferred (Doc. No. 186). The Trustee has also filed a Response (Doc. No. 248) to the Approval Motion which reiterates the Trustee's concerns with respect to the fee application of Former Counsel and with certain terms of the Fee Settlement Agreement.

3. The Trustee has conferred with Former Counsel, and Former Counsel has acknowledged that he is no longer pursuing the assertion of an attorneys lien against estate assets, and that any allowed fees would constitute Chapter 13 administrative fees subordinate to Chapter 7 claims.

4. Based upon the foregoing acknowledgments, the Trustee has no objection to allowance of the relief requested in the Approval Motion, and he has no objection to the allowance of fees for Former Counsel in the amount of $2,800.00 as an unsecured Chapter 13 administrative claim subordinate to Chapter 7 administrative claims and subject to the payment provision set forth in the Fee Settlement Agreement[1].

5. The Trustee respectfully submits that the Court may deem the within further statement to constitute a modification or withdrawal of his previously filed objections.

WHEREFORE, the Chapter 7 Trustee respectfully prays that the Court deem his previously filed objections (Doc. Nos. 186 and 248) to be modified or withdrawn consistent with the terms hereof, and that fees be allowed to Former Counsel in the amount of $2,800.00 as an unsecured Chapter 13 administrative claim subordinate to Chapter 7 administrative claims.

---

[1] To wit, of the $2,800.00, the amount of $1,400.00 is to be paid by the Debtor, and the balance of $1,400.00 is to be requested from the Chapter 7 estate. In the event that there are insufficient funds in the Chapter 7 estate to pay the requested $1,400.00 after satisfaction of allowed Chapter 7 expense claims, the Debtor shall be obligated to make such payment to Former Counsel.

2

Respectfully Submitted,

JOHN J. AQUINO
CHAPTER 7 TRUSTEE

By his counsel,

/s/ Donald F. Farrell, Jr.
Donald F. Farrell, Jr. (BBO 159580)
ANDERSON AQUINO LLP
240 Lewis Wharf
Boston, MA  02110
617-723-3600
dff@andersonaquino.com

ACKNOWLEDGED:

/s/ David G. Baker
David G. Baker (BBO # 634889)
236 Huntington Avenue, Ste. 306
Boston, MA 02115
617-340-3680

Dated: December 4, 2018.