UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| In re:<br><br>ANDRE BISASOR,<br><br>Debtor. | Chapter 7<br><br>No. 15-13369-JNF |
|---|---|

### CHAPTER 7 TRUSTEE'S APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pursuant to sections 326 and 330 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, Rule 2016 of the Federal Rules of Bankruptcy Procedure and MLBR 2016-1, John J. Aquino, the Chapter 7 trustee (the "Trustee") of Andre Bisasor, the debtor herein (the "Debtor") hereby submits this application for compensation and reimbursement for expenses for services provided as Chapter 7 trustee. In support of this application, the Trustee respectfully states the following:

### Background

1. On August 27, 2015 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code) in the United States Bankruptcy Court for the District of Massachusetts. On January 6, 2016 (the "Conversion Date"), the Debtor's Chapter 13 case was converted to a case under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed Chapter 7 trustee by the United States Trustee for the District of Massachusetts and the Trustee continues to serve in that capacity.

### Services Rendered

2. On November 17, 2016, the Trustee conducted the initial meeting of the Debtor's creditors (the "341 Meeting"), at which the Debtor appeared with counsel and submitted to an examination under oath by the Trustee. Based upon the information in the Debtor's schedules and Statement of Financial Affairs, as well as his testimony at the 341 Meeting, the Trustee identified

three potential sources of recovery for the estate, all of which related to pre-petition tort and contract claims asserted by the Debtor against nearly 40 individuals, corporations and institutions, as more particularly described below.

3. As of the Petition Date, the Debtor was a litigant in the following proceedings, pending in various Massachusetts state courts as well as the United States District Court for the District of Massachusetts:

A. Defamation/Cyber Bullying/Discrimination Claims

4. The Debtor was the plaintiff in an action commenced in Suffolk County Superior Court styled *Andre Bisasor v Slavenskoj et al.*, Civil Action 14-3606C (the "Suffolk County Action"). In the Suffolk County Action, the Debtor asserted claims against 17 related defendants, including Harvard University, arising out of actions and conduct that allegedly took place while the Debtor was a student at the Harvard University Extension School. The Debtor alleged numerous violations of his rights and other tort and contract claims, including defamation; racial discrimination; harassment; hostile environment based upon religion; violations of Title IX; retaliation; breaches of implied contract and implied covenant of good faith and fair dealing; unfair and deceptive practices in violation of M.G.L. ch. 93A; unjust enrichment; state and federal civil rights violations; civil conspiracy; invasion of privacy; interference with contract and advantageous relations; bullying, cyber bullying, cyber harassment and/or cyber stalking; and intentional infliction of emotional distress (collectively, the "Defamation/Discrimination Claims").

B. Loss of Consortium Claim

5. The Debtor was also the plaintiff in an action commenced in Norfolk County Superior Court styled *Andre Bisasor v Roosevelt, et al.*, Civil Action 15-01394 (the "Norfolk County Action") in which the Debtor asserted claims against his wife's former employer, Network Health, Inc., and 19 related defendants for loss of consortium which resulted from the alleged unlawful termination of the Debtor's wife by her employer (the "Loss of Consortium Claim").

C   Landlord Tenant Dispute

6. As of the Petition Date, the Debtor and his wife were defendants and counter-claimants in several litigation matters involving Greystar Management Services L.P., as agent for RAR2-Jefferson (the "Landlord"), the owner of the residential apartment complex located at Presidents Way, Dedham, Massachusetts (the "Dedham Property"). As of the Petition Date, the matters were pending in multiple judicial departments and venues, including the Massachusetts Appeals Court (Dockets 2015 P 1193, 2015 P 1194 and 2015 J 0306); the Massachusetts Supreme Judicial Court (Docket SJC11942 and Docket SJ-2015-0347); Massachusetts Appellate Division (Docket 15 ADMS 60010 and Docket 15 ADMS 60011); Federal District Court (Bankruptcy Appeals) (Docket 1:15-cv-13813-LTS and 1:15-cv-13964-LTS); Federal District Court (Docket 1:15-cv-13656-JGD); Massachusetts Superior Court Norfolk County (Docket 1582 CV0019); and Dedham District Court (Dockets #1554-SU-0026 & #1554-SU-0028) (collectively, the Landlord-Tenant Matters). The Landlord asserted claims against the Debtor and his non-debtor spouse for alleged non-payment of rent of leased premises at the Dedham Property. In response, the Debtor and his wife asserted affirmative defenses as well as counter-claims against the Landlord for numerous alleged violations, including, without limitation, claims for retaliation, breach of contract, breach of warranty of habitability, intentional infliction of emotional distress, unfair and deceptive business practices, as well as alleged violations of the Fair Debt Collection Practices Act, the Federal Fair Housing Act and Americans With Disabilities Act (collectively, the "Landlord-Tenant Matters").

7. Following the 341 Meeting, the Trustee, with the assistance of his counsel, endeavored to evaluate the likelihood of success of the claims described above. The actions, all of which were filed pro se, were fact-intensive and extensively detailed. By way of example, the complaint in the Suffolk County State Court Action consisted of 366 paragraphs covering 31 single spaced pages. Following a thorough review, the Trustee determined that the

Defamation/Discrimination Claims and the Loss of Consortium Claims were of inconsequential value to the estate. As a result, the Trustee filed *Notices of Intent to Abandon* the claims asserted in the Suffolk County Action and the Norfolk County Action on November 9, 2016 and March 2, 2017, respectively.

8. With respect to the Landlord-Tenant Matters, the Debtor, his non-debtor spouse, and the Landlord engaged in settlement discussions prior to the appointment of the Trustee. Subsequent to his appointment, the Trustee entered into negotiations with the Landlord with respect only to the estate's interest in the Debtor's claims against the Landlord and the Landlord's claims as against the Debtor1. As a result of the aforesaid negotiations, the Trustee and Landlord entered into a settlement agreement, subject to approval of the Court. Under the terms of the agreement, the Landlord agreed to make a payment to the estate in the amount of $20,000 in full and final settlement of all matters arising out the Debtor's tenancy at the Dedham Property, including any claims the Landlord may have had for back rent. The Trustee's counsel memorialized the terms of the compromise by drafting an *Agreement Of Settlement And Release*. Following execution by the parties, the Trustee filed a *Motion For Entry Of Order Approving Agreement Of Settlement* (the "Motion To Approve") with the Bankruptcy Court on July 27, 2017. No objections to the Motion To Approve were received by the Trustee or filed prior to the deadline established by the Court. Accordingly, the Court entered an Order approving the settlement on August 29, 2017. Thereafter, the Landlord delivered the $20,000 settlement payment to the Trustee.

9. In addition to the foregoing, the Trustee monitored a progressively contentious fee dispute between the Debtor and his former counsel. The matter began with a filing by the Debtor of a notice of intent to object to his former counsel's fee application, followed by seven motions to extend the deadline for filing such objection. In response, the debtor's former attorney filed a

---

1 Upon information and belief, the Debtor's spouse and the Landlord entered into a separate agreement relating to the claims between them.

motion to extend the deadline for discharge objections, and subsequently commenced an adversary proceeding in which he sought a determination by the Court that his fees for services rendered in the Chapter 13 case were non-dischargeable. The Trustee filed multiple pleadings for the purpose of clarifying the scope/priority of the estate's responsibility for payment of services rendered by the former counsel during the pendency of the Chapter 13 case.

10.    In addition to the foregoing, following the deadline for filing of proofs of claim in the case, the Trustee reviewed all claims filed and determined that no objections were merited. The Trustee also fulfilled his fiduciary duties by reconciling bank accounts, preparing interim status reports on the Debtor's case for the office of the United States Trustee, and preparing the Final Account Before Distribution, filed herewith.

11.    The Trustee's time charges for his services in this case total 17.20 hours from the Petition Date through the date hereof. Based upon a lodestar calculation, the Trustee's services amount to $5,160.00. The maximum allowable statutory commission pursuant to sections 326 and 330 of the Bankruptcy Code is $1,477.71. The Trustee also seeks reimbursement of out-of-pocket expenses in the amount of $112.08. In accordance with MLBR 2016-1, a detailed itemization and summary of the services provided by the Trustee is attached hereto.

12.    The Trustee submits that the fees and expenses requested herein are reasonable compensation for the services provided to the Debtor's estate. The Trustee has not received any portion of his commission or expenses since the commencement of this case. No payments have been made or promised to the Trustee for services rendered or to be rendered in any capacity in this case. No agreement or understanding exists between the Trustee and any other person for sharing of the compensation received or to be received in this case.

WHEREFORE, the Trustee requests that this application be approved by this Court and that the Trustee be allowed the amount of $1,477.71 as compensation for services rendered and $112.08 for reimbursement of expenses.

JOHN J. AQUINO, CHAPTER 7 TRUSTEE

/s/ John J. Aquino
John J. Aquino
Anderson Aquino LLP
240 Lewis Wharf
Boston, MA 02110
(617) 723-3600
jja@andersonaquino.com

Date:   January 29, 2019

**In re: Andre Bisasor**
**Chapter 7 Case No. 15-13369-JNF**

Itemized List of Services Rendered By Chapter 7 Trustee

Itemized List of Services

| Date | | Description | Rate | Hours | |
|---|---|---|---|---|---|
| 01/08/2016 | JJA | Receive and review petition, schedules, statement of financial affairs (.4); review of numerous pleadings filed in Chapter 13 case in preparation for initial meeting of creditors (.6) | 300.00 | 1.00 | 300.00 |
| 01/11/2016 | JJA | review attorney Baker's fee application and motion to withdraw as counsel; review debtor's notice of intent to object to fee application | 300.00 | 0.40 | 120.00 |
| 01/26/2016 | JJA | receive and review amended schedules filed by debtor | 300.00 | 0.10 | 30.00 |
| 01/28/2016 | JJA | Review email from debtor regarding purported settlement with landlord; also requesting time to obtain successor counsel and postpone 341 meeting | 300.00 | 0.10 | 30.00 |
| 01/29/2016 | JJA | Lengthy telephone call with debtor re Greystar settlement; explain inability of debtor to settle pre-petition causes of action; discuss numerous additional complications including spouse as additional party to settlement, no individual counsel; request copy of draft agreement; discuss debtor and spouse obtaining counsel to navigate bankruptcy and non-bankruptcy issues; receive and review draft settlement agreement from attorney Ashton, counsel for Greystar | 300.00 | 1.00 | 300.00 |
| | JJA | Communications debtor regarding his assertion that draft settlement does not contain additional revisions agreed to by landlord; telephone con attorney Ashton to request clarification; receive follow up email from debtor re; "few additional tweeks" he and spouse would like to make to agreement, in addition to revisions not yet reflected in draft | 300.00 | 0.30 | 90.00 |
| 02/26/2016 | JJA | review email from debtor re revisions to settlement agreement; requesting authority to proceed to settlement; still no luck obtaining successor counsel; request second and final postponement of 341 meeting; | 300.00 | 0.10 | 30.00 |
| 03/25/2016 | JJA | telephone con attorney Lev re filing notice of appearance on behalf of debtor; discuss debtor's fundamental misunderstanding of process, his role vs role of trustee; numerous extraneous matters; explain that settlement has not been finalized due to delays in spouse retaining counsel; set 341 date of 3/29/16 | 300.00 | 0.50 | 150.00 |

In re: Andre Bisasor                                                                      Page No.    2

| Date | | Description | Rate | Hours | |
|---|---|---|---|---|---|
| 03/29/2016 | JJA | Prepare for and conduct initial meeting of creditors and examination of debtor under oath; continue meeting pending receipt and review of document requested | 300.00 | 0.60 | 180.00 |
| 03/30/2016 | JJA | communications attorney Baker re status of 341 meeting; respond to inquiries from attorney Baker re potential assets listed on schedules relation to claims against third parties; also discuss assertion that debtor may seek to exempt full amount of Greystar settlement utilizing 522(d)(5) and (d)(11)(D) | 300.00 | 0.40 | 120.00 |
| 04/25/2016 | JJA | communications attorney Lev re continued 341 meeting; explain that none of the documents requested at 3/29 meting have been provided | 300.00 | 0.20 | 60.00 |
| | JJA | receive and review objection to Baker's fee application filed by debtor | 300.00 | 0.10 | 30.00 |
| 04/28/2016 | JJA | review transcription of 341 meeting | 300.00 | 0.50 | 150.00 |
| 05/06/2016 | JJA | conference DFF re background of case;discuss status of attorney Baker fee app, debtor's objection to same and Baker reply, which includes assertion of attorneys lien; discuss need to object to attorneys lien assertion by attorney Baker | 300.00 | 0.50 | 150.00 |
| 05/09/2016 | JJA | receive and review draft objection to Baker's attorney lien (.2); make revisions to same relating to general dissatisfaction of Baker as expressed by debtor as opposed to landlord matter specifically(.2) | 300.00 | 0.40 | 120.00 |
| 06/06/2016 | JJA | receive and review attorney Baker's response to limited objection to fee application; confer DFF re same | 300.00 | 0.20 | 60.00 |
| 07/29/2016 | JJA | receive and review pleadings filed in state court by co-defendant in Harvard University case; confer with DFF re decision not to pursue claims and whether same should be abandoned | 300.00 | 0.30 | 90.00 |
| 08/30/2016 | JJA | Draft letter to case administrator requesting establishment of bar date for filing of proofs of claim | 300.00 | 0.10 | 30.00 |
| 11/09/2016 | JJA | Office conference w/ DFF regarding complaint filed in state court by debtor alleging numerous violations against multiple defendants; discuss action in connection with same | 300.00 | 0.40 | 120.00 |
| | JJA | Review statement regarding litigation claims of the debtor; confer DFF regarding same and authorize filing | 300.00 | 0.30 | 90.00 |
| 01/12/2017 | JJA | receive and review Urgent Email fro spouse of debtor requesting update and speedy resolution of settlement approval from court; confer DFF re same | 300.00 | 0.30 | 90.00 |

In re: Andre Bisasor                                              Page No.        3

| Date | | Description | Rate | Hours | |
|---|---|---|---|---|---|
| 02/27/2017 | JJA | Communications attorney Lev regarding loss of consortium claim; receive and review complaint filed in Norfolk County Superior Court against 17 defendants; forward same to DFF for review and comment | 300.00 | 0.60 | 180.00 |
| 03/03/2017 | JJA | Review DFF's redraft of Greystar stipulation of settlement; revise to include counterclaims; discuss changes with DFF | 300.00 | 0.50 | 150.00 |
| 05/26/2017 | JJA | Review revisions to landlord agreement negotiated with Greystar counsel and confer DFF regarding same | 300.00 | 0.20 | 60.00 |
| 07/26/2017 | JJA | Receive and review final version of settlement agreement and draft motion to approve stipulation; multiple comments to DFF | 300.00 | 0.50 | 150.00 |
| 07/27/2017 | JJA | Review email thread regarding communications between debtor and counsel for landlord; confer DFF regarding effect of same on settlement | 300.00 | 0.20 | 60.00 |
| 08/30/2017 | JJA | Confer DFF regarding settlement and payment of funds from landlord | 300.00 | 0.10 | 30.00 |
| 08/31/2017 | JJA | Receive settlement funds; attention to opening of the state account; see to depositing of same; update information regarding liquidation of asset in TCMS program | 300.00 | 0.40 | 120.00 |
| 09/27/2017 | JJA | Review Report of Mediation between debtor and attorney Baker | 300.00 | 0.10 | 30.00 |
| | JJA | Communications attorney Lev regarding confirmation of exemption claim and payment of same | 300.00 | 0.10 | 30.00 |
| 10/06/2017 | JJA | Cut check in amount of $12,725 in payment of Bisasor exemption in GreyStar settlement; draft transmittal letter; forward same | 300.00 | 0.20 | 60.00 |
| 10/31/2017 | JJA | Reconcile bank accounts in preparation for annual report on status of cases for filing with US Trustee; review properties, remaining assets, revise TCMS info; prepare report regarding activities performed, list remaining tasks and estimated date of filing of final account per US Trustee requirements | 300.00 | 0.30 | 90.00 |
| 09/24/2018 | JJA | Telephone call with attorney Baker regarding his fee application. Discuss dispute with debtor and pending resolution of adversary proceeding; discuss prior assertion of attorney lien and current analysis regarding sections 330, 503(b) and 507 of the Bankruptcy Code; inform DFF regarding same | 300.00 | 0.20 | 60.00 |
| 10/30/2018 | JJA | Review case file; prepare status update for annual report to US Trustee | 300.00 | 0.30 | 90.00 |
| 11/05/2018 | JJA | Receive and review Joint Motion by attorney Baker and debtor resolving AP attorney fee issue | 300.00 | 0.20 | 60.00 |

In re: Andre Bisasor                                                                                                          Page No.            4

|            |     |                                                                                                                                                                                                                                                            | Rate   | Hours |          |
|------------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------|-------|----------|
| 11/19/2018 | JJA | Confer DFF regarding filing of response to AP settlement to clarify Chapter 7 estate responsibility for unpaid portion of fees; review status of position to date from prior pleadings                                                                     | 300.00 | 0.40  | 120.00   |
| 11/23/2018 | JJA | Confer DFF re Baker fee app status                                                                                                                                                                                                                         | 300.00 | 0.10  | 30.00    |
| 11/26/2018 | JJA | receive and review draft response to join motion by attorney Baker and debtor (.2) discuss same with DFF (.2)                                                                                                                                              | 300.00 | 0.40  | 120.00   |
| 12/28/2018 | JJA | Receive and review amended fee application filed by attorney Baker                                                                                                                                                                                         | 300.00 | 0.10  | 30.00    |
| 01/28/2019 | JJA | Reconcile bank statements; amend properties in TCMS system to reflect full administration of all assets; add claims of professionals to TCMS database; draft Final Account Before Distribution, including all exhibits; prepare for filing with US trustee | 300.00 | 2.00  | 600.00   |
|            | JJA | Draft fee application of Chapter 7 trustee                                                                                                                                                                                                                 | 300.00 | 0.50  | 150.00   |
|            | JJA | Future Services, including revising Final Account Before Distribution, if requested by US Trustee; responding to creditor inquiries pending approval of Final Account; appearance at hearing on Final Account; distributions to creditors; final reconciliations of bank statements; preparation of Final Account After Dist, Form 4 for US Trustee, attend to case closing matters | 300.00 | 2.00  | 600.00   |
|            |     | Sub-Total                                                                                                                                                                                                                                                  |        | 17.20 | 5,160.00 |

Summary By Timekeeper

| Timekeeper    | Hours | Rate     | Total      |
|---------------|-------|----------|------------|
| JJA (trustee) | 17.20 | $300.00  | $5,160.00  |

Balance Due                                                                                                                  $5,160.00

**In re: André Bisasor**

**Chapter 7 Case No. 15-13369-JNF**

Itemized List of Un-Reimbursed Expenses Incurred By Chapter 7 Trustee

Expenses

| Date | Description | Amount |
|---|---|---|
| 03/31/2016 | Lexis Research charges for the time period March 1, 2016 - March 31, 2016. | 20.92 |
| 05/31/2016 | Lexis Research for the period May 1, 2016 through May 31, 2016 | 5.78 |
| 11/09/2016 | Photocopies to serve the Statement of the Trustee and the Notice of Intent to Abandon Alleged Claims by the Chapter 7 Trustee. | 21.15 |
| 11/09/2016 | Postage to serve the Statement of the Trustee and the Notice of Intent to Abandon Alleged Claims by the Chapter 7 Trustee. | 22.32 |
| 07/27/2017 | Photocopies to serve the Chapter 7 Trustees Motion for Entry of Order Approving Stipulation Agreement. | 19.80 |
| 07/27/2017 | Postage to serve the Chapter 7 Trustees Motion for Entry of Order Approving Stipulation Agreement. | 15.40 |
| 07/28/2017 | Photocopies to serve the Notice of Non-evidentiary hearing. | 1.65 |
| 07/28/2017 | Postage to serve the Notice of Non-evidentiary hearing. | 5.06 |
| | Total Expenses | 112.08 |
| | Balance Due | $112.08 |