UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| In re:<br><br>ANDRE BISASOR,<br>                               Debtor. | Chapter 7<br>No. 15-13369-JNF |

APPLICATION FOR COMPENSATION
OF COUNSEL TO CHAPTER 7 TRUSTEE

Pursuant to sections 326 and 330 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, Rule 2016 of the Federal Rules of Bankruptcy Procedure and MLBR 2016-1, Anderson Aquino LLP ("Anderson Aquino"), counsel to John J. Aquino, the Chapter 7 trustee (the "Trustee") of the estate of Andre Bisasor, the debtor herein (the "Debtor"), hereby submits this application for compensation and reimbursement for expenses for services provided as counsel to the Chapter 7 trustee. In support of this application, the Trustee respectfully states the following:

**Background**

1. On August 27, 2015 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code) in the United States Bankruptcy Court for the District of Massachusetts. On January 6, 2016 (the "Conversion Date"), the Debtor's Chapter 13 case was converted to a case under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed Chapter 7 trustee by the United States Trustee for the District of Massachusetts and the Trustee continues to serve in that capacity.

2. On May 6, 2016, the Trustee filed a motion to employ Anderson Aquino as his counsel to assist him in the administration of this case. The motion to employ was approved by this Court by Order dated May 9, 2016. A copy of the Order approving the employment of Anderson Aquino is attached hereto.

## Services Provided

3. As more particularly described below, as of the Petition Date, the Debtor was a litigant in three separate proceedings in federal as well as Massachusetts state courts.

### A. Defamation/Cyber Bullying/Discrimination Claims

The Debtor was the plaintiff in an action commenced in Suffolk County Superior Court styled *Andre Bisasor v Slavenskoj et al.*, Civil Action 14-3606C (the 'Suffolk County Action"). In the Suffolk County Action, the Debtor asserted claims against 17 related defendants, including Harvard University, arising out of actions and conduct that allegedly took place while the Debtor was a student at the Harvard University Extension School. The Debtor alleged numerous violations of his rights and other tort and contract claims, including defamation; racial discrimination; harassment; hostile environment based upon religion; violations of Title IX; retaliation; breaches of implied contract and implied covenant of good faith and fair dealing; unfair and deceptive practices in violation of M.G.L. ch. 93A; unjust enrichment; state and federal civil rights violations; civil conspiracy; invasion of privacy; interference with contract and advantageous relations; bullying, cyber bullying, cyber harassment and/or cyber stalking; and intentional infliction of emotional distress (collectively, the "Defamation/Discrimination Claims").

### B. Loss of Consortium Claim

The Debtor was also the plaintiff in an action commenced in Norfolk County Superior Court styled *Andre Bisasor v Roosevelt, et al.*, Civil Action *15-01394* (the "Norfolk County Action") in which the Debtor asserted claims against his wife's former employer, Network Health, Inc., and 19 related defendants for loss of consortium which resulted from the alleged unlawful termination of the Debtor's wife by her employer (the "Loss of Consortium Claim").

### C Landlord Tenant Dispute

As of the Petition Date, the Debtor and his wife were defendants and counter-claimants in

several litigation matters involving Greystar Management Services L.P., as agent for RAR2-Jefferson (the "Landlord"), the owner of the residential apartment complex located at Presidents Way, Dedham, Massachusetts (the "Dedham Property"). As of the Petition Date, the matters were pending in multiple judicial departments and venues, including the Massachusetts Appeals Court (Dockets 2015 P 1193, 2015 P 1194 and 2015 J 0306); the Massachusetts Supreme Judicial Court (Docket SJC11942 and Docket SJ-2015-0347); Massachusetts Appellate Division (Docket 15 ADMS 60010 and Docket 15 ADMS 60011); Federal District Court (Bankruptcy Appeals) (Docket 1:15-cv-13813-LTS and 1:15-cv-13964-LTS); Federal District Court (Docket 1:15-cv-13656-JGD); Massachusetts Superior Court Norfolk County (Docket 1582 CV0019); and Dedham District Court (Dockets #1554-SU-0026 & #1554-SU-0028) (collectively, the Landlord-Tenant Matters). The Landlord asserted claims against the Debtor and his non-debtor spouse for alleged non-payment of rent of leased premises at the Dedham Property. In response, the Debtor and his wife asserted affirmative defenses as well as counter-claims against the Landlord for numerous alleged violations, including, without limitation, claims for retaliation, breach of contract, breach of warranty of habitability, intentional infliction of emotional distress, unfair and deceptive business practices, as well as alleged violations of the Fair Debt Collection Practices Act, the Federal Fair Housing Act and Americans With Disabilities Act (collectively, the "Landlord-Tenant Matters").

4.   Counsel assisted the Trustee in evaluating the likelihood of success of the foregoing claims. The actions, all of which were filed pro se, were fact-intensive and extensively detailed. By way of example, the complaint in the Suffolk County State Court Action consisted of 366 paragraphs covering 31 single spaced pages. Following a thorough review, Counsel determined that the Defamation/Discrimination Claims and the Loss of Consortium Claims were of inconsequential value to the estate. As a result, Counsel assisted the Trustee by drafting *Notices of Intent to Abandon* the claims asserted in the Suffolk County Action and the Norfolk County Action, which were filed with the Court

on November 9, 2016 and March 2, 2017, respectively.

5. With respect to the Landlord-Tenant Matters, the Debtor, his non-debtor spouse, and the Landlord engaged in settlement discussions prior to the appointment of the Trustee. Subsequent to his appointment, the Trustee entered into negotiations with the Landlord with respect only to the estate's interest in the Debtor's claims against the Landlord and the Landlord's claims as against the Debtor[1]. As a result of the aforesaid negotiations, the Trustee and Landlord entered into a settlement agreement, subject to approval of the Court. Under the terms of the agreement, the Landlord agreed to make a payment to the estate in the amount of $20,000 in full and final settlement of all matters arising out the Debtor's tenancy at the Dedham Property, including any claims the Landlord may have had for back rent. Counsel memorialized the terms of the compromise by drafting an *Agreement Of Settlement And Release*. Following execution by the parties, Counsel drafted a *Motion For Entry Of Order Approving Agreement Of Settlement* (the "Motion To Approve"), which was filed with the Bankruptcy Court on July 27, 2017. No objections to the Motion To Approve were received by the Trustee or filed prior to the deadline established by the Court. Accordingly, the Court entered an Order approving the settlement on August 29, 2017. Thereafter, the Landlord delivered the $20,000 settlement payment to the Trustee.

6. In addition to the foregoing, Anderson Aquino monitored a progressively contentious fee dispute between the Debtor and his former counsel. The matter began with a filing by the Debtor of a notice of intent to object to his former counsel's fee application, followed by seven motions to extend the deadline for filing such objection. In response, the debtor's former attorney filed a motion to extend the deadline for discharge objections, and subsequently commenced an adversary proceeding in which he sought a determination by the Court that his fees for services rendered in the Chapter 13 case were non-dischargeable. Anderson Aquino filed multiple pleadings on behalf of the

---

[1] Upon information and belief, the Debtor's spouse and the Landlord entered into a separate agreement relating to the claims between them.

Trustee for the purpose of clarifying the scope/priority of the estate's responsibility for payment of services rendered by the former counsel during the pendency of the Chapter 13 case. In addition, Anderson Aquino performed the tasks typically required of general counsel in similarly-sized Chapter 7 asset cases, including preparation and filing of application to employ counsel.

7. In performing its duties on behalf of the Trustee and the Debtor's estate, Anderson Aquino expended 29.60 hours of time, for which it seeks compensation in the amount of $10,269.00. Anderson Aquino has not received any portion of its fees since the commencement of this case. In accordance with MLBR 2016-1, a detailed itemization and summary of the services provided by Anderson Aquino to the Trustee is attached hereto. Also attached is a bibliography of each person who provided services to the Trustee.

8. Based upon the foregoing, Anderson Aquino submits that the fees requested herein are reasonable compensation for the services provided to the Debtor's estate. No compensation has been or will be sought for services as an attorney which is properly trustee services. Anderson Aquino has not received any portion of its fees since the commencement of this case. No agreement or understanding exists between Anderson Aquino and any other person for sharing of the compensation received or to be received in this case.

WHEREFORE, Anderson Aquino requests that this application be approved by the Court and that it be granted an allowance of $10,269.00 as compensation for services rendered herein.

ANDERSON AQUINO LLP

/s/ John J. Aquino
John J. Aquino, Esq. (BBO#563260)
Anderson Aquino LLP
240 Lewis Wharf
Boston, MA 02110
(617) 723-3600
jja@andersonaquino.com

Date: January 28, 2019

05/09/2016 Application granted.

*[signature: Joan N. Feeney]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| In re:<br><br>ANDRE BISASOR,<br><br>Debtor. | Chapter 7<br>No. 15-13369-JNF |
|---|---|

### APPLICATION OF CHAPTER 7 TRUSTEE TO EMPLOY COUNSEL

TO THE HONORABLE HONORABLE JOAN N. FEENEY,
UNITED STATES BANKRUPTCY JUDGE

John J. Aquino, the duly appointed Chapter 7 trustee (the "Trustee") of the estate of Andre Bisasor, the debtor herein (the "Debtor"), hereby submits this application for authority to retain the law firm of Anderson Aquino LLP as counsel to the Trustee. In support of this Application, the Trustee respectfully represents as follows:

1. On Aug 27, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C §101 *et seq.* (the "Bankruptcy Code").. On January 6, 2016, the Court entered an Order converting the Debtor's Chapter 13 case to a case under Chapter 7 of the Bankruptcy Code. Thereafter, the Trustee was appointed Chapter 7 Trustee by the United States Trustee for the District of Massachusetts and continues to serve in that capacity.

2. The Trustee hereby applies for authority to employ the law firm of Anderson Aquino LLP as his attorneys under a general retainer for services to be rendered regarding the following:

      (a)    To assist, advise and represent the Trustee in the administration of this case;

      (b)    To assist, advise and represent the Trustee in any investigation of the acts, conduct, assets, liabilities and financial condition of the Debtor, and to direct the activities of accountants and other professionals that are employed by the Trustee;

**In re: Andre Bisasor**

**Chapter 7 Case No. 15-13369-JNF**

Itemized List of Services Rendered By Counsel To Chapter 7 Trustee

## Itemized List of Services

| Date | Atty | Description | Rate | Hours | |
|---|---|---|---|---|---|
| 05/06/2016 | JJA | draft application to employ Anderson Aquino as counsel; draft affidavit of disinterestedness; draft declaration regarding electronic filing; draft certificate of service and attention to filing of motion and exhibits | 300.00 | 0.50 | 150.00 |
| | JJA | review 17 count, 366 paragraph, 62 page single spaced complaint filed by debtor against Harvard University and others for defamation, bullying, cyber bullying, and harassment; interference with business relationships, intentional infliction of emotional distress;, assertions of protected class based upon race and religion, | 300.00 | 1.50 | 450.00 |
| 05/08/2016 | DFF | communications w/JJA re attorney lien statute; assemble documents; review landlord pleadings; review D. Baker fee app and timesheets | 375.00 | 0.50 | 187.50 |
| 05/09/2016 | DFF | conference w/JJA re D. Baker assertion of attorney lien; review background of case | 375.00 | 0.50 | 187.50 |
| | DFF | draft/file objection to D. Baker assertion of attorney's lien (.6); confer JJA re same (.2); make revisions per JJA comments (.3) | 375.00 | 1.10 | 412.50 |
| 08/12/2016 | JJA | receive and review revised settlement agreement with Greystar from attorney Lev; communications attorney Lev re increase in settlement, new uneven split b/w debtor and spouse | 300.00 | 0.40 | 120.00 |
| 09/13/2016 | JJA | email attorney Lev to request counterclaim filed by debtor and spouse against Greystar | 300.00 | 0.10 | 30.00 |
| 09/27/2016 | JJA | settlement discussions attorney Lev | 300.00 | 0.50 | 150.00 |

In re: Andre Bisasor                                                                          Page No.        2

|            |     |                                                                                                  | Rate   | Hours |         |
|------------|-----|--------------------------------------------------------------------------------------------------|--------|-------|---------|
| 10/20/2016 | JJA | receive and review 279 paragraph, 59 page single space answer asserting numerous defenses; also counterclaims for (1) retaliation; (2) violations of Massachusetts Civil Rights Act; (3) discrimination based upon race and disability: 4) Discrimination and harassment based upon disability; (5) breach of warranty of habitability; (6) breach of quiet enjoyment; (7) multiple equitable arguments; (8) violation of security deposit law; (9) violation of sub meter law (10); unjust enrichment; (11) negligence; (12) emotional distress (13) violations of FDCPA; (14) consumer protection violations; (15) breach of contract (16) abuse of process (17) trespass; (18) misrepresentation; (19) violation of Mass civil rights Act; (20) civil conspiracy, (21) interference with contractual relations | 300.00 | 2.00  | 600.00  |
| 11/09/2016 | DFF | conference w/JJA re state court action; review JNF order re report; draft report; file/serve same | 375.00 | 1.50  | 562.50  |
| 11/10/2016 | DFF | review motion to reconsider; review order re same                                                | 375.00 | 0.20  | 75.00   |
| 12/22/2016 | JJA | telephone call with attorney Ashton re settlement of Greystar matter; discuss separation of agreements b/w debtor and non-debtor spouse; discuss timeline for approvals from multiple parties and delays caused by holiday season; (.4); confer DFF re sa,me (.1) | 300.00 | 0.50  | 150.00  |
| 01/06/2017 | JJA | communications debtor (with attorney Lev's consent) regarding his request for abandonment of loss of consortium claim | 300.00 | 0.10  | 30.00   |
| 01/12/2017 | JJA | Lengthy telephone call with debtor regarding state court case in which debtor and non-debtor spouse are co-plaintiffs; discuss purported settlement reached by debtor for $1.00; with wife receiving remainder of all settlement funds; discuss debtor's request that I abandon his claim so that he may provide a release; explain the debtor his authority versus estate authority; telephone call to attorney Lev to inform him of debtor's actions | 300.00 | 0.80  | 240.00  |
| 01/13/2017 | JJA | Follow up Email exchange with attorney Lev regarding purported settlement the state court action and status of landlord settlement requiring bifurcation between resolution of dispute with estate versus settlement with wife; explain that landlord insists upon sticking with original timeline for proactive conditions | 300.00 | 0.30  | 90.00   |
| 01/20/2017 | JJA | Telephone call with Dmitry Lev regarding Greystar and consortium claim settlements; receive and Word document from attorney Lev regarding Greystar agreement as requested | 300.00 | 0.60  | 180.00  |
| 01/31/2017 | DFF | Receive and review draft of landlord agreement; confer JJA regarding need for nearly complete redraft; useful only for essential terms of settlement | 375.00 | 0.50  | 187.50  |
| 02/09/2017 | DFF | work on revision to settlement docs                                                              | 375.00 | 1.00  | 375.00  |

In re: Andre Bisasor                                                                                      Page No.        3

|            |     |                                                                                                                                                                                                                                                                                                         | Rate   | Hours |          |
|------------|-----|---------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|--------|-------|----------|
| 02/13/2017 | DFF | work on revisions to draft settlement agreement                                                                                                                                                                                                                                                                           | 375.00 | 1.50  | 562.50   |
| 02/14/2017 | DFF | revisions to settlement docs                                                                                                                                                                                                                                                                                              | 375.00 | 0.80  | 300.00   |
| 02/21/2017 | DFF | revise settlement agreement; forward to JJA                                                                                                                                                                                                                                                                               | 375.00 | 0.80  | 300.00   |
| 03/02/2017 | JJA | review complaint filed in state court re loss of consortium claims; review notes from 341 meeting and schedule B and addendum to same (.3); draft notice of intent to abandon claims against Network health, Inc et al; attention to filing of same; notify debtor's counsel re same and need for him to file certificate of service (.5); telephone con attorney Ashton re filing and stats of Greystar settlement (.1) | 300.00 | 0.90  | 270.00   |
| 03/06/2017 | DFF | revise and send draft settlement agreement to Donna Ashton                                                                                                                                                                                                                                                                | 375.00 | 0.30  | 112.50   |
| 05/12/2017 | DFF | telephone conversation Donna Ashton (awaiting return call re acceptability of revised draft agreement)                                                                                                                                                                                                                    | 375.00 | 0.30  | 112.50   |
| 05/18/2017 | DFF | communications w/Donna Ashton re status of settlement documents                                                                                                                                                                                                                                                           | 375.00 | 0.30  | 112.50   |
| 05/26/2017 | DFF | redraft language in stipulation at Ashton request; forward same to JJA and Donna Ashton                                                                                                                                                                                                                                   | 375.00 | 0.80  | 300.00   |
| 06/05/2017 | DFF | communications w/ D. Ashton to check on status of execution by Greystar                                                                                                                                                                                                                                                   | 375.00 | 0.10  | 37.50    |
| 07/12/2017 | DFF | follow-up with Donna Ashton re revisions to stip and approval motion; discussion of bankruptcy procedure re approval                                                                                                                                                                                                      | 375.00 | 0.80  | 300.00   |
| 07/26/2017 | DFF | draft 9019 motion; attention to service list; review docket re service issues                                                                                                                                                                                                                                             | 375.00 | 3.10  | 1,162.50 |
|            | GD  | attention to service of motion to approve stipulation                                                                                                                                                                                                                                                                     | 120.00 | 0.40  | 48.00    |
| 07/27/2017 | DFF | finalize and file compromise pleadings; confs w/JJA re same; communications w/Donna Ashton                                                                                                                                                                                                                                | 375.00 | 2.50  | 937.50   |
|            | GD  | Service of notice of hearing and response deadline                                                                                                                                                                                                                                                                        | 120.00 | 0.30  | 36.00    |
| 07/28/2017 | DFF | attention to service of hearing notice                                                                                                                                                                                                                                                                                    | 375.00 | 0.40  | 150.00   |
| 08/18/2017 | DFF | receive/review email from debtor re concerns regarding separate agreements between debtor, wife, landlord, trustee; telephone conversation Donna Ashton to discuss response to Debtor in order to avoid objection to settlement                                                                                           | 375.00 | 0.40  | 150.00   |
| 08/24/2017 | DFF | communications from Debtor; communications w/D. Ashton re settlement payment status                                                                                                                                                                                                                                       | 375.00 | 0.30  | 112.50   |

In re: Andre Bisasor                                                              Page No.        4

|            |     |                                                                                                                        | Rate   | Hours |        |
|------------|-----|------------------------------------------------------------------------------------------------------------------------|--------|-------|--------|
| 08/30/2017 | DFF | confs w/JJA re settlement update; communications and telephone conversation with D. Ashton re settlement payments      | 375.00 | 0.20  | 75.00  |
| 08/31/2017 | DFF | receive/forward settlement check; conference w/JJA re same                                                             | 375.00 | 0.10  | 37.50  |
| 09/28/2017 | DFF | review/respond to email from debtor regarding dismissal of state court actions per stipulation                         | 375.00 | 0.20  | 75.00  |
| 11/25/2018 | DFF | Draft Response of Chapter 7 Trustee To Joint Motion For Approval Of Settlement; forward same to JJA for review and comment | 375.00 | 1.00  | 375.00 |
| 12/01/2018 | DFF | Review reply by attorney Baker to response to joint settlement motion; email exchange with JJA re same                 | 375.00 | 0.30  | 112.50 |
| 12/04/2018 | DFF | Draff further response to motion to approve settlement between debtor and his counsel following clarification of attorney Baker's position | 375.00 | 0.50  | 187.50 |
|            | DFF | Forward draft response to attorney Baker; email exchnage with Mr Baker re same                                         | 375.00 | 0.20  | 75.00  |
| 01/28/2019 | JJA | Draft fee application of counsel to Chapter 7 trustee                                                                  | 300.00 | 0.50  | 150.00 |
|            |     | Sub-Total                                                                                                              |        | 29.60 | 10,269.00 |

Summary By Timekeeper

| Timekeeper | Hours | Rate     | Total      |
|------------|-------|----------|------------|
| JJA (atty) | 8.70  | $300.00  | $2,610.00  |
| DFF        | 20.20 | 375.00   | 7,575.00   |
| GDA Atty   | 0.70  | 120.00   | 84.00      |

Balance Due                                                                                            $10,269.00

## Biographies

**John J. Aquino**, admitted to bar, 1993, Commonwealth of Massachusetts, United States District Court for the District of Massachusetts; State of New York. Education: New York University (B.A., *magna cum laude*, 1989); Columbia University School of Law (J.D., 1992); Harlan Fiske Stone Scholar; Member, Columbia Business Law Review. Practice Areas: Insolvency and Creditors' Rights.

**Donald F. Farrell, Jr.**, admitted to bar 1979, Commonwealth of Massachusetts, United States District Court for the District of Massachusetts; 1980, Court of Appeals for the First Circuit. Education: College of the Holy Cross (A.B., 1976); Suffolk University School of Law (J.D., *cum laude*, 1979). Editor, Suffolk University Law Review. Practice Areas: Corporate Reorganization, Insolvency, and Creditors' Rights.

### Legal Assistant

**Georgeanne D'Agrosa**. Education: State University of New York (B.S., 1977); Pace University (M.B.A. 1984).