# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | § § | |
| Andre Bisasor | § § § | Case No. 15-13369 |
| Debtor | § | |

## AMENDED TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter of the United States Bankruptcy Code was filed on 08/27/2015 . The case was converted to one under Chapter 7 on 01/06/2016 . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 20,002.08 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 216.87 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 12,725.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 7,060.21 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 11/28/2016 and the deadline for filing governmental claims was . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,477.71 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 1,477.71 , for a total compensation of $ 1,477.71 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 112.08 , for total expenses of $ 112.08 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 02/20/2019          By: /s/John J. Aquino, Trustee
                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-13369 | JNF | Judge: | Honorable Joan N. Feeney | Trustee Name: | John J. Aquino, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Andre Bisasor | | | | Date Filed (f) or Converted (c): | 01/06/2016 (c) |
| | | | | | 341(a) Meeting Date: | 03/01/2016 |
| For Period Ending: | 02/20/2019 | | | | Claims Bar Date: | 11/28/2016 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Misc. Household Goods, Furniture, Computer Equipment (Some U | 1,000.00 | 0.00 | | 0.00 | FA |
| 2. Normal & Ordinary Wearing Apparel | 500.00 | 0.00 | | 0.00 | FA |
| 3. Watches, Costume Jewelry | 100.00 | 0.00 | | 0.00 | FA |
| 4. Cash On Hand | 100.00 | 0.00 | | 0.00 | FA |
| 5. Bank Of America | 294.00 | 0.00 | | 0.00 | FA |
| 6. Owner Of 2 Llc And 2 Non-Profit Corps | 0.00 | 0.00 | | 0.00 | FA |
| 7. Security Deposit Given To Greystar Management (For Landlord) | 183.81 | 0.00 | | 0.00 | FA |
| 8. Unregistered Trademark On "Covenant-Based Negotiation" And " | 0.00 | 0.00 | | 0.00 | FA |
| 9. Possible Restitution Of $180K Investment In "Madoff" Type Sc | 0.00 | 0.00 | | 0.00 | FA |
| 10. Claims And Counterclaims;Too Speculative To Value: C. Bisaso | 0.00 | 0.00 | OA | 0.00 | FA |
| 11. A. Claims And Counterclaims Against Greystar, Deutsche Bank | 20,000.00 | 7,275.00 | | 20,002.08 | FA |
| 12. Accounts Receivable | 45,500.00 | 0.00 | | 0.00 | FA |
| 13. Academic Text, Business & Spiritual Books | 1,000.00 | 0.00 | | 0.00 | FA |
| 14. Time Share at 104 Ka'anapali Shores Place, Lahaina, HI 96761 | 100.00 | 0.00 | | 0.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $68,777.81    $7,275.00        $20,002.08    $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

Activities this period:  All assets administered. Tasks remaining:  Awaiting resolution of dispute between debtor and his counsel regarding fees.  Mediator reported matter settled, but no documentation has been submitted to court.  Court has ordered a joint status report to be filed by debtor and his counsel by 11/2/18. Previous estimated TFR date was 7/31/18.

| | | | |
|---|---|---|---|
| RE PROP # | 6 | -- | no value to estate |
| RE PROP # | 7 | -- | no value to estate |
| RE PROP # | 8 | -- | no value to estate |
| RE PROP # | 9 | -- | debtor says no funds were his |
| RE PROP # | 10 | -- | amended to add claims against Lance Learning Group; NHI, CHA, and Olint Olint TCI and David Smith .. None have value to estate |
| RE PROP # | 14 | -- | no liquidation value |

Initial Projected Date of Final Report (TFR): 07/31/2018         Current Projected Date of Final Report (TFR): 06/30/2019

Case 15-13369    Doc 259    Filed 02/21/19    Entered 02/21/19 13:10:06    Desc Main
Document    Page 5 of 11

Page: 1

Exhibit B

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

| Case No: | 15-13369 | Trustee Name: | John J. Aquino, Trustee |
| Case Name: | Andre Bisasor | Bank Name: | Associated Bank |
| | | Account Number/CD#: | XXXXXX5124 |
| | | | Checking |
| Taxpayer ID No: | XX-XXX3708 | Blanket Bond (per case limit): | $0.00 |
| For Period Ending: | 02/20/2019 | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/31/17 | 11 | Citizen's Bank | Full settlement - Greystar | 1142-000 | $20,002.08 | | $20,002.08 |
| 10/06/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $28.77 | $19,973.31 |
| 10/06/17 | 1001 | Andre Bisasor c/o Dimitri Lev, Esq. Law Offices of D. Lev, P.C. 134 Main Street Watertown, MA  02472 | exemption (d) (5) | 8100-002 | | $12,725.00 | $7,248.31 |
| 11/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $29.69 | $7,218.62 |
| 12/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $22.59 | $7,196.03 |
| 01/08/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.70 | $7,185.33 |
| 02/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.68 | $7,174.65 |
| 03/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $7,164.65 |
| 04/06/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.65 | $7,154.00 |
| 05/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.29 | $7,143.71 |
| 06/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.62 | $7,133.09 |
| 07/09/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.26 | $7,122.83 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*    Page Subtotals:    $20,002.08    $12,879.25

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| | |
|---|---|
| Case No: 15-13369 | Trustee Name: John J. Aquino, Trustee |
| Case Name: Andre Bisasor | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX5124 |
| | Checking |
| Taxpayer ID No: XX-XXX3708 | Blanket Bond (per case limit): $0.00 |
| For Period Ending: 02/20/2019 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 08/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.59 | $7,112.24 |
| 09/10/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.57 | $7,101.67 |
| 10/05/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.22 | $7,091.45 |
| 11/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.54 | $7,080.91 |
| 12/07/18 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.19 | $7,070.72 |
| 01/08/19 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.51 | $7,060.21 |

| | | |
|---|---:|---:|
| COLUMN TOTALS | $20,002.08 | $12,941.87 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $20,002.08 | $12,941.87 |
| Less: Payments to Debtors | $0.00 | $12,725.00 |
| Net | $20,002.08 | $216.87 |

Exhibit B

TOTAL OF ALL ACCOUNTS

|  | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5124 - Checking | $20,002.08 | $216.87 | $7,060.21 |
|  | $20,002.08 | $216.87 | $7,060.21 |
|  | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $20,002.08 |
| Total Gross Receipts: | $20,002.08 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-13369
Case Name: Andre Bisasor
Trustee Name: John J. Aquino, Trustee

| | | |
|---|---|---|
| Balance on hand | $ | 7,060.21 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: John J. Aquino | $ 1,477.71 | $ 0.00 | $ 879.76 |
| Trustee Expenses: John J. Aquino | $ 112.08 | $ 0.00 | $ 66.73 |
| Attorney for Trustee Fees: ANDERSON AQUINO LLP | $ 10,269.00 | $ 0.00 | $ 6,113.72 |

| | |
|---|---|
| Total to be paid for chapter 7 administrative expenses | $ 7,060.21 |
| Remaining Balance | $ 0.00 |

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Other Prior Chapter Professional Fees: David G Baker | $ 1,400.00 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid for prior chapter administrative expenses | $ 0.00 |
| Remaining Balance | $ 0.00 |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 7,726.53 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2A | MASSACHUSETTS DEPARTMENT OF REVENUE | $ 7,726.53 | $ 0.00 | $ 0.00 |

Total to be paid to priority creditors                                     $           0.00

Remaining Balance                                                               $           0.00

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 366,652.13 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Cavalry Investments, Llc | $ 799.06 | $ 0.00 | $ 0.00 |
| 2B | MASSACHUSETTS DEPARTMENT OF REVENUE | $ 4,122.13 | $ 0.00 | $ 0.00 |
| 3 | Oral Roberts University | $ 2,529.18 | $ 0.00 | $ 0.00 |
| 4 | Portfolio Recovery Associates, LLC | $ 322.13 | $ 0.00 | $ 0.00 |
| 5 | Portfolio Recovery Associates, LLC | $ 819.09 | $ 0.00 | $ 0.00 |
| 6 | Midland Credit Management Inc As Agent For | $ 2,946.68 | $ 0.00 | $ 0.00 |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 7 | Midland Credit Management Inc As Agent For | $ 1,372.68 | $ 0.00 | $ 0.00 |
| 8 | Midland Credit Management Inc As Agent For | $ 576.68 | $ 0.00 | $ 0.00 |
| 9 | Nstar Electric | $ 1,443.35 | $ 0.00 | $ 0.00 |
| 10 | American Infosource Lp As Agent For | $ 524.76 | $ 0.00 | $ 0.00 |
| 11 | Navient Solutions, Inc. On Behalf Of Dpt Of Ed | $ 348,093.29 | $ 0.00 | $ 0.00 |
| 12 | Capital One, N.A. | $ 1,790.04 | $ 0.00 | $ 0.00 |
| 13 | Portfolio Recovery Associates, LLC | $ 1,313.06 | $ 0.00 | $ 0.00 |
|  | Total to be paid to timely general unsecured creditors |  |  | $ 0.00 |
|  | Remaining Balance |  |  | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

      Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE